IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH BAILEY and          :
JACQUELINE BAILEY,        :
                          :
          Plaintiffs,     :
                          :
          v.              :     Civil Action No._____
                          :
J & B TRUCKING SERVICES,  :
INC.,                     :
                          :
          and             :
                          :
SERGIO ROLANDO SANABRIA,  :
                          :
          Defendants.     :

## PETITION FOR REMOVAL AND NOTICE OF REMOVAL

J & B Trucking Services, Inc., by counsel, Neil J.
MacDonald, Esquire and the law firm of HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP, pursuant to 28 U.S.C. §§ 1441 and 1446,
hereby removes the case of <u>Keith Bailey et al v. J & B Trucking
Services, Inc., et al.</u>, Case No. 2008 CA 001813 V, now pending
in the Superior Court for the District of Columbia - Civil
Division, to the United States District Court for the District
of Columbia.

As grounds for removal, J & B Trucking Services, Inc.
states as follows:

1.    The case of <u>Keith Bailey et al v. J & B Trucking
Services, Inc., et al.</u>, Case No. 2008 CA 001813 V, now pending
in the Superior Court for the District of Columbia - Civil
Division, was filed in that Court on or about February 28, 2008.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

2.    The State court case is a civil action to recover money damages based on allegations of negligence with regard to a vehicular accident which is alleged to have occurred within the District of Columbia on or about January 7, 2006.  The Plaintiffs' allege that they were injured when the subject vehicle was stolen in Maryland, driven into the District of Columbia and made contact with their vehicle.

3.    J & B Trucking Services, Inc. and Sergio Rolando Sanabria are the only defendants in the State court case.

4.    In the State court case, on March 16, 2008, J & B Trucking Services, Inc. was served with a Complaint, Plaintiffs' interrogatories to Defendant and Plaintiffs' request for production of documents to Defendant.

5.    At all times relevant to the State court case, Plaintiffs Keith Bailey and Jacqueline Bailey were and are residents of the District of Columbia.

6.    At all times relevant to the State court case, Defendant J & B Trucking Services, Inc. was and is a Maryland corporation with its principal place of business in Gaithersburg, Maryland.  Defendant J & B Trucking Services, Inc. is not incorporated in the District of Columbia and does not maintain its principal place of business in the District of Columbia.  Pursuant to Local Rule 7.1, J & B Trucking Services



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

Inc.'s Disclosure of Corporate Affiliations and Financial Interests is attached as Exhibit "A."

7.    The State court case is within the original jurisdiction of the United States District Court for the District of Columbia by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.

8.    The amount in controversy in the State court case, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000). Plaintiffs' ad damnum in the State court case is Four Million Dollars ($4,000,000).

9.    Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "B" are true and legible copies of all process, pleadings, documents and orders which have been served upon Defendant J & B Trucking Services, Inc. These documents are the Complaint, Plaintiffs' interrogatories to Defendants, Plaintiffs' document requests to Defendants.

WHEREFORE, J & B Trucking Services, Inc. respectfully prays that the case of <u>Keith Bailey et al v. J & B Trucking Services, Inc., et al.</u>, Case No. 2008 CA 001813 V, now pending in the Superior Court for the District of Columbia - Civil Division, be removed to the United States District Court for the District of Columbia.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-3-

Respectfully Submitted,

HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP


Neil J. MacDonald, #433699
11720 Beltsville Drive
Suite 500
Beltsville, Maryland 20705
Telephone:  (301) 486-1200
Facsimile:  (301) 486-0935



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

-4-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY and state that on this __14__ day of

__April__ , 2008, I have served this document as required by

Federal Rule of Civil Procedure 5(a) by serving this document by

first class U.S. mail to:

> Steven VanGrack, Esquire
> Edward L. Norwind, Esquire
> Murray D. Scheel, Esquire
> KARP, FROSH, LAPIDUS,
> WIGODSKY & NORWIND, P.A.
> 2273 Research Boulevard
> Suite 200
> Rockville, Maryland  20850

_____
Neil J. MacDonald, Esq.

E:\NJM\Bailey v. J & B Trucking et al\Petion for Rem. 4.11.08.wpd



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

_____

5924 North 15th Street
Arlington, Virginia 22205

-5-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH BAILEY and          :
JACQUELINE BAILEY,        :
                          :
        Plaintiffs,       :
                          :
        v.                :     Civil Action No._____
                          :
J & B TRUCKING SERVICES,  :
INC.,                     :
                          :
        and               :
                          :
SERGIO ROLANDO SANABRIA,  :
                          :
        Defendants.       :

### DEFENDANT J & B TRUCKING SERVICES, INC.'S DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS

Certificate required by LcvR 7.1 of the Local Rules of the United States District Court for the District of Columbia:

I, the undersigned counsel of record for J & B Trucking Services, Inc., certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of J & B Trucking Services, Inc. which have any outstanding securities in the hands of the public.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

J & B Trucking Services, Inc. has no such parent companies, subsidiaries or affiliates which have any outstanding securities in the hands of the public.

These representations are made in order that the judges of this court may determine the need for recusal.



EXHIBIT

A

Neil J. MacDonald, Esq., Attorney of Record for J & B Trucking

Services, Inc.

                              J & B TRUCKING SERVICE, INC.
                              By Counsel:


HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP


Neil J. MacDonald, #433699
11720 Beltsville Drive
Suite 500
Beltsville, Maryland 20705
Telephone:   (301) 486-1200
Facsimile:   (301) 486-0935



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

KEITH BAILEY                                    )
and JACQUELINE BAILEY                           )
4837 12ᵗʰ Street, NE                             )
Washington, DC  20017                           )
                                                )
                        Plaintiffs,             )
                                                )
        v.                                      )        Civil Action No:_____
                                                )
J & B TRUCKING SERVICES, INC.                   )
8622 Watershed Court                            )
Gaithersburg, MD  20877,                        )
                                                )
SERVE:      Jose B. Lainez                      )
            8622 Watershed Court                )
            Gaithersburg, MD 20877              )
            [Registered Agent]                  )
                                                )
        and                                     )
                                                )
SERGIO ROLANDO SANABRIA                         )
535 Summit Hall Road                            )
Gaithersburg, MD  20877                         )
                                                )
                        Defendants.             )

RECEIVED
Civil Clerk's Office
FEB 2 8 2008
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

### I.      NATURE AND SUMMARY OF THE ACTION

COME NOW the Plaintiffs, Keith Bailey and Jacqueline Bailey, by and through

their attorneys, Edward L. Norwind, Esquire, Steven VanGrack, Esquire, Murray D.

Scheel, Esquire, and the law firm of Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A.,

and hereby file this action against the above named Defendants.  The action arises out of

the negligent conduct of J&B Trucking Services, Inc., by and through its agent and

1



EXHIBIT
B

employee, Sergio Rolando Sanabria, a commercial vehicle driver who, during the performance of his duties as driver of a large moving truck belonging to J&B Trucking, left the vehicle unattended and running outside his home in Maryland. During that time, Onorio T. Cifuentes stole the truck, drove it into the District of Columbia, and crashed it in the District into Plaintiff Keith Bailey's vehicle, directly and proximately causing serious and permanent injuries to Mr. Bailey.

Plaintiffs Keith Bailey and Jacqueline Bailey, through their undersigned counsel, hereby allege the following:

## II.    JURISDICTION, PARTIES, AND FORUM

1.    This Court has jurisdiction over this matter pursuant to D.C. Code § 11-921(a)(6) (2001).

2.    Upon information and belief, Defendant J&B Trucking Services, Inc., is a corporation organized and existing under the laws of Maryland with its principal place of business in Gaithersburg, Maryland.

3.    Upon information and belief, Defendant Sergio Rolando Sanabria has been a resident of the state of Maryland in Hyattsville at all material times.

4.    Upon further information and belief, Defendant J&B Trucking Services, Inc., has at all material times conducted its business, in part, by regularly driving in and through the District of Columbia, making contracts to deliver goods to District residents, and making regular deliveries in the District, and has other regular and substantial contact with the District of Columbia. In this instant case, it also caused injury in the District through the negligence of its agent or employee Sergio Rolando Sanabria outside the

District.

