## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEITH BAILEY *et ux.*                           :
                                                :
      Plaintiffs,                        :
                                                :
      v.                                 :    Case No.: 1:08-cv-00644-RMC
                                                :    Judge Rosemary M. Collyer
J & B TRUCKING SERVICES, INC., *et al.* :
                                                :
      Defendants.                        :


**CONSENT MOTION FOR LIMITED DEPOSITION OF DEFENDANT SANABRIA
ON PERSONAL JURISDICTION
AND FOR EXTENSION OF TIME WITHIN WHICH PLAINTIFFS MAY FILE AN
<u>OPPOSITION TO DEFENDANT SANABRIA'S MOTION TO DISMISS</u>**

     Pursuant to Federal Rule of Civil Procedure 37(a), Plaintiffs Keith Bailey and

Jacqueline Bailey move for a limited deposition of the Defendant Sergio Rolando Sanabria in

this vehicular negligence case for the purpose of establishing the extent of Mr. Sanabria's

contacts with the District of Columbia.   As grounds therefore, the plaintiffs state as follows:

    1.    Defendant Sanabria has moved to dismiss the instant case, pursuant to Federal Rule

of Civil Procedure 12(b)(2), based on his assertion that he has insufficient contacts with the

District of Columbia for this Honorable Court to assert personal jurisdiction over him pursuant

to the District's long-arm statute, D.C. Code § 13-423(a)(1)-(4).

    2.    Defendant Sanabria did not file any affidavit or other evidence to support his

assertion of insufficient contacts.  He merely represented in the Memorandum to his Motion, in

a conclusory manner, that he "made infrequent deliveries within the District of Columbia acting

solely within his capacity as an employee/agent of Defendant J&B Trucking Services, Inc."

(Mot. Mem. ¶ 2.)

3.      This case arises out of Defendant Sanabria's negligent use of a truck entrusted to him by Co-Defendant J & B Trucking Service, Inc.  Plaintiff has confirmed that J&B Trucking Service, Inc. has contracts to deliver furniture for businesses with many locations in the District of Columbia, Virginia, Maryland and other states.

4.      Plaintiffs have reason to believe, as they averred in their Complaint (¶ 5), that Defendant Sanabria has frequent contacts with the District of Columbia by virtue of his work for Co-Defendant J & B Trucking Service, Inc., making furniture deliveries in the Washington metropolitan area and has frequent contacts individually.

5.      Further, the Plaintiffs alleged in their Complaint (¶ 6) that Defendant Sanabria had "other substantial contacts with the District," in part due to his residence in Hyattsville, then in Gaithersburg, both suburbs of Washington, D.C.

6.      The Plaintiffs have been unable to engage in any further discovery to develop the record regarding Defendant Sanabria's contacts with the District.

7.      The Plaintiffs originally filed this case in the Superior Court for the District of Columbia.  On April 14, 2008, the Defendants filed a Petition and Notice of Removal from D.C. Superior Court to this Honorable Court, pursuant to 28 U.S.C. §§ 1441 and 1446, based on the complete diversity of the parties.  The Plaintiffs do not oppose that Petition for Removal. As of this date, however, this Court has yet to issue a scheduling order, and no Rule 26(f) conference has yet occurred.  Therefore, pursuant to Federal Rule of Civil Procedure 26(d), the Plaintiffs cannot yet engage in any discovery to elicit facts concerning Defendant Sanabria's contacts with the District.  Rule 26(d) does, however, permit discovery to be conducted prior to the Rule 26(f) conference "by order or agreement of the parties."

8.      Plaintiffs' counsel has requested to depose Defendant Sanabria on the limited issue of personal jurisdiction, both to cross-examine him on the assertions stated in his Motion to Dismiss and to elicit additional information relevant to the issue of his contacts with the District of Columbia.

9.      On April 21, 2008, Defendant's counsel orally agreed by telephone to produce Defendant Sanabria for deposition on this limited issue.

10.      The parties have therefore conferred on this issue, pursuant to Local Civil Rule 7(m), and have agreed that the Plaintiffs may depose Defendant Sanabria on the limited issue of contacts with the District of Columbia.

11.      The Plaintiffs, however, will not have sufficient time to depose Defendant Sanabria, receive the transcript of his deposition, and file an opposition within the time required by the Local Rules.  Defendant Sanabria served his Motion on the Plaintiffs by regular U.S. mail on April 14, 2008.  Local Civil Rule 7(b) requires any opposition to be filed within 11 days. Federal Rule of Civil Procedure 6(e) provides an extra three days when service is effected by mail.  Under the Local and Federal Rules, therefore, the Plaintiffs have 14 days from April 14, 2008, i.e., until April 28, 2008, to serve their opposition.  The Plaintiffs secured the Defendant's agreement to deposition only on April 21, 2008.  It is impracticable for the parties to conduct Defendant Sanabria's deposition within enough time for the Plaintiffs to file an Opposition by April 28th.

12.      The Plaintiffs therefore respectfully request permission to depose Defendant Sanabria before being required to file an Opposition to the pending Motion to Dismiss.  The Plaintiffs request that they be permitted to file their Opposition within 30 days of the deposition of the Defendant.

3

**WHEREFORE**, the Plaintiffs respectfully request that this Court issue an Order requiring Defendant Sanabria to appear at a deposition within 30 days of the entry of the Order and that the time within which the Plaintiffs may file an opposition to the pending Motion to Dismiss be extended up to 30 days after Defendant Sanabria has been deposed.  A proposed Order is appended.

Respectfully,

**KARP, FROSH, LAPIDUS, WIGODSKY & NORWIND, P.A.**


     /s/  STEVEN VANGRACK
Steven VanGrack, Esq., D.C. Bar No. 223-339
Edward L. Norwind, Esq., D.C. Bar No. 936-393
Murray D. Scheel, Esq. D.C. Bar No. 490-012
2273 Research Boulevard, Suite 200
Rockville, Maryland 20850
Telephone: (301) 948-3800
Facsimile: (301) 948-5449

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KEITH BAILEY *et ux.* | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No.: 1:08-cv-00644-RMC |
| | : | Judge Rosemary M. Collyer |
| J & B TRUCKING SERVICES, INC., *et al.* | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

UPON CONSIDERATION of the Plaintiffs' Consent Motion for Limited Deposition of Defendant Sanabria on Personal Jurisdiction and for Extension of Time Within Which Plaintiffs May File an Opposition to Defendant Sanabria's Motion to Dismiss, with good cause having been shown, and there being no opposition, it is, by this Court, this _____ day of _____, 2008, hereby

**ORDERED**, that the Plaintiffs' Consent Motion for Limited Deposition of Defendant Sanabria on Personal Jurisdiction and for Extension of Time Within Which Plaintiffs May File an Opposition to Defendant Sanabria's Motion to Dismiss, be and hereby is **GRANTED**; and it is further,

**ORDERED,** that, within 30 days of the entry of this Order, Defendant Sanabria shall submit to a limited deposition at which the Plaintiffs may explore any and all facts pertinent to that Defendant's contacts with the District of Columbia; and it is further

**ORDERED,** that the deadline for filing any opposition to Defendant Sanabria's Motion to Dismiss for Lack of Personal Jurisdiction is hereby extended up to and including 30 days from the date of Defendant Sanabria's deposition as ordered above.

_____

JUDGE ROSEMARY M. COLLYER
United States District Court for
the District of Columbia