IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH BAILEY, *et ux*.          :
                               :
          Plaintiffs,          :
                               :
          v.                   :     Case No: 1:08-cv-00644-RMC
                               :     Judge Rosemary M. Collyer
J & B TRUCKING SERVICES,       :
INC., *et al*.                 :

**SERGIO ROLANDO SANABRIA'S RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANT SERGIO ROLANDO SANABRIA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)**

COMES NOW, Sergio Rolando Sanabria, by special appearance, for purposes of this response only, by and through counsel, and respectfully requests this Honorable Court to grant Sergio Rolando Sanabria's Motion and to issue an Order dismissing Sergio Rolando Sanabria (hereinafter "Mr. Sanabria") for lack of personal jurisdiction. The deposition testimony of Mr. Sanabria clearly demonstrates that he does not have any *personal* contacts with the District of Columbia. Further, Mr. Sanabria's testimony indicates that he only enters the District of Columbia while working for his employer. Therefore, Plaintiffs assertion that the District of Columbia has personal jurisdiction over Mr. Sanabria lacks any factual basis, legal basis, and falls well short of their burden of proof.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

I.    **FACTS**

    A.    **Mr. Sanabria lacks any personal contacts with the District of Columbia.**

    The Plaintiff requested, this Court granted, and the Defendant consented to the Plaintiff taking a deposition of Mr. Sanabria which was limited in scope to the jurisdictional issue. Mr. Sanabria testified that he has *never* lived in the District of Columbia. (Sanabria Dep. 32:3-6). As a resident of the State of Maryland, Mr. Sanabria has a Maryland driver's license. (Sanabria Dep. 20:17-21). Further, Mr. Sanabria testified that he *only* goes into the District of Columbia for work. (Sanabria Dep. 23:15-21 and 24:13-15).

        Q:    Okay, Mr. Sanabria, we have talked about some of your work activities. Let me ask you now about some of your personal activities.

            Do you ever go into the District of Columbia?

        A.    Only when I work.

        ***

        Q:    Do you ever drive through the District of Columbia when you are not working?

        A:    No. No. I do not.

It was further established at deposition that Mr. Sanabria does not have any *personal* contacts with the District of Columbia as it was determined that he does not: 1) have any family members



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

in the District of Columbia;[1] 2) does not visit any friends in the District of Columbia;[2] 3) does not attend church in the District of Columbia;[3] 4) does not attend any sporting events in the District of Columbia;[4] 5) has never received medical care or been treated by a Doctor in the District of Columbia;[5] 6) has never been hurt in the District of Columbia;[6] and 7) does not shop in the District of Columbia.[7]  In summation, Mr. Sanabria testified that if he is not working then he is not in the District of Columbia.

However, Plaintiffs assert that Mr. Sanabria "utilizes District roads on a regular basis both on and off the job." *See* Plaint. Opp. ¶ 4.  From the testimony already discussed, the Plaintiffs arrive at this conclusion only by misconstruing Mr. Sanabria's testimony.  Specifically, Plaintiffs isolate the single statement "sometimes I take Riggs Road when I am not going to work."  *See* Sanabria Dep. 34: 7-8; *See also* Plaint. Opp. ¶ 4.  However, Mr. Sanabria was asked twice and answered



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

1.  Sanabria Dep. 23-24:22, 1-2

2.  Sanabria Dep. 24: 3-5

3.  Sanabria Dep. 24:6-8

4.  Sanabria Dep. 24: 9-12.

5.  Sanabria Dep. 26: 11-16

6.  Sanabria Dep. 27: 1-4

7.  Sanabria Dep. 27: 11-13

twice that he does not drive in the District of Columbia except within the scope of his employment. Furthermore, a majority of Riggs Road is within the State of Maryland,[8] therefore Mr. Sanabria's statement of using Riggs Road when not going to work is *consistent* with his testimony of not entering the District of Columbia *except within the scope of his employment*.