5.     Upon further information and belief, Defendant Sergio Rolando Sanabria, as an employee or agent of Defendant J&B Trucking Services, Inc., has at all material times regularly driven in and through the District of Columbia and has made regular deliveries in the District in the course of his employment or agency, and has had other substantial contacts with the District of Columbia.  Further, in this instant case he caused severe injury and damages in the District because of his negligence outside the District.

6.     This Court therefore has personal jurisdiction over Defendants J&B Trucking Services, Inc., and Sergio Rolando Sanabria, pursuant to D.C. Code Sec. 13-423(a)(1), (2), and (4) (2001), because, at all times relevant through to the present, they have regularly transacted business and have contracted to supply services in the District, and in this instant case caused tortious injury in the District by an act or omission outside the District, and have had other substantial contacts with the District.

7.     Plaintiffs Keith Bailey and Jacqueline Bailey have been residents of the District of Columbia at all times material to this case.

8.     Many of the acts alleged in this Complaint arose in the District of Columbia, including the violent collision, the resulting injuries and damages to residents of the District of Columbia, and the ongoing related medical treatment of Plaintiff Keith Bailey.

9.     The related criminal action of *United States v. Onorio T. Cifuentes* (Case No. F-155-06) has been finally adjudicated in this Court's Criminal Division.

10.     Application of the District of Columbia's law is appropriate due to the District of Columbia's prevailing governmental interest in this case, arising, in part, out of

the dangerous and tortious nature of the Defendants' alleged conduct, and the resulting serious injuries and damages occurring in the District to District residents.

11.    For the forgoing reasons, this Court is the proper and convenient forum for this action.

### III.    FACTUAL ALLEGATIONS

12.    On January 7, 2006, Defendant Sergio Rolando Sanabria was the agent or employee of J&B Trucking Services, Inc., acting within the scope of his employment or agency and with the permission of Defendant J & B Trucking Services, Inc.

13.    Upon information and belief, at approximately 4:00 a.m., the same date, Mr. Sanabria was at his home on the 1600 block of Queens Chapel Road in Hyattsville, Maryland, preparing to begin his delivery route for J&B Trucking Services, Inc.  For purposes of making those deliveries, he was in possession of a white Isuzu box truck (Maryland license plate number 83L092), owned by J&B Trucking Services, Inc.

14.    At around the same time and date, upon information and belief, Mr. Sanabria entered the truck in question, started the ignition, then exited the truck while it warmed up and went back inside his home, leaving the vehicle running while unattended, with the keys in the ignition.

15.    It was reasonably foreseeable that the truck could and would be stolen under such circumstances.

16.    While Mr. Sanabria was in his home, Onorio T. Cifunetes stole the truck, and fled from the scene at a high rate of speed into the District of Columbia, westbound on Michigan Avenue, N.E.

17.    When Mr. Sanabria came back later to where he had left the truck, he found

that the truck had been taken.

18.    Subsequently, Mr. Cifuentes, while still operating the Defendants' vehicle, approached the intersection of Michigan Avenue and Dakota Avenue, N.E., in the District of Columbia.

19.    At about the same time and place, Plaintiff Keith Bailey was lawfully crossing the same intersection in his 1992 Dodge pickup truck. As he did so, Mr. Cifuentes unlawfully passed a solid red stop light and struck Mr. Bailey's vehicle, then went over the curb, flipped over, and came to rest lying on the passenger side of the stolen truck, on the sidewalk along Michigan Avenue.

20.    Plaintiff Keith Bailey was seriously injured, unconscious and unresponsive, with a Glasgow Coma Scale of 15, when emergency personnel arrived on the scene. He was transported in critical condition to Washington Hospital Center MedSTAR Unit – Surgical Critical Care Services, at which time he came under the care of Dr. Bikram Paul.

21.    Mr. Bailey's injuries were extensive, including, but not limited to: a severe pneumocephaly (closed depressed skull fracture); multiple mid-face fractures, including a left zygomatic complex (ZMC) fracture; a left temporal bone fracture; a left orbital medial floor and lateral fracture; a right zygomatic temporal junction fracture; a five-centimeter laceration above the left eye, including a laceration to his eyelid; a periorbital edema with chemosis of the left eye; a five-centimeter laceration to his right knee; bleeding out of his right ear canal; multiple brain contusions; and micro hemorrhages.

22.    Plaintiff Bailey's left eye lacerations were surgically repaired upon arrival. In addition, Plaintiff Bailey underwent a cognitive evaluation which revealed serious cognitive injuries, including difficulty with long and short-term memory, problem solving,

and basic motor skills, along with weakness in verbal memory and conceptual fluency, headaches, dizziness and disorientation.

## IV.    COUNT ONE

### (Motor Vehicle Negligence)

23.    The allegations of Paragraphs 1 through 22 of this Complaint are by reference incorporated herein as allegations of this Count.

24.    At all relevant times, Defendants J&B Trucking Services, Inc., and Sergio Rolando Sanabria owed a continuing duty to other motorists, and to Plaintiff Keith Bailey specifically, to exercise ordinary care in maintaining and operating the vehicle in their custody and control in a lawful and responsible manner such that it did not present an unreasonable risk to other vehicles and drivers on the roads.

25.    Defendants Sergio Rolando Sanabria and J&B Trucking Services, Inc., through its agent or employee Sergio Rolando Sanabria, breached their duty to Plaintiff Keith Bailey by:

    a.    Failing to turn off the engine of the vehicle;

    b.    Failing to remove the keys from the vehicle;

    c.    Failing to maintain custody and control of the vehicle during the period of time while the vehicle was warming up;

    d.    Failing to foresee that the truck could be stolen under the circumstances;

    e.    Failing to take the steps a reasonably prudent person in the same or similar circumstances would have taken to secure the vehicle and protect against its theft;

6

    f.     Failing to park the vehicle in a secure location;

    g.    Failing to obey the rules and regulations of the State of Maryland and the District of Columbia, then and there in full force and effect;

    j.    Defendants J&B Trucking Services, Inc. and Sergio Rolando Sanabria were negligent in other ways.

26.    As a direct and proximate result of the aforementioned negligent acts and omissions of Defendants J&B Trucking Services, Inc., and Sergio Rolando Sanabria, Plaintiff Keith Bailey sustained serious and permanent injuries and damages, has and will in the future incur medical, hospital, and therapy expenses; has suffered and in the future will suffer permanent pain of the body and mind; has lost and will in the future lose, earnings and earning capacity; and has suffered and will in the future suffer other losses and damages.

WHEREFORE, the Plaintiff, Keith Bailey, demands judgment against Defendants J&B Trucking Services, Inc., and Sergio Rolando Sanabria, jointly and severally, in the sum of Three Million Dollars ($3,000,000.00), plus interest and costs, and such other and further relief as the nature of this cause may require and which this Honorable Court deems just and proper.

## V.    COUNT TWO

### (Loss of Consortium)

27.    The allegations of Paragraphs 1 through 26 of this Complaint are incorporated herein by reference as allegations of this Count.

28.    At all relevant times, Plaintiffs Keith Bailey and Jacqueline Bailey were married and maintained a household together in the District of Columbia.

7

29.     As a direct result of the aforesaid negligence, the Plaintiffs have suffered, and in the future will suffer, damage to their marital relationship including loss of consortium, companionship, assistance and services.

WHEREFORE, Plaintiffs Keith Bailey and Jacqueline Bailey demand judgment against Defendants J&B Trucking Services, Inc., and Sergio Rolando Sanabria, jointly and severally, in the amount of One Million Dollars ($1,000,000.00) plus interest and costs, and such other and further relief as the nature of this cause may require and which this Honorable Court deems just and proper.

Respectfully submitted,

KARP, FROSH, LAPIDUS, WIGODSKY
& NORWIND, P.A.