### B.    Procedural History

This action arises from the alleged injuries sustained by the Plaintiffs on or about January 7, 2006. A box truck was stolen from Mr. Sanabria's residence by Onorio T. Cifuentes <u>in the State Maryland</u> and *Mr. Cifuentes* allegedly drove the vehicle into the District of Columbia causing the alleged injury.

Plaintiffs filed this action in the Superior Court of the District of Columbia against J&B Trucking and Mr. Sanabria, but <u>not</u> against the alleged tortfeasor, Mr. Cifuentes. On or about April 14, 2008, Defendant J&B Trucking filed a petition to remove the instant action to this honorable Court, pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity. Concurrently, Mr. Sanabria filed his Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(2), to which



HARTEL, KANE, DeSANTIS, MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

8.  It should be noted that when reviewing the length of Riggs Road on a map, Riggs Road starts **north** of 495 and continues south into the District of Columbia where it becomes Riggs Road NE, with the vast majority of Riggs Road being contained within the State of Maryland.

Plaintiffs' filed their opposition and Mr. Sanabria files this response.

## II.   PLAINTIFFS' BURDEN OF PROOF

### A.   DC. CODE § 13-423(a)(4) AND PLAINTIFFS' NOW HEIGHTEN BURDEN OF PROOF TO ESTABLISH THAT THE DISTRICT OF COLUMBIA HAS PERSONAL JURISDICTION OVER MR. SANABRIA

This Court has held that "although ordinarily a plaintiff need only establish a *prima facie* case that personal jurisdiction exists in order to survive a motion to dismiss..., in situations where the parties are permitted to conduct discovery on the jurisdictional issue a plaintiff must prove personal jurisdiction by a preponderance of the evidence." Shapiro, Lifschitz & Schran, P.C. v. Hazard, et al., 24 F. Supp. 2d 66, 69 (D.D.C. 1998) (*citing* Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990)) (emphasis original).  The Plaintiffs assert, and Mr. Sanabria agrees, that in order to establish that the District of Columbia has personal jurisdiction over Mr. Sanabria, the Plaintiffs must establish by a *preponderance of the evidence* that:

> [A]s to a claim for relief arising from the **person's**[9]...
> causing tortious injury in the District of Columbia by an act or

---

9. D.C. Code § 13-421 defines a "person" for the purposes of the D.C. long-arm statute as "*an individual*, his executor, administrator, or other personal representative, *or a corporation*, partnership, association, or any other legal or commercial entity.... (emphasis added).

-5-

HARTEL, KANE, DESANTIS, MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

> omission outside the District of Columbia if **he** regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia....

D.C. Code § 13-423(a)(4)(emphasis added); *See also* Plaint. Opp. ¶ 8.  If the Plaintiffs cannot meet their burden in proving personal jurisdiction, than Mr. Sanabria must be dismissed from this action.

## III. DISCUSSION

**A.  Plaintiffs cannot satisfy "minium contacts" as Mr. Sanabria's only contact with the District has been exclusively in the capacity and scope as an employee of a corporation.**

Other than by taking Mr. Sanabria's testimony regarding his use of Riggs Road out of context, Plaintiffs have not provided any specific fact demonstrating Mr. Sanabria's *personal* contacts with the District of Columbia.  This is further evidenced by the testimony of Mr. Sanabria when he testified at deposition that he does not enter the District of Columbia *unless* it within the scope of his employment.[10]  Plaintiffs' complete lack of any factual foundation for the District of Columbia to exercise



HARTEL, KANE, DESANTIS, MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

10.  Plaintiff argues that even if Mr. Sanabria's status as an employee of J&B Trucking prohibits the court from exercising personal jurisdiction over him, that "corporate shield" is no longer valid as Mr. Sanabria now works for a *different* corporation.  This argument does not make sense for a number of reasons: 1) Actions in the scope of employment which occurred in the past do not cease to be characterized as such because the employer/employee relationship ends; and 2) Mr. Sanabria now *presently* works for another corporation and only enters the District of Columbia in the scope of his employment for that corporation.