Steven VanGrack, Esquire, Bar No. 223339
SVangrack@karpfrosh.com

Edward L. Norwind, Esquire, Bar No. 936393
LNorwind@karpfrosh.com

Murray D. Scheel, Esquire, Bar No. 490012
MScheel@karpfrosh.com

2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
(301) 948-3800

*Attorneys for Plaintiffs,*
*Keith Bailey and Jacqueline Bailey*

## DEMAND FOR JURY TRIAL

The Plaintiffs demand a trial by jury on all issues so triable.

Steven VanGrack, Esquire

8

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |  |
|---|---|---|
| KEITH BAILEY<br>and JACQUELINE BAILEY | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 2008 CA 001813 V |
| | ) | |
| J & B TRUCKING SERVICES, INC., *et al.* | ) | |
| | ) | |
| *Defendants.* | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE REGARDING DISCOVERY

**I HEREBY CERTIFY** that a copy of the Plaintiffs' Request for Production of

Documents to Defendant J & B Trucking Services, Inc., and this Certificate were attached to

the Summons, the Complaint and the Initial Order for service upon the Defendant

simultaneously therewith and that I will retain the original of these documents in my

possession, without alteration, until the case is concluded in this Court, the time for noting

an appeal or petitioning for a writ of certiorari has expired, and any appeal or petition noted

has been decided.

Respectfully submitted,

KARP FROSH, LAPIDUS, WIGODSKY
& NORWIND, P.A.

_____
Steven VanGrack, Esquire
Edward L. Norwind, Esquire
Murray D. Scheel, Esquire
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
301-948-3800 (phone)
Attorneys for Plaintiffs, Keith Bailey and
Jacqueline Bailey

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| KEITH BAILEY<br>and JACQUELINE BAILEY | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  Civil Action No. 2008 CA 001813 V<br>) |
| J & B TRUCKING SERVICES, INC., *et al.* | )<br>) |
| Defendants. | )<br>) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT J & B TRUCKING SERVICES, INC.

**TO:**      J & B Trucking Services, Inc.
             8622 Watershed Court
             Gaithersburg, MD 20877,

             **SERVE:** Jose B. Lainez
             8622 Watershed Court
             Gaithersburg, MD 20877
             [Registered Agent]

**FROM:**    Keith Bailey and Jacqueline Bailey, Plaintiffs
             c/o Steven VanGrack, Esquire
             Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A.
             2273 Research Boulevard, Suite 200
             Rockville, Maryland 20850

Pursuant to Rule 34 of the D.C. Superior Court Rules of Civil Procedure, you are

requested to file within 45 days a written response to each request and produce these

documents for inspection and copying at the office of KARP, FROSH, LAPIDUS,

WIGODSKY, & NORWIND, P.A., 2273 Research Boulevard, Suite 200, Rockville,

Maryland 20850.

## Definitions and Instructions

     (a)     These requests are continuing in character. You are thus required to produce for inspection and copying any documents not previously produced which you may from time to time obtain, locate, identify, or acquire the ability to produce.

     (b)     As used herein, the term "documents" means "writings," "recordings," and "photographs," as those terms are defined by the rules of evidence, and any other items whatsoever containing writings, drawings, pictures or images.

     (c)     As used herein, a document "relating to" a given subject matter means a document that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to that subject matter.

     (d)     As used herein, the term "occurrence" shall mean the incident complained of in plaintiff's complaint, i.e., the theft and accident of January 1, 2006.

## IMPORTANT NOTICE REGARDING PRIVILEGES

Should a claim be made that any requested document is not subject to discovery by reason of privilege or otherwise, you are to describe each such document by date, author(s), addressee(s), recipient(s), title, subject matter, purpose, and present custodian, and set forth the nature of the claimed privilege or other grounds for refusal to produce.

## DOCUMENTS TO BE PRODUCED

     1.     Any and all photographs (still and motion), videotapes, diagrams, drawings, maps, sketches, schematics, plans, and plats of the scene of the occurrence and of the vehicles involved, and any and all such representations depicting the damage resulting therefrom.

2.     Any and all material prepared by you or anyone on your behalf in any way relating to the occurrence alleged in the Complaint and damages.

3.     Any and all liability insurance policies in effect at the time of this occurrence which provide insurance coverage for the injuries and harm the Plaintiffs allege the Defendant(s) caused as set forth in Plaintiffs' Complaint, including, but not limited to, umbrella policies.

4.     Any and all medical or other records, reports, correspondence, memos, photographs, video tapes or other documents which address or relate to the occurrence.

5.     Any and all repair bills and estimates which relate to property damage sustained by the Defendant's vehicle allegedly involved in the occurrence set forth in the Complaint.

6.     Any and all videotapes, photographs, and/or motion pictures of the occurrence or of the Plaintiffs.

7.     If not previously provided in response to other requests herein, any and all documents containing facts concerning, supporting, and tending to support the defenses referred to in your Answers to Interrogatories, Answer, or any other responsive pleadings.

8.     Any and all documents referred to in Plaintiffs' Interrogatories to Defendant and/or your Answers to Plaintiffs' Interrogatories to Defendant.

9.     Any and all documents, writings, things, notes, papers, contracts, etc., not privileged and otherwise produced concerning:

a.     the dispute herein;

b.     the liability of Plaintiff Keith Bailey;

c.     the liability of the Defendant driver Sanabria;

d.     the liability of J & B Trucking Services, Inc.; and,

e.     the injuries and damages of the Plaintiffs.

10.     Any and all documents provided to or received from any of the Defendants' expert witnesses.

11.     Reports and correspondence of all of your expert witnesses expected to testify at the trial of this matter.

12.     All documents, records, materials and things relied upon by your expert(s) expected to testify in formulating their opinions herein.

13.     The curriculum vitae, publication list, and fee schedule of each expert witness expected to testify on your behalf.

14.     A photocopy of all your operator's driver's licenses and all parts/sections thereof in effect on the date of the incident complained of and currently.  This production should also include any restrictions on Mr. Sanabria's license(s) and their nature.

15.     Any and all records, documents, transcripts and recordings, including but not limited to traffic transcripts, pertaining to any hearings/proceedings regarding this occurrence.

16.     Any and all written statements or transcripts of recorded statements made by any party to this occurrence.

17.     Any and all statements taken from any person not an eyewitness having any knowledge of the events leading up to, after or concerning the occurrence or any damages claimed by the Plaintiffs.

18.     Any and all statements taken from any eyewitness to the collision or any of the events related to the occurrence.

19.     Any and all maintenance and repair records for the vehicle driven by the Defendant driver in this incident for one year preceding the occurrence and as a result of the theft and collision at issue.

20. Any reports, including accident or incident reports, made in the ordinary course of business or pursuant to federal regulations concerning this collision or concerning Mr. Sanabria's alleged operation of your vehicle during or after this occurrence.

21. Any documents relating to disciplinary action contemplated or taken against Mr. Sanabria involving the operation of this motor vehicle or his employment with J & B Trucking Services, Inc.

22. Documents reflecting J & B Trucking Services, Inc.'s personnel's knowledge of any incidents involving Mr. Sanabria's use of a motor vehicle prior to this occurrence.

23. Any written or published documents relating to Mr. Sanabria's use of the vehicle he was driving or otherwise in possession of during this occurrence that relate to:

    a.    the scope of permission, use, or the limitations thereon;

    b.    the scope of his employment or agency with this Defendant as it relates to his operation of the vehicle involved in this theft and/or collision; and

    c.    his violation of Defendant's regulations, rules or policies arising out of his use of the vehicle in question.

24. Any written materials reflecting training or any on-the-job training that you provided Mr. Sanabria pertaining to the use of or operation of the vehicle in question.

25. The complete personnel file on Mr. Sanabria, including but not limited to his application for employment.

26. The complete file on the vehicle in question, including records of its purchase, maintenance, and weight.

27. All information in your possession or known to you about Mr. Sanabria's driving record, criminal history, and character before and during the course of his employment with J & B Trucking Services, Inc.

28.    Any data relating to the collision from an EDR (event data recorder) in your truck, sometimes referred to as a "black box."