-6-

personal jurisdiction over Mr. Sanabria, led Mr. Sanabria to challenge personal jurisdiction by filing his motion to dismiss.

This Court has held that "when personal jurisdiction is challenged under Federal Rules of Civil Procedure 12(b)(2), the '[p]lantiff *bears the burden* of establishing personal jurisdiction over *each individual defendant*...[by alleging] *specific* facts on which personal jurisdiction can be based....'" <u>Burman, et al. v. Phoenix Worldwide Industries, Inc., et al.</u>, 437 F. Supp. 2d 142, 147 (D.D.C. 2006) (*citing* <u>Atlantigas Corp. v. Nisource, Inc.</u>, 290 F. Supp. 2d 34, 42 (D.D.C. 2003))(emphasis added).

> **1.     Personal Jurisdiction cannot be based upon contacts of an employee while acting within the scope of his employment.**

This Court has stated that "[i]t is true that a court does not have jurisdiction over individual officers and employees of a corporation just because the court has jurisdiction over the corporation." <u>Wiggins, Jr. v. Equifax, Inc., et al.</u>, 853 F. Supp. 500, 503 (D.D.C. 1994) (*citing* <u>Quinto v. Legal Times</u>, 506 F. Supp. 554, 558 (D.D.C. 1981)).  "Personal jurisdiction over the employees or officers of a corporation in their *individual capacities* must be based on *their personal contacts* with the forum **and not their acts and contacts carried out solely in a corporate capacity**." <u>Id</u>. (emphasis added).  Therefore, "the



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

corporation *ordinarily* insulates the individual employee from the court's personal jurisdiction." <u>Id</u>. (emphasis original).[11]

It has long been held that personal jurisdiction can only be established over a nonresident defendant if "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945). Thus, the overriding question is whether the application of the corporate shield doctrine would be consistent with <u>International Shoe</u> by *promoting* "fair play and substantial justice." This Court answered this question in the affirmative when it stated that "the underpinning of the doctrine is the notion that 'it is *<u>unfair</u>* to force an individual to defend a suit brought against him personally in a forum with which his <u>only</u> *relevant contacts* are acts performed *not for <u>his</u> own benefit, but for the benefit of his employer."* <u>American Directory Service Agency v. Beam</u>, 131 F.R.D. 635 (D.D.C. 1990) (*citing* <u>Marine Midland Bank, N.A. v. Miller</u>, 664 F.2d 899, 902 (2d Cir. 1981)) (emphasis added). Therefore, to subject a mere



Hartel, Kane, DeSantis,
MacDonald & Howie, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

_____

5924 North 15th Street
Arlington, Virginia 22205

---

11. The <u>Wiggins'</u> court properly held that employees acting within the scope of their employment are not "doing business" in the District of Columbia. <u>Id</u>. The Defendants in the <u>Wiggins</u> case "were merely employees of a company that has contact with the District. These acts, carried out within the scope of their employment, *do not create sufficient contacts to establish personal jurisdiction*." <u>Id</u>. (emphasis added). "Insofar as the complaint attempts to establish personal jurisdiction over defendants...as employees..., *plaintiff fails to establish personal jurisdiction*." <u>Id</u>. (emphasis added).

employee of a corporation to the personal jurisdiction of the District of Columbia where the employee's only contact with the forum arises out of his employment contacts would truly offend the traditional notions of fair play and substantial justice.

> **a.    Plaintiffs' "plus factors" argument does not overcome their deficiency in not pleading specific facts upon which personal jurisdiction can be based.**

First, the Plaintiffs cite <u>Guevara v. Reed</u>, 598 A.2d 1157, 1158 (D.C. 1991) to stand for the proposition that doing business can "consist of regularly performing commercial services." *See* Plaint. Opp. ¶ 9.  However, the party that conceded to performing hotel and food services was Marriott, a corporate entity.  The Marriott is not an employee and performs these activities through its employees which subject *it* and not employees to personal jurisdiction.