29.    Any data from the on-board trip recorder from January 7, 2006.

30.    Any data or recording related to cellular telephone or mobile communications to and from Mr. Sanabria from January 7, 2006.

31.    Any documents referenced or mentioned in your Answers to Interrogatories served in this action.

Respectfully submitted,

**KARP FROSH, LAPIDUS, WIGODSKY & NORWIND, P.A.**

Steven VanGrack, Esquire
Edward L. Norwind, Esquire
Murray D. Scheel, Esquire
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
301-948-3800 (phone)
Attorneys for Plaintiffs, Keith Bailey and Jacqueline Bailey

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Plaintiffs' Request for Production of Documents to Defendant J & B Trucking Services, Inc. was attached to the Summons, the Complaint and the Initial Order for service upon the Defendant simultaneously therewith.

Steven VanGrack, Esquire

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **KEITH BAILEY**<br>**and JACQUELINE BAILEY**<br><br>*Plaintiffs,*<br><br>v.<br><br>**J & B TRUCKING SERVICES, INC.,** *et al.*<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 2008 CA 001813 V

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that a copy of the Plaintiffs' Interrogatories to Defendant Sergio

Rolando Sanabria and this Certificate were attached to the Complaint and the Writ of Summons for

service upon the Defendant simultaneously therewith and that I will retain the original of these

documents in my possession, without alteration, until the case is concluded in this Court, the time for

noting an appeal or petitioning for a writ of certiorari has expired, and any such appeal or petition has

been decided.

Respectfully submitted,

KARP, FROSH, LAPIDUS, WIGODSKY
& NORWIND, P.A.

Steven VanGrack, Esquire
2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
301-948-3800

Attorneys for Plaintiffs

10

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **KEITH BAILEY** | ) |
| **and JACQUELINE BAILEY** | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Civil Action No. 2008 CA 001813 V |
| | ) |
| **J & B TRUCKING SERVICES, INC.,** *et al.* | ) |
| | ) |
| *Defendants.* | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT

TO:      Sergio Rolando Sanabria
535 Summit Hall Road
Gaithersburg, MD 20877

FROM:   Keith Bailey and Jacqueline Bailey - Plaintiffs
c/o Steven VanGrack, Esquire
Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A.
2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
(301) 948-3800

Attorneys for Plaintiffs,
Keith Bailey and Jacqueline Bailey

Pursuant to the rules of this Court, you are requested to answer within forty-five (45) days the following Interrogatories.

## Instructions

(a)     In accordance with the rules of this Court, your response shall set forth the interrogatory, and its answer, and shall answer separately and fully in writing, or shall state fully the grounds for refusal to answer any interrogatory. The response shall be signed by you.

(b)     Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorneys.

(c)     These interrogatories are continuing in character so as to require you to promptly amend or supplement your answers if you receive or obtain further material information.

(d)     If, pursuant to the rules of this Court, you elect to specify and produce business records of yours in answer to any interrogatory, then in accordance with that rule your specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as you can, the records from which the answer may be ascertained.

(e)     If in answering these interrogatories you encounter any ambiguities in construing either a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

(f)     Where the identity of a person is requested, please state the full name, home address, business address, and telephone number, if known.

(g)     Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the incident mentioned or complained of in the Plaintiffs' Complaint.

(h)     The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the party's agents, representatives, and unless privileged, his attorneys.

(i)     If you assert that a response to any interrogatory requires disclosure of privileged information, please state the subject matter and substance of the information sought to be protected, the date the information was obtained, identify who obtained it, who requested the information be obtained, the privilege asserted and the reasons therefor.

(j)     You have forty-five (45) days to serve answers to these Interrogatories.

## Definitions

As used in these Interrogatories, the following terms are to be interpreted in accordance with these definitions:

(a)     The term "person" includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivision, any court, or any other governmental entity.

(b)     The terms "you" and "your" include the person(s) to whom these

2

interrogatories are addressed, and all of that person's agents, representatives or attorneys.

(c)     The terms "document" or "documents" includes all writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form.

(d)     The terms "identify", "identity" or "identification," when used in reference to a natural person, require you to state that person's full name, last known address, home and business telephone numbers, and present business affiliation. When used in reference to a person other than a natural person, the terms "identify", "identity" or "identification" require you to describe the nature of such person (that is, whether it is a corporation, partnership, etc., under the definition of "person" above), and to state that person's last known address, telephone number, and principle place of business.  Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

(e)     The terms "identify," "identity," or "identification," when used in reference to a document, require you to state the date, the author (or, if different, the signor or signors), the addressee, and the type of document (e.g., letter, memoranda, telegram, chart, etc.).  If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reason for such disposition.  In lieu of so identifying a document, at your option you may attach an accurate copy of it to your answers to these interrogatories, appropriately labeled to correspond to the interrogatory in response to which it is being produced.

(f)     "Vehicle" refers to the white Isuzu box truck at issue in this case (Maryland license plate number 83L092).

### Interrogatories

**Interrogatory No. 1:**  State your full name, address, date of birth, marital status, social security number, your place and nature of employment and your wages for the past five years, and reasons for any termination of employment.

**Interrogatory No. 2:**  Identify all eyewitnesses to all or any part of the alleged occurrence, including but not limited to, any eyewitnesses who observed the vehicle in

question while it was allegedly left unattended, or who observed the alleged theft of the vehicle, or who observed the alleged collision, and state the location of each such eyewitness at the time of the occurrence.

**Interrogatory No. 3:**  State whether on January 7, 2006, you had possession of a white Isuzu box truck (Maryland license plate number 83L092) (i.e., the truck in question), and, if so, identify the owner of that truck and explain by what circumstances you came to have possession of it.

**Interrogatory No. 4:**  Please set forth and describe in detail all commercial signs, lettering, symbols, and coloring on the truck in question.

**Interrogatory No. 5:**  State whether Onorio T. Cifuentes came into possession of the truck in question on January 7, 2006, and if so, how, describing the events involving that truck for the two hours immediately preceding and following that occurrence.

**Interrogatory No. 6:**  State your actions over the twenty-four (24) hour period up to and including the time when Onorio T. Cifuentes allegedly came into possession of the truck in question on January 7, 2006, including what you did with the truck.

**Interrogatory No. 7:**  State precisely where, in what direction, on what roadway, and at what street address the vehicle in question was parked or otherwise unattended when Onorio T. Cifuentes came into possession of it, stating who placed it there, and why it was in that location and position.

**Interrogatory No. 8:**  State whether you, or any agent or employee of yours or of J&B Trucking Services, Inc., left the truck in question unattended on January 7, 2006, and if so,

4

state at what time, for how long, whether the truck was left unlocked, where the ignition key(s) to the truck was or were, where you were at the time, whom you were with, your proximity to the truck in question, and any obstructions to your view of that truck while it was left unattended.

**Interrogatory No. 9:**  State whether the engine of the truck in question was running at any point it was left unattended on January 7, 2006, and if so, for how long.

**Interrogatory No. 10:**  State whether the truck in question was stolen on January 7, 2006, and, if so, how, and by whom.

**Interrogatory No. 11:**  State on whose business you were acting at the time the truck in question was allegedly taken out of your possession on January 7, 2006.

**Interrogatory No. 12:**  State everything you, or any agent or employee of yours or of J&B Trucking Services, Inc., did to prevent the collision with the plaintiff from occurring, including but not limited to, any and all measures taken to prevent the theft or the subsequent collision in question.

**Interrogatory No. 13:**  Describe as fully as possible the weather and road conditions at the time and location the truck in question was allegedly taken from your possession on January 7, 2006, setting forth conditions of light, precipitation, and temperature.

**Interrogatory No. 14:**  Identify all persons who were in the vehicle during the two hours before it was allegedly taken from your possession on January 7, 2006, or who arrived at the scene within two hours afterwards.

**Interrogatory No. 15:**  Identify all persons, not heretofore or hereinafter mentioned, having personal knowledge of facts material to this case, and describe what knowledge each such person possesses.