Second, the Plaintiffs cite <u>Etchebarne-Bourin, et al. v. Radice, M.D., et al.</u>, 754 A.2d 322, 325 n.5 (D.C. 2000) to stand for the proposition that an employee can have a persistent course of conduct even in the course of the defendant's profession.  However, <u>Etchebarne-Bourin</u> was not decided based upon the corporate shield doctrine, it was determined by analyzing whether the defendant's contacts met the sufficient nexus requirement.  Further, the "employees" in <u>Etchebarne-</u>



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

<u>Bourin</u> were the principle owners and shareholders of the subject entity.  Mr. Sanabria is merely an employee.

Finally, the Plaintiffs cite <u>Stabilisierungsfonds Fur Wein, et al v. Kaiser Stuhl Wine Distributors Pty. Ltd., et al</u>, 647 F.2d 200, 206 (D.C. Cir. 1981) to stand for the proposition that the employee's paycheck which comes from an entity that derives income from the District, subjects the employee to personal jurisdiction within the District.  This assertion is incorrect for a number of reasons: 1) the defendant in <u>Stabilisierungsfonds</u> was an entity and not an employee; and 2) this interpretation would have the effect of "swallowing the rule," as it would subject any employee who receives a paycheck from an entity that derives a portion of its income from the District of Columbia, to the personal jurisdiction of the District.

**2.    Plaintiffs' counter argument lacks
        sufficient basis as it misconstrues the
        facts and rationale of the cases cited**

Plaintiffs' counter Mr. Sanabria's argument by relying heavily on this Court's holding in <u>Chase v. Pan-Pacific Broadcasting, Inc.</u>, 617 F. Supp. 1414, 1423 (D.D.C. 1985). Plaintiff asserts that the facts in <u>Chase</u> closely resemble the facts of the instant matter, however, the facts in <u>Chase</u> could not be any more different.  Plaintiffs summarize the facts of <u>Chase</u> as "the Plaintiff sued an out-of-forum corporation, Pan-



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-10-

Pacific, and several of its employees, Iwasaki, Kinoshita, and Olson...[and] this Court declined to assert personal jurisdiction over some out-of-forum corporate employees, but sustained for another." *See* Plaint. Opp. ¶ 16.  This is simply an incorrect summarization of the facts.  In <u>Chase</u>, this Court did properly assert personal jurisdiction over Iwasaki, but the facts of that case lent themselves to that holding.

In <u>Chase</u>, Iwasaki was not just an "employee."  Iwasaki made inquiries in his *individual capacity* to purchase a television station in California and exercised *control* over the actions of a District of Columbia attorney that *he hired*.  <u>Chase</u> 617 F. Supp. at 1416.  Upon Iwasaki's discovery that FFC alien ownership rules prevented him from directly owning a television station, Iwasaki, formed Pan-Pacific of which *he was a 20 percent owner*, to circumvent this law.  <u>Id</u>. at 1416-17. Further, Iwasaki provided all of the financing for the companies, made all of the business decisions for the companies, and assumed all financial responsibility for the companies. <u>Id</u>. at 1417.