**Interrogatory No. 16:**  Identify all persons who investigated for you the cause and circumstances of this occurrence or the damages sustained by the plaintiff(s).

**Interrogatory No. 17:**  Identify all persons who have given signed statements or statements otherwise recorded concerning the occurrence and attach to your Answers a copy of any signed or recorded statements in your control made by the plaintiff(s).

**Interrogatory No. 18:**  Identify all persons to whom you have given any statements or testimony, oral or written, concerning the events described in the Complaint in this action. For each statement or testimony, state the date on which you gave it, and identify to whom you gave the statement or testimony, the present custodian of the statement or testimony, and identify any and all documents relating thereto.

**Interrogatory No. 19:**  State whether you have knowledge of or possession of any picture, photograph, motion picture, drawing, plat or diagram of the scene, or any objects or other such items relevant to the occurrence and, if so, please state the date each photograph was taken, the date the plat or diagrams were made, and identify the person who has the custody of each.

**Interrogatory No. 20:**  State whether you contend that any person, whether a party to this action or not, caused or contributed to your loss of control of the vehicle, and if so, give a concise statement of the facts upon which you rely in so contending.

6

**Interrogatory No. 21:** State whether you contend that any person, whether a party to this action or not, caused or contributed to Plaintiff Keith Bailey's injuries complained of in this action, and if so, give a concise statement of the facts upon which you rely in so contending.

**Interrogatory No. 22:** State all facts on which you rely for each and every affirmative defense to this action, identifying any and all witnesses, documents, and objects upon which you intend to rely to prove such facts.

**Interrogatory No. 23:** Identify all experts whom you intend to call at trial, furnish a copy of their reports, state the substance of any opinion to which you expect each such person to testify and the evidence on which that opinion is based, and provide a copy of each expert's curriculum vitae, publication list, and fee schedule.

**Interrogatory No. 24:** State whether on the date of the occurrence the truck in question had any mechanical defects, and if so, state the nature of such defects, the name of the person who performed the last mechanical inspection of the vehicle, and the date of that inspection.

**Interrogatory No. 25:** State whether you consumed any alcoholic beverages, medicine or drugs of any kind (including over-the-counter medication), within twenty-four (24) hours prior to the occurrence, and if so, state the places where such substances were obtained and consumed, the nature and amount thereof consumed, and the time of consumption.

**Interrogatory No. 26**:  If you have been involved in any other vehicle thefts, have had any traffic accidents, or if you have been convicted of a moving violation or forfeited collateral in regard to a moving traffic charge within the past ten years, please describe the date and circumstances with particularity.

**Interrogatory No. 27**:  If you are related to or acquainted with any person named in your Answers to these Interrogatories, state the nature of each such relationship or acquaintance.

**Interrogatory No. 28**:  Identify any and all insurance agreements, whether primary, umbrella, or excess, under which any person might be liable to satisfy part or all of any judgment entered in this case or to indemnify or reimburse you for payments made to satisfy any such judgment, specifying the policy limit(s) of each such policy.  Please attach to your Answers to these Interrogatories a copy of any such insurance agreements.

**Interrogatory No. 29**:  State whether you were acting within the course and scope of your employment and/or as an agent of any person, at the time of the occurrence, and if so, please identify each such person, including the company name, address, phone number and the name of the president thereof.

**Interrogatory No. 30**:  Describe any and all unprivileged conversations you have had with anyone since the time of the occurrence regarding how the occurrence happened and/or any of the injuries or damages resulting from the occurrence, including in your answer the identity of each and every person who was present during each such conversation and who said what to whom in such detail as you are able to recall.

Respectfully submitted,

**KARP, FROSH, LAPIDUS, WIGODSKY**
**& NORWIND, P.A.**

_____

Steven VanGrack, Esquire
Edward L. Norwind, Esquire
Murray D. Scheel, Esquire
2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
301-948-3800

Attorneys for Plaintiffs,
Keith Bailey and Jacqueline Bailey


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Plaintiffs' Interrogatories to Defendant Sergio

Rolando Sanabria were attached to the Complaint and Writ of Summons for service upon the

Defendant simultaneously therewith.

_____

Steven VanGrack, Esquire

9

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| **KEITH BAILEY**<br>**and JACQUELINE BAILEY** | ) <br>) <br>) |
| *Plaintiffs,* | ) <br>) <br>) |
| v. | )    Civil Action No. 2008 CA 001813 V |
| | ) |
| **J & B TRUCKING SERVICES, INC.,** *et al.* | ) <br>) |
| *Defendants.* | ) |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### CERTIFICATE REGARDING DISCOVERY

I HEREBY CERTIFY that a copy of the Plaintiffs' Interrogatories to Defendant J & B

Trucking Services, Inc., and this Certificate were attached to the Complaint and the Writ of Summons

for service upon the Defendant simultaneously therewith and that I will retain the original of these

documents in my possession, without alteration, until the case is concluded in this Court, the time for

noting an appeal or petitioning for a writ of certiorari has expired, and any appeal or petition noted

has been decided.

Respectfully submitted,

KARP, FROSH, LAPIDUS, WIGODSKY
    & NORWIND, P.A.

Steven VanGrack, Esquire
2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
301-948-3800

Attorneys for Plaintiffs

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

KEITH BAILEY                                    )
and JACQUELINE BAILEY                           )
                                                )
                                                )
                        Plaintiffs,             )
                                                )
        v.                                      )  Civil Action No. 2008 CA 001813 V
                                                )
J & B TRUCKING SERVICES, INC., et al.           )
                                                )
                        Defendants.             )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' INTERROGATORIES TO DEFENDANT

**TO:**        J & B Trucking Services, Inc.

**FROM:**      Keith Bailey and Jacqueline Bailey - Plaintiffs
               c/o Steven VanGrack, Esquire
               Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A.
               2273 Research Boulevard
               Suite 200
               Rockville, Maryland 20850
               (301) 948-3800

               Attorneys for Plaintiffs,
               Keith Bailey and Jacqueline Bailey

        Pursuant to the rules of this Court, you are requested to answer within forty-five (45)

days the following Interrogatories.

### Instructions

        (a)    In accordance with the rules of this Court, your response shall set forth the
interrogatory, and its answer, and shall answer separately and fully in writing, or shall state
fully the grounds for refusal to answer any interrogatory. The response shall be signed by you.

        (b)    Where knowledge or information in possession of a party is requested, such
request includes knowledge of the party's agents, representatives, and unless privileged, his
attorneys.

(c)    These interrogatories are continuing in character so as to require you to promptly amend or supplement your answers if you receive or obtain further material information.

(d)    If, pursuant to the rules of this Court, you elect to specify and produce business records of yours in answer to any interrogatory, then in accordance with that rule your specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as you can, the records from which the answer may be ascertained.

(e)    If in answering these interrogatories you encounter any ambiguities in construing either a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

(f)    Where the identity of a person is requested, please state the full name, home address, business address, and telephone number, if known.

(g)    Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the incident mentioned or complained of in the Plaintiffs' Complaint.

(h)    The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the party's agents, representatives, and unless privileged, his attorneys.

(i)    If you assert that a response to any interrogatory requires disclosure of privileged information, please state the subject matter and substance of the information sought to be protected, the date the information was obtained, identify who obtained it, who requested the information be obtained, the privilege asserted and the reasons therefor.

(j)    You have forty-five (45) days to serve answers to these Interrogatories.

## Definitions

As used in these Interrogatories, the following terms are to be interpreted in accordance with these definitions:

(a)    The term "person" includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivision, any court, or any other governmental entity.

(b)    The terms "you" and "your" include the person(s) to whom these interrogatories are addressed, and all of that person's agents, representatives or attorneys.

(c)    The terms "document" or "documents" includes all writings,

drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form.