Mr. Sanabria, by <u>stark</u> <u>contrast</u>, merely drives a truck and delivers furnishings for a company.  Mr. Sanabria does not provide any financing, did not form any of the entities, does not make any business decisions, and does not own any part of the companies.  It becomes clear that the <u>Chase</u> decision did not



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-11-

fall solely upon Iwasaki's contacts with the forum jurisdiction but that the corporate shield doctrine did not prevent personal jurisdiction as Iwasaki was <u>not</u> merely an employee of the company that <u>he owned</u> and that he had made *personal* contacts with the forum before the formation of the corporations. [12]

In the alternative, Plaintiffs assert that the <u>Chase</u> decision holds that "the fiduciary shield doctrine is not a valid defense under District law against personal jurisdiction." *See* Plaint. Opp. ¶ 18.  This is an overly broad interpretation of this Court's holding in <u>Chase</u>, and is in fact, *incorrect.* This Court's holding was clearly <u>much</u> narrower then Plaintiffs' interpretation when this Court stated in <u>Chase</u> that "we accept this guidance from the Maryland courts and legal scholars and accordingly *hold that the fiduciary shield does not apply to* **section 13-423(a)(1)**"[13] <u>Chase</u>, 614 F. Supp. at 1423.  In other words, an individual transacting *his* business through his company within the District of Columbia cannot hide behind that entity's corporate shield to escape personal jurisdiction.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

12.  This Court followed Mr. Sanabria's interpretation in <u>Flocco v. State Farm Mut. Auto. Ins. Co.</u>, 752 A.2d 147, 162 (D.C. 2000) (cases where the defendants are "more than employees of the corporation" courts recognize an exception to this doctrine.)

13.  D.C. Code § 13-423(a)(1) states that the District "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising form the person's...transacting any business in the District of Columbia." Plaintiff admits in their opposition brief that Mr. Sanabria was not transacting any business in the District.  Opp. Mem. ¶ 19.

-12-

Plaintiffs assert that this court has personal jurisdiction over Mr. Sanabria pursuant to section 13-423(a)(4), not section 13-423(a)(1). *See* Plaint. Opp. ¶ 8. This Court's holding in <u>Chase</u> is not as broad as Plaintiffs purport it to be nor is it dispositive to the instant action.

Further, Plaintiffs' "transacting business" argument does not fit within the context of <u>Chase</u>. *See* Plaint. Opp. ¶¶ 18-19. Plaintiffs cite this Court in <u>Chase</u> when this Court was clearly describing the corporate shield doctrine in other jurisdictions. Specifically, this Court's citing of the United States District Court for the District of Minnesota which stated that "the courts [that] apply the fiduciary shield doctrine hold that it is the corporation - and not the individual who acts for the corporation - which is 'transacting business' under the relevant long-arm statute." <u>Chase</u>, 617 F. Supp. at 1423 (*citing* <u>Washington Scientific Industries, Inc. v. American Safeguard Corp.</u>, 308 F. Supp. 736, 739 (D. Minn. 1970)). However, this Court declined to follow this definition when it held that the corporate shield does not apply to section 13-423(a)(1).

## IV.   CONCLUSION

For the foregoing reasons, Mr. Sanabria respectfully requests that this Honorable Court grant Mr. Sanabria's Motion to Dismiss for Lack of Personal Jurisdiction and to deny Plaintiffs leave to amend their Complaint.

-13-



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

SERGIO ROLANDO SANABRIA
By Counsel:

HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP


_____/s/_____
Neil J. MacDonald, #433699
11720 Beltsville Drive
Suite 500
Beltsville, Maryland 20705
Telephone:  (301) 486-1200
Facsimile:  (301) 486-0935


### CERTIFICATE OF SERVICE

    I hereby certify that on this ___20___ day of ___June___,

2008, a copy of the foregoing was mailed, post-prepaid, to:

    Steven VanGrack, Esquire
    Edward L. Norwind, Esquire
    Murray D. Scheel, Esquire
    KARP, FROSH, LAPIDUS,
    WIGODSKY & NORWIND, P.A.
    2273 Research Boulevard
    Suite 200
    Rockville, Maryland  20850




_____/s/_____
                    Neil J. MacDonald

E:\NJM\Bailey v. J & B Trucking et al\Response to Plaintiffs Opposition to Mot.to.dis.6.17.08.wpd

HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

_____

5924 North 15th Street
Arlington, Virginia 22205

-14-