(d)    The terms "identify", "identity" or "identification," when used in reference to a natural person, require you to state that person's full name, last known address, home and business telephone numbers, and present business affiliation. When used in reference to a person other than a natural person, the terms "identify", "identity" or "identification" require you to describe the nature of such person (that is, whether it is a corporation, partnership, etc., under the definition of "person" above), and to state that person's last known address, telephone number, and principle place of business. Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

(e)    The terms "identify," "identity," or "identification," when used in reference to a document, require you to state the date, the author (or, if different, the signor or signors), the addressee, and the type of document (e.g., letter, memoranda, telegram, chart, etc.). If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reason for such disposition. In lieu of so identifying a document, at your option you may attach an accurate copy of it to your answers to these interrogatories, appropriately labeled to correspond to the interrogatory in response to which it is being produced.

(f)    "Vehicle" refers to the white Isuzu box truck at issue in this case (Maryland license plate number 83L092).

### Interrogatories

**Interrogatory No. 1:**  Please state your full corporate or organizational name, date of incorporation or organization, state of incorporation or organization, current address and principal place of business, U.S. D.O.T. Number, Maryland D.O.T. Number, and the identity of the person executing these answers on your behalf.

**Interrogatory No. 2:**  If you contend that your designation as a corporate defendant in the Complaint is improper, state the correct name of the proper corporate defendant(s) and your reason for such designation.

**Interrogatory No. 3**: Please separately identify the Defendant's vehicle allegedly involved in the theft in question, including, but not limited to, model, make, weight, type, serial number, date of manufacture, and all commercial signs, lettering, symbols, and coloring on that vehicle.

**Interrogatory No. 4**: State whether Onorio T. Cifuentes came into possession of the truck in question on January 7, 2006, and if so, how, describing the events involving that truck for the two hours immediately preceding and following that occurrence.

**Interrogatory No. 5**: State whether Defendant Sanabria, or any other agent or employee of J&B Trucking Services, Inc., left the truck in question unattended on January 7, 2006, and if so, state at what time, for how long, whether the truck was left unlocked, where the ignition key(s) to the truck was or were at the time, whether the engine of the truck in question was running at any point it was left unattended, and if so, for how long, where Defendant Sanabria, or any other agent or employee responsible for the truck was at the time, whom he or she was with, his or her proximity to the truck in question, and any obstructions to his or her view of that truck while it was left unattended.

**Interrogatory No. 6**: State whether the truck in question was stolen on January 7, 2006, and, if so, how, and by whom.

**Interrogatory No. 7**: State whether Defendant J&B Trucking Services, Inc., gave possession of the truck in question to Defendant Sanabria, and if so, under what circumstances, stating when it did so, for what purpose, and whether Defendant Sanabria kept the truck in question overnight on the night before the occurrence in question, and whether he did so with Defendant J&B Trucking Services' permission.

**Interrogatory No. 8**:  Identify any eyewitnesses to all or part of the alleged occurrence, including but not limited to, any eyewitnesses who observed Defendant Sanabria on the day of the occurrence prior to the alleged theft, or who observed the vehicle in question while it was allegedly left unattended, or who observed the alleged taking of the vehicle by Onorio T. Cifuentes, or who observed the alleged collision, and state the location of each such eyewitness at the time of the occurrence.

**Interrogatory No. 9**:  Identify all persons: who investigated the occurrence on your behalf; who took photographs of the scene; who investigated any of the vehicles involved in the occurrence; who investigated any things connected to the occurrence; who investigated any persons involved in the occurrence, including the Plaintiff, the Defendant driver, or Onorio T. Cifuentes; and who have examined or submitted reports since the occurrence in question concerning the Defendant's vehicle involved in the occurrence.  See the definition of "occurrence" above.

**Interrogatory No. 10**:  If a report with respect to the occurrence was made in the ordinary course of business, or pursuant to any state or federal regulations, state the date of the report, the contents of the report, the identity of the person who made the report, the custodian of the report, and identify any and all documents relating thereto.

**Interrogatory No. 11**:  Identify all photographs, videotapes, plats, diagrams, or other depictions of the scene or of things or persons connected with the occurrence (including the Defendant driver, the Defendant's vehicle, the alleged theft and/or scene of the alleged theft, or the scene of the collision) that are in your possession and identify any and all documents relating thereto.

**Interrogatory No. 12:** Please state whether the Defendant driver was ever disciplined for, reprimanded for, or involved in, an incident prior to this occurrence that involved the operation of a motor vehicle. If so, please state the date of the incident, describe fully the nature of the incident and the disciplinary action that was taken, whether the Defendant driver was charged with any offenses arising out of the incident and identify any documents relating thereto.

**Interrogatory No. 13:** Identify all persons who have given statements concerning the occurrence, or this action, or the subject matter of this action. For each statement, state the date on which it was given, identify the custodian, and identify any and all documents relating thereto.

**Interrogatory No. 14:** If you contend that any person, object or entity, whether or not a party to this action, caused or contributed to the occurrence, or the plaintiff's injuries, or the plaintiffs' alleged damages, state concisely the specific facts upon which you rely and identify any and all witnesses and documents relating thereto.

**Interrogatory No. 15:** As to the Defendant's vehicle that was involved in the theft, state whether it was repaired after the occurrence, the nature, dates, and costs of the repairs, and identify any and all documents relating thereto. If there was any unrepaired damage to the vehicle after the occurrence, state the nature and extent of that damage.

**Interrogatory No. 16:** If you contend that mechanical failure caused or contributed to this occurrence, state concisely the facts upon which you rely and identify any and all documents relating thereto.

**Interrogatory No. 17:**  If you contend that the Defendant Sanabria did not cause or contribute to the occurrence, the Plaintiff's injuries, or to the Plaintiffs' alleged damages, state the facts upon which you rely to support that contention and identify any and all documents supporting such contention.

**Interrogatory No. 18:**  If you contend that, on January 7, 2006, Defendant Sanabria either did not have your permission to possess or drive your vehicle, was not your employee or agent, was not furthering your business, was not acting within the scope of his employment or agency at all material times, or was violating your company policy, state all facts in support of any such contention.  Identify all witnesses and produce a copy of all documents supporting each such contention.

**Interrogatory No. 19:**  Describe what, if any, instructions Defendant J&B Trucking Services had given to Defendant Sanabria, prior to January 7, 2006, regarding the use of the truck in question, including any safety instructions, and any instructions regarding leaving the vehicle unattended.

**Interrogatory No. 20:**  State the substance of all discussions concerning the alleged occurrence that you, or others known to you, have had with the Defendant Sanabria, including in your answer when and where each discussion took place, the contents of each such discussion, and the identity of any and all documents relating thereto.  You are instructed to state the complete basis of any privilege that you may claim regarding any such discussion.

**Interrogatory No. 21:**  State the substance of all discussions concerning the occurrence that you, your agents or employees, or others in their presence have had with any

person who was at the scene of the occurrence. Include in your answer when and where each discussion took place, the identity of all persons who were present, and the identity of all documents relating thereto.

**Interrogatory No. 22:** State whether you have possession or knowledge of any recordings or transcripts of testimony in any proceeding arising out of the alleged occurrence. If so, state the date and subject matter of any such testimony, and identify each person who recorded the testimony, the custodian of each recording or transcript, and identify any and all documents relating thereto.

**Interrogatory No. 23:** If you intend to rely upon any documents or other tangible things to support a position or defense that you have taken or intend to take in this action, identify each such document or tangible thing, provide a brief description, including the type and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them.

**Interrogatory No. 24:** If any person carrying on an insurance business might be liable to satisfy part or all of the judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, identify that person, state the applicable policy limits of any insurance agreement under which the person might be liable, and attach a copy of the policy and Declaration Sheet to your answer. Include any policies for the vehicle, including umbrella policies.

**Interrogatory No. 25:** Please identify any policies, including internal company policy manuals and procedures in effect at the time of and immediately preceding this occurrence, that governed the use of the truck in question by Defendant Sanabria during the

occurrence. If any internal company manual of policies or procedures that governed the use of Defendants' vehicle(s) for any purpose was changed following this occurrence, please state the date and nature of the change(s) and identify any documents relating thereto.

**Interrogatory No. 26:** Please state whether any disciplinary action was taken against Defendant Sanabria as the result of this occurrence, including, but not limited to, whether Defendant Sanabria was reprimanded, disciplined, or terminated, was required to pay reimbursement of costs, such as vehicle repair costs incurred as the result of this occurrence, or whether Defendant Sanabria was restricted from using the Defendant's other vehicles for any period of time, and identify any documents relating thereto.

**Interrogatory No. 27:** Please state all information concerning Defendant Sanabria's background that was in your possession at the time he was hired and during the course of his employment, including but not limited to, his driving record, any information about him from the Commercial Driver's License Information System, his involvement in any vehicle collisions or thefts, his training or experience in driving trucks, his criminal background, his job performance reviews, and describe any training that you provided him in the use or operation of your vehicle prior to this occurrence.

**Interrogatory No. 28:** State the date, place, and complete substance of every oral or written statement that the Defendant Sanabria made regarding the alleged occurrence, including any such statement to an employee or agent of yours. Include in your answer the identity of the person to whom the statement was made and the custodian of the statement.

**Interrogatory No. 29:** Identify all experts whom you intend to call at trial, furnish a copy of their reports, state the substance of any opinion to which you expect each such person

to testify and the evidence on which that opinion is based, and provide a copy of each

expert's curriculum vitae, publication list, and fee schedule.

**Interrogatory No. 30:**  State all facts on which you rely for each and every affirmative

defense to this action, identifying any and all witnesses, documents, and objects upon which

you intend to rely to prove such facts.

Respectfully submitted,

KARP, FROSH, LAPIDUS, WIGODSKY
& NORWIND, P.A.

Steven VanGrack, Esquire
Edward L. Norwind, Esquire
Murray D. Scheel, Esquire
2273 Research Boulevard
Suite 200
Rockville, Maryland 20850
301-948-3800

Attorneys for Plaintiffs,
Keith Bailey and Jacqueline Bailey

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Plaintiffs' Interrogatories to Defendant J & B Trucking

Services, Inc., were attached to the Complaint and Writ of Summons for service upon the Defendant

simultaneously therewith.

Steven VanGrack, Esquire

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| **KEITH BAILEY**<br>**and JACQUELINE BAILEY** | ) |
| | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Civil Action No. 2008 CA 001813 V |
| | ) |
| **J & B TRUCKING SERVICES, INC.,** *et al.* | ) |
| | ) |
| *Defendants.* | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CERTIFICATE REGARDING DISCOVERY

**I HEREBY CERTIFY** that a copy of the Plaintiffs' Request for Production of

Documents to Defendant Sergio Ronald Sanabria and this Certificate were attached to the

Summons, the Complaint and the Initial Order for service upon the Defendant

simultaneously therewith and that I will retain the original of these documents in my

possession, without alteration, until the case is concluded in this Court, the time for noting

an appeal or petitioning for a writ of certiorari has expired, and any appeal or petition noted

has been decided.

Respectfully submitted,

KARP FROSH, LAPIDUS, WIGODSKY
& NORWIND, P.A.

Steven VanGrack, Esquire
Edward L. Norwind, Esquire #936-396
Murray D. Scheel, Esquire #490-012
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
301-948-3800 (phone)
Attorneys for Plaintiffs, Keith Bailey and
Jacqueline Bailey

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

| | |
|---|---|
| **KEITH BAILEY**<br>and **JACQUELINE BAILEY** | ) <br> ) <br> ) |
| *Plaintiffs,* | ) <br> ) <br> ) |
| v. | ) Civil Action No. 2008 CA 001813 V<br>) |
| **J & B TRUCKING SERVICES, INC.,** *et al.* | ) <br> ) |
| *Defendants.* | ) <br> ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT SERGIO ROLANDO SANABRIA

**TO:**     Sergio Rolando Sanabria
535 Summit Hall Road
Gaithersburg, MD 20877

**FROM:**   Keith Bailey and Jacqueline Bailey, Plaintiffs
c/o Steven VanGrack, Esquire
Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A.
2273 Research Boulevard, Suite 200
Rockville, Maryland 20850

Pursuant to Rule 34 of the D.C. Superior Court Rules of Civil Procedure, you are requested to file within 45 days a written response to each request herein and to produce these documents for inspection and copying at the office of KARP, FROSH, LAPIDUS, WIGODSKY, & NORWIND, P.A., 2273 Research Boulevard, Suite 200, Rockville, Maryland 20850.

### Definitions and Instructions

(a)     These requests are continuing in character. You are thus required to produce for inspection and copying any documents not previously produced which you may from time to time obtain, locate, identify, or acquire the ability to produce.

(b)     As used herein, the term "documents" means "writings," "recordings," and "photographs," including video, as those terms are defined by the rules of evidence, and any other items whatsoever containing writings, drawings, pictures or images.

(c)     As used herein, a document "relating to" a given subject matter means a document that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to that subject matter.

(d)     As used herein, the term "occurrence" shall mean the incident complained of in plaintiff's complaint, i.e., the accident and/or theft of 1/7/06.

## IMPORTANT NOTICE REGARDING PRIVILEGES:

Should a claim be made that any requested document is not subject to discovery by reason of privilege or otherwise, you are to describe each such document by date, author(s), addressee(s), recipient(s), title, subject matter, purpose, and present custodian, and set forth the nature of the claimed privilege or other grounds for refusal to produce.

## DOCUMENTS TO BE PRODUCED

1.     Any and all photographs (still and motion), videotapes, diagrams, drawings, maps, sketches, schematics, plans, and plats of the scene of the occurrence and of the defendants' vehicle allegedly involved in the occurrence alleged in the complaint (the theft and subsequent collision), including any and all such representations depicting the damage resulting from the alleged collision.

2.     Any and all material prepared by you or anyone on your behalf in any way relating to the collision and its resulting damages.

3.      Any and all insurance policies in effect at the time of this occurrence which provide insurance coverage for the harm the Plaintiffs allege the Defendants caused as set forth in Plaintiffs' Complaint, including, but not limited to, umbrella policies. Declaration sheets are to be included with this production.

4.      Any and all documents, medical records, photographs, or video tapes which relate to the Plaintiffs.

5.      Any and all repair bills and estimates which relate to property damage sustained by any vehicle involved in the collision.

6.      Any and all video tapes, photographs, and/or motion pictures of the scene where the alleged theft of the vehicle in question occurred.

7.      If not previously provided in response to other requests herein, any and all documents containing facts that concern, support, or tend to support the defenses referred to in your Answers to Interrogatories, Answer, or any other responsive pleadings.

8.      Any and all documents referred to in Plaintiffs' Interrogatories to Defendant and/or your Answers to Plaintiffs' Interrogatories to Defendant.

9.      Any and all documents, writings, things, notes, papers, contracts, etc., not privileged and otherwise produced concerning:

a.      the dispute herein;

b.      the liability or non-liability of Plaintiff Keith Bailey;

c.      your liability;

d.      the liability of J & B Trucking Services, Inc.; and

e.      the injuries and damages of the Plaintiffs.

10. Any and all documents provided to or received from any of the Defendants' expert witnesses who are expected to testify at the trial or are expected to be designated, or will be designated, on the Defendant's designation of expert witnesses.

11. Reports and correspondence of all of your experts expected to testify at the trial of this matter.

12. All documents, records, materials and things relied upon by your expert(s) expected to testify in formulating their opinions herein.

13. The curriculum vitae, publication list, and fee schedule of each expert witness expected to testify on your behalf.

14. A photocopy of your driver's license and all parts/sections thereof in effect on the date of the occurrence and currently. This production should also include any restrictions on your license(s) and their nature.

15. Any and all records, documents, transcripts and recordings, including but not limited to traffic transcripts, pertaining to any hearings/proceedings regarding this occurrence.

16. Any and all written statements or transcripts of recorded statements made by any party to this occurrence.

17. Any and all statements taken from any person not an eyewitness having or claiming to have any knowledge of the events leading up to, after or concerning the occurrence, the injuries of the decedent, or any damages claimed by the Plaintiffs.

18. Any and all statements taken from any eyewitness to the occurrence or any events within four hours of the occurrence.

19. Any and all maintenance and repair records for the vehicle in question, for three years preceding the collision.

20. Any reports, including incident reports, made in the ordinary course of business or pursuant to federal regulations concerning this collision.

21.     Any documents relating to disciplinary action contemplated or taken against you involving the operation of this motor vehicle or involving your employment with J & B Trucking Services, Inc.

22.     Documents reflecting knowledge of any prior incidents involving your use of a motor vehicle, for a period of ten years before the occurrence.

23.     Any written or published documents relating to your use of the vehicle in question on the day of the occurrence that relate to:

a.     the scope of your permission, use, or the limitations thereon;

b.     the scope of your employment or agency with each corporate Defendant as it relates to your operation of the vehicle involved in this occurrence; and

c.     your violation of the corporate Defendant's regulations, rules or policies arising out of your use of the vehicle involved in this occurrence.

24.     Any written materials reflecting training or any on-the-job training that you received pertaining to the use of, or operation of, the vehicle you were driving the date of the occurrence, for the entire period that you worked for J & B Trucking Services, Inc.

25.     Any tickets or citations you received that were related to the incident in question.

26.     Your entire Driver's Qualification file that is kept pursuant to the Federal Motor Carrier Safety Regulations.

27.     Any data relating to the collision from an EDR (event data recorder) in your truck. This is sometimes referred to as a "black box."

28.     Any data from the on-board trip recorder from January 7, 2006.

29.     Any data or recording related to cellular telephone use or mobile communications to and from you on the date of the occurrence.

Respectfully submitted,

**KARP, FROSH, LAPIDUS, WIGODSKY & NORWIND, P.A.**

Steven VanGrack, Esquire
Edward L. Norwind, Esquire
Murray D. Scheel, Esquire
2273 Research Blvd., Suite 200
Rockville, Maryland 20850
301-948-3800 (phone)

Attorneys for Plaintiffs, Keith Bailey and Jacqueline Bailey

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Plaintiffs' Request for Production of Documents to Defendant Sergio Ronald Sanabria was attached to the Summons, the Complaint and the Initial Order for service upon the Defendant simultaneously therewith.

Steven VanGrack, Esquire

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS

Keith Bailey and Jacqueline Bailey

## DEFENDANTS

J & B Trucking Services, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _District of Columbia_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Montgomery, MD_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Steven VanGrack, Esq.
Edward L. Norwind, Esq.
KARP, FROSH, LAPIDUS, WIGODSY & NORWIND, P.A.
2273 Research Boulevard, Suite 200
Rockville, Maryland 20850
(301) 948-3800

ATTORNEYS (IF KNOWN)

Neil J. MacDonald, Esq. #433699
HARTEL, KANE, DeSANTIS, MacDONALD & HOWIE, LLP.
11720 Beltsville Drive, Suite 500
Beltsville, Maryland 20705
(301) 486-1200

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PR. ACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions** (if Privacy Act) *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans** (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting** (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1441 and 1146: Defendants are not residents of the District of Columbia and the amount in controversy exceeds the sum of $75,000.00

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** 4,000,000   Check YES only if demanded in compl   **JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE  4/14/08   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# CHECK REQUEST FOR BILLABLE/NON-BILLABLE EXPENSE/ESCROW

BILLABLE [ X ]          NON-BILLABLE [    ]

ESCROW [    ]

CLIENT/MATTER NAME: ___Bailey v. J & B___   DATE:___April 11, 2008___

CLIENT NUMBER:     ___0649/2299___         Date/Time Needed:_April 14, 2008_

MATTER NUMBER:     _____

AMOUNT:___$350.00_____

MAKE CHECK PAYABLE TO:_____Clerk, US District Court _for Dist of Col._

COMPLETE ADDRESS:    _____
_____
_____
_____

TELEPHONE NUMBER:    _____

FEDERAL TAX ID NUMBER:  _____

PURPOSE: _____Filing fee for Petition for Removal to Federal District Court_
_____

(IF EXPENSE IS OVER $25 - A PARTNER MUST APPROVE THE EXPENSE)

REQUESTED BY  _____
                Atty. Initials/Requester's **Name**

IF EXPENSE IS $250 OR OVER,
NEIL MACDONALD'S APPROVAL IS REQUIRED:   APPROVED BY _____

----------------------------------------------------------------

FOR ACCOUNTING DEPARTMENT USE ONLY:

VENDOR NUMBER  _N/A_____        DATE OF CHECK  _4/14/08_

CHECK NUMBER  _17069_____        EXPENSE ACCT.  _Q/C_

TIME SLIP ENTRY  _MHr_____

E:\Administration\Administrative Forms\checkreq.wpd (Revised April 11, 2008)

**HARTEL, KANE, DESANTIS,**
**MACDONALD & HOWIE, LLP**
ADVANCED COST/EXPENSES
11720 BELTSVILLE DRIVE, SUITE 500
BELTSVILLE, MD 20705-3166
PH. (301) 486-1200

17069

M&T BANK
BWI COMMERCE PARK OFFICE
7-11-520

4/14/2008

PAY TO THE
ORDER OF    U.S. Dist. Ct. for the Dist of Columbia                    $**350.00

Three Hundred Fifty and 00/100************************************************************   DOLLARS

U.S. Dist. Ct. for the Dist. of Columbia

MEMO
Bailey v. J & B  0649/2299                    Deborah E. Kane

⑆017069⑆ ⑆052000113⑆ 9838281625⑆

---

HARTEL, KANE, DESANTIS, MACDONALD & HOWIE, LLP          17069
ADVANCED COST/EXPENSES
U.S. Dist. Ct. for the Dist of Columbia          4/14/2008
Bailey v. J & B 0649/2299                                  350.00

MT- Advanced Cost/E   Bailey v. J & B  0649/2299               350.00

HARTEL, KANE, DESANTIS, MACDONALD & HOWIE, LLP          17069
ADVANCED COST/EXPENSES
U.S. Dist. Ct. for the Dist of Columbia          4/14/2008
Bailey v. J & B 0649/2299                                  350.00

MT- Advanced Cost/E   Bailey v. J & B  0649/2299               350.00

DELUXE BUSINESS FORMS  1+800-328-0304  www.deluxeforms.com

*B8 - 644*
*RMC*

## I (a) PLAINTIFFS

Keith Bailey and Jacqueline Bailey                  1100/

**DEFENDANTS**

J & B Trucking Services, Inc., *ET AL*          88888

District of Columbia

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT          Montgomery, MD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Steven VanGrack, Esq
Edward L. Norwind, Esq.
KARP, FROSH, LAPIDUS, WIGODSY & NORWIND, P.A.
2273 Research Boulevard, Suite 200
Rockville, Maryland 20850
(301) 948-3800

Case: 1:08-cv-00644
Assigned To : Collyer, Rosemary M.
Assign. Date : 4/14/2008
Description: PI/Malpractice

**JURY ACTION**

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 2 U.S. Government
Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ A. *Antitrust*

☒ B. *Personal Injury/
Malpractice*

○ C. *Administrative Agency
Review*

○ D. *Temporary Restraining
Order/Preliminary
Injunction*

☐ 410 Antitrust

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

## V. E.  *General Civil (Other)*          OR          ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC  7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

○ 1 Original Proceeding   ◉ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1441 and 1146: Defendants are not residents of the District of Columbia and the amount in controversy exceeds the sum of $75,000.00

| VII. REQUESTED IN COMPLAINT | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $  4,000,000 | Check YES only if demanded in compl |
|---|---|---|---|
| | | JURY DEMAND: | YES ☒   NO ☐ |

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☐   If yes, please complete related case form.

DATE 4/14/08   SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_KEITH BAILEY, ET AL_
Plaintiff

v.

Civil Action No. _08-644_

_4.14.08_

_J & B TRUCKING SRVCS. INC., ETAL_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **COLLYER, J. RMC**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: _STEVEN VANGRACK_

929A
Rev. 7/02