IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH BAILEY, *et ux.*      :
                            :
          Plaintiffs,       :
                            :
          v.                :    Case No: 1:08-cv-00644-RMC
                            :    Judge Rosemary M. Collyer
J & B TRUCKING SERVICES,    :
INC., *et al.*              :
                            :
          Defendants.       :

### DEFENDANT J&B TRUCKING SERVICES, INC.'S MOTION FOR THE APPLICATION OF MARYLAND SUBSTANTIVE LAW

COMES NOW, the Defendant J & B Trucking Services, Inc., by counsel, Neil J. MacDonald, Esquire and the law firm of HARTEL, KANE, DeSANTIS, MacDONALD & HOWIE, LLP, and moves this Honorable Court to apply the substantive law of the State of Maryland in the instant matter, and for grounds states as follows:

1.    This action arises from the alleged injuries sustained by the Plaintiffs on or about January 7, 2006.  It is alleged that a box truck was stolen from Sergio Rolando Sanabria's residence by Onorio T. Cifuentes *in the State Maryland* and *Mr. Cifuentes* allegedly drove the vehicle from the State of Maryland into the District of Columbia causing Plaintiffs' alleged injuries.

2.    Plaintiffs filed this action in the Superior Court of the District of Columbia against J&B Trucking Services, Inc. and Mr. Sanabria, but not against the alleged tortfeasor, Onorio T. Cifuentes.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

3.    Defendant J&B Trucking Services, Inc. adopts and incorporates by reference its attached memorandum of points and authorities in support of this motion.

WHEREFORE, the Defendant, J&B Trucking Services, Inc. respectfully requests that this Honorable Court grant its motion and apply the substantive law of the State of Maryland to the instant matter.

                                        J&B TRUCKING SERVICES, INC.
                                        By Counsel:


HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP


_____/s/_____
Neil J. MacDonald, #433699
11720 Beltsville Drive
Suite 500
Beltsville, Maryland 20705
Telephone:  (301) 486-1200
Facsimile:  (301) 486-0935



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
—————————
5924 North 15th Street
Arlington, Virginia 22205

## CERTIFICATE OF SERVICE

I hereby certify that on this __18__ day of _July_ , 2008, I have served this document as required by Federal Rule of Civil Procedure 5(a) by serving this document by first class U.S. mail to:

        Steven VanGrack, Esquire
        Edward L. Norwind, Esquire
        Murray D. Scheel, Esquire
        KARP, FROSH, LAPIDUS,
        WIGODSKY & NORWIND, P.A.
        2273 Research Boulevard
        Suite 200
        Rockville, Maryland  20850


                          _____/s/_____
                          Neil J. MacDonald

E:\NJM\Bailey v. J & B Trucking et al\Motion to apply MD sub. law.6.25.08.wpd



HARTEL, KANE, DeSANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

————————

5924 North 15th Street
Arlington, Virginia 22205

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH BAILEY, *et ux.*        :
                             :
        Plaintiffs,          :
                             :
        v.                   :    Case No: 1:08-cv-00644-RMC
                             :    Judge Rosemary M. Collyer
J & B TRUCKING SERVICES,     :
INC., *et al.*               :
                             :
        Defendants.          :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT J&B TRUCKING SERVICES, INC.'S MOTION FOR THE APPLICATION OF MARYLAND SUBSTANTIVE LAW

COMES NOW, the Defendant, J&B Trucking Services, Inc., by counsel, Neil J. MacDonald, Esquire and the law firm of HARTEL, KANE, DeSANTIS, MacDONALD & HOWIE, LLP, moves this Honorable Court to apply the substantive law of the State of Maryland in the instant matter, and for grounds states as follows:

### FACTUAL BACKGROUND

This motor vehicle, personal injury action is brought by Plaintiffs Keith Bailey and Jacqueline Bailey and arises from injuries which are alleged to have occurred on or about January 7, 2006.  Plaintiffs allege that the subject vehicle was involved in the subject occurrence in the District, *after* it was stolen in Prince George's County, Maryland and then driven into the District of Columbia.  *See* Compl. ¶¶ 4: 13-16. Specifically, Plaintiffs allege that a box truck was stolen from Sergio Rolando Sanabria's private residence by Onorio T.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

Cifuentes. _Id_. Plaintiffs further allege that Mr. Cifuentes, the independent actor, then drove the stolen box truck from the State of Maryland into the District of Columbia where he caused the alleged injury. _See_ Compl. ¶¶ 4-5: 16-19.

On or about February 28, 2008, Plaintiffs filed this action in the Superior Court of the District of Columbia against J&B Trucking Services, Inc. and Sergio Rolando Sanabria. However, Plaintiffs did not file this suit against the alleged tortfeasor, Onorio T. Cifuentes whose alleged conduct, within the District, caused the injuries complained of by Plaintiffs. _See_ Compl. ¶¶ 5: 19. In their Complaint, Plaintiffs assert that the liability of the named Defendants is based upon the alleged conduct of Mr. Sanabria, which occurred in the State of Maryland. _See_ Compl. ¶¶ 4: 13-14. Plaintiffs further allege that this the alleged conduct of Mr. Sanabria was within the alleged scope of his employment with J&B Trucking Services, Inc. _See_ Compl. ¶¶ 4: 12. Plaintiffs allege that Mr. Sanabria was negligent when he allegedly left his keys in the ignition and the engine running of the subject box truck, which was parked on private property and located in the State of Maryland. _See_ Compl. ¶¶ 4: 13-14.

Defendant J&B Trucking Services, Inc., subsequently filed a removal petition pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity and this matter was removed to this Honorable



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-2-

Court.   Mr. Sanabria concurrently filed a motion to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. Pro. 12(b)(2), which is currently pending.

## STANDARD FOR DETERMINING CHOICE OF LAW

This case is pending in this Honorable Court based on diversity pursuant to 28 U.S.C. §§ 1441 and 1446 and therefore, "the law of the forum state supplies the choice of law standards." <u>Young Women's Christian Assoc. Of the Nat. Capital Area, Inc. v. Allstate Ins. Co. of Canada</u>, 275 F.3d 1145, 1150 (D.C. App. 2002) (*citing* <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941)).   As this action was originally filed in the Superior Court for District of Columbia, the District is the forum jurisdiction and supplies the choice of law standard.

The District of Columbia Court of Appeals has stated that in tort cases the District of Columbia follows the "governmental interests" test in which the court "evaluate[s] the governmental polices underlying the applicable laws and determine[s] which jurisdiction's policy would be more advanced by the application of its law to the facts of the case under review." <u>D.C. v. Coleman</u>, 667 A.2d 811, 816 (D.C. App. 1995)(*citing* <u>Hercules & Co. v. Shama Restaurant</u>, 556 A.2d 31, 40-41 (D.C. 1989)).   In its analysis, the District follows the Restatement (Second) which "considers as important contacts, *inter alia*, the place of the injury, the place where the conduct occurred, the domicile



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-3-

of the parties, [and] the place were the relationship between the parties is centered." <u>Myers, et al. v. Gaither</u>, 232 A.2d 577, 583 (1967). Further, it should be noted that the District of Columbia does not follow the rigid conflicts of law standard of *lex loci delictus*. "Therefore, it is not the place of the injury that necessarily determines which law is to be applied." <u>Zhou, et al. v. Jennifer Mall Restaurant, Inc.</u>, 534 A.2d 1268, 1270 (D.C. App. 1987).

Further, the Court's conclusion as to which jurisdiction's law should be applied in this analysis does not have to be the same as to every issue, every actor or even every alleged act as the court is "*not bound to decide all issues under the law of a single jurisdiction*; choice of law involves examination of the various jurisdictional interests as applied to the *various distinct issues to be adjudicated*." <u>Coleman</u>, 667 A.2d at 816. (emphasis added). Finally, if at the conclusion of the court's analysis it is shown that "the policy of one [jurisdiction] would be advanced by the application of its law, and [the policy of the other jurisdiction] would not be advanced by the application of its law, a false conflict appears and the law of the interested [jurisdiction] prevails." <u>Id.</u> (*citing* <u>Kaiser-Georgetown Community v. Stutsman,</u> 491 A.2d 502, 509 (D.C. 1985)(*quoting* <u>Bisco v. Arlington County</u>, 238 U.S. App. D.C. 206, 214 (1984)).



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-4-

### DISCUSSION

**A.   The "governmental interests" of the State of Maryland will be advanced by the application of its substantive law with respect to the alleged conduct of Mr. Sanabria.**

As the alleged "tortious" conduct of Mr. Sanabria is alleged to have occurred within the State of Maryland, the issue is whether Maryland has a significant government interest in the application of its substantive law to that alleged conduct.   The State of Maryland has a substantially similar statutory regulation to that of the District which states in relevant part that "a person driving or otherwise in charge of a motor vehicle may not leave it unattended until the engine is stopped, the ignition locked, the key removed, and the brake effectively set."   Md. Transportation Code Ann. § 21-1101.   The Maryland Court of Appeals has held that the public policy of this Maryland statute is to protect a foreseeable portion of the public "against a theft of or tampering with a motor vehicle and to prevent them from moving under their own momentum should the brakes fail."   <u>Liberto v. Holfeldt</u>, 221 Md. 62, 67 (1959).   As the Plaintiffs allege that it was the conduct proscribed in the above referenced statute which allowed Mr. Cifuentes to steal the subject box truck, and the public policy of Maryland's statute is to prevent such theft (within the State) the governmental interests of the State of Maryland would be



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-5-

advanced by the application of its laws to the alleged conduct of Mr. Sanabria.

The District of Columbia agreed with this conclusion in its holding in <u>Coleman</u>. In determining which jurisdiction would have a significant governmental interest in the application of its tort laws to conduct that occurs in Maryland, the District of Columbia Court of Appeals has held that "Maryland has the primary obligations and duties with respect to public safety in Maryland *and the right to determine the circumstances under which liability shall attach for acts relating to public safety undertaken within its borders*...." <u>Coleman</u>, 667 A.2d at 817-18. (emphasis added). Further, Maryland's interest is especially significant when the actor, whose conduct is alleged to give rise to liability, is a Maryland resident. <u>Id</u>.

The facts, as alleged by the Plaintiff, indicate that Mr. Sanabria is a Maryland resident and the alleged negligent conduct of Mr. Sanabria occurred within the State of Maryland. <u>See</u> Compl. ¶¶ 2: 3 and ¶¶ 4: 13-17. Further, the Plaintiffs allege that Mr. Sanabria's conduct, within Maryland, allowed the truck to stolen in Maryland. <u>See</u> Compl. ¶¶ 4: 13-16. Therefore, according the to the <u>Coleman</u> Court, Maryland would have the only significant governmental interest in enforcing its statutory regulation with respect to the alleged negligent conduct of Mr. Sanabria. Maryland has the significant interest



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

-6-

of ensuring the public safety for alleged violations of its laws which *occur within its borders* by its residents. <u>Coleman</u>, 667 A.2d at 817-18. Put another way, the District of Columbia has no significant interest in the enforcement of District laws with respect to conduct that occurs outside of the District's borders by non-resident actors.[1]

>    1.  **The governmental interest factors, under the Restatement, support the application of Maryland substantive law with respect to the alleged conduct of Mr. Sanabria.**

Assuming, *arguendo*, that it is determined that the District may have some type of governmental interest in the application of its substantive law to conduct that neither occurred within the District, nor done by a District resident nor directed toward the District, the governmental interest factors would still support the application of Maryland substantive law to the alleged conduct of Mr. Sanabria. If there is a conflict of law between multiple jurisdictions, then to resolve the conflict the District follows the Restatement (Second) which "considers as important contacts, *inter alia*, the place of the injury, the



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

1. The District of Columbia would have a significant governmental interest in applying its substantive law to the alleged conduct of Mr. Cifuentes when he ran a solid red light and struck the Plaintiffs' vehicle as this conduct *occurred in the District of Columbia* and directly injured the Plaintiffs who are residents of the District of Columbia. *See* Compl. 5: 18-19. The District of Columbia would also have a significant governmental interest in the application of its substantive law to the contractual obligations of Plaintiffs' UM carrier, if this policy was issued within the District.

-7-

place where the conduct occurred, the domicile of the parties, [and] the place were the relationship between the parties is centered." Myers, 232 A.2d at 583.

> **a.   Although the location of the alleged accident occurred with the District of Columbia, "governmental interest" factors one and four do not support the application of the District's substantive law with respect to the alleged conduct of Mr. Sanabria.**

In weighing the first and forth factors[2], the District of Columbia Court of Appeals has stated that "the place of the injury may be a mere 'fortuity' in light of the fact that the relationship of the parties to the litigation is centered elsewhere." Id. (citing Kaiser-Georgetown Community Health Plan, Inc. v. Stutsman, 491 A.2d 502, 508 (D.C. 1985)). Further, "[a]n automobile or other vehicular accident occurring close to the border between two states presents a classic case of such a fortuity." Id.   (emphasis added).

The facts of the instant matter, as alleged by the Plaintiffs, indicate that the subject van was stolen in Prince George's County, Maryland and allegedly driven just across the State line into the District of Columbia where the stolen van, driven by the thief, allegedly struck the Plaintiffs' vehicle at the intersection of Michigan Avenue and Dakota Avenue, N.E.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

2.   Factor one: Place of Injury; Factor four: Place were the relationship between the parties is centered.  See Myers, 232 A.2d at 583.

-8-

This puts the alleged occurrence approximately *less* than a half a mile from the State line of Maryland, where the alleged theft and the alleged negligence of Mr. Sanabria occurred. Furthermore, the relationship between the Plaintiff and Mr. Sanabria is centered in Maryland as Maryland is the location where the Plaintiff alleges Mr. Sanabria's negligence, in allowing an independent third party to steal the subject vehicle, occurred. *See* Compl. ¶¶ 7, 26. Therefore, according to the <u>Zhou</u> Court, this factor would not weigh heavily in favor of the application of District substantive law, as the location of this alleged accident occurred approximately *less* than a half a mile from the Maryland boarder and the relationship of the parties is centered in the State of Maryland.



> **b.  As the alleged negligent conduct of Mr. Sanabria occurred within the State of Maryland, "governmental interest" factor two strongly supports the application of Maryland's substantive law with respect to that alleged conduct.**



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

The District of Columbia recognizes that the situs of the alleged negligent conduct is of a greater significance than the location of the alleged injury. *See* <u>Id</u>. (*quoting* <u>Pardey v. Boulevard Billiard Club</u>, 518 A.2d 1349, 1352 (R.I. 1986))("[T]he place where the liquor was unlawfully sold is of greater significance than the location of the accident because..the actual site of the crash is largely fortuitous"). Further, the

-9-

District of Columbia Court of Appeals has stated that "Maryland has the *primary* obligations and duties with respect to public safety in Maryland and the *right to determine the circumstances under which liability shall attach* for acts relating to public safety undertaken within its boarders, particularly where [the] actors are its own residents." <u>Coleman</u>, 667 A.2d at 817-18.

The facts of the instant case, as alleged by the Plaintiff, indicate that the situs of the alleged negligent conduct of the Defendants occurred within the boarders of the State of Maryland. <u>See</u> Compl. ¶¶ 4: 13-16. It is interesting to note that the District of Columbia has dealt with a factually similar case, in <u>Myers</u>.[3] The Court in <u>Myers</u> applied the tort law of the jurisdiction where the conduct occurred, *even though the injury occurred in another jurisdiction*. The District of Columbia Court of Appeals held that:

> District of Columbia law applies when a cause of action is cognizable under District of Columbia tort law on the basis of a violation *within the District of Columbia* of a *District of Columbia statute or regulation, even though the injury occurs nearby in Maryland*. . . .

<u>Zhou</u>, 534 A.2d 1268, 1271 (D.C. App. 1987)(*citing* <u>Myers</u>, *supra*) (emphasis added). According to the precedent set by the <u>Myers</u> court, the situs of the conduct which is alleged to have caused



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

---

3.  The only difference between the facts of the <u>Myers</u> case and the instant matter is that the alleged negligent conduct in <u>Myers</u> occurred in the District of Columbia and the injury occurred in Maryland. In the instant matter it is reversed.

-10-

the injury is a substantial factor, if not the determinative factor, in resolving a choice of law issue in the District of Columbia as the District could not have any governmental interest in the application of its laws to conduct occurring outside of its borders.

Before applying the alleged facts to this District of Columbia standard, it is important to bifurcate the two distinct alleged acts, by two separate and independent actors and the location where each occurred. <u>First</u>, the Plaintiffs allege that Mr. Sanabria, a named Defendant, was negligent when he started the subject truck and left it unattended. <u>See</u> Compl. ¶¶ 4:14. Plaintiffs further allege that Mr. Sanabria's conduct allowed for the theft of the subject vehicle. <u>See</u> Compl. ¶¶ 4:16. Further, the Plaintiffs allege that this conduct *occurred in the State of Maryland*. <u>See</u> Compl. ¶¶ 4:13-14. <u>Second</u>, the Plaintiffs allege that an independent actor, Mr. Cifuentes, the <u>unnamed</u> tortfeasor, stole the subject truck in the State of Maryland. <u>See</u> Compl. ¶¶ 4:13-14. Plaintiffs further allege that the thief then drove it into the District of Columbia, where he allegedly ran a red light and struck the Plaintiffs' vehicle. <u>See</u> Compl. ¶¶ 4-5:16-19. Plaintiffs allege that this conduct, of the unnamed tortfeasor, occurred in the District of Columbia. <u>See</u> Compl. ¶¶ 5:18-19. In summation, the alleged passive negligence of Mr. Sanabria of allegedly leaving the keys



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-11-

in the ignition of the subject vehicle occurred within the State of Maryland and the alleged active negligence of the alleged thief, Mr. Cifuentes occurred within the District of Columbia. Therefore, according to the <u>Myers</u> court and the facts as alleged by the Plaintiffs, District of Columbia substantive law would only apply to the alleged conduct of Mr. Cifuentes and Maryland substantive law would apply to the alleged conduct of Mr. Sanabria.[4]

> **B.    The "governmental interests" of the District of Columbia will not be advanced in the application of its substantive law with respect to the alleged conduct of Mr. Sanabria.**

In reviewing the potential governmental interests of the District of Columbia, we first look to the relevant statutory provision of the forum jurisdiction which would govern the type alleged negligent conduct of Mr. Sanabria.  The applicable regulation in the District of Columbia is CDCR § 18-2418.1 which states that "no persons driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake."  In describing the District's governmental interest in the enforcement of this provision, the United States



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

4.   <u>See</u> <u>Coleman</u>, 667 A.2d at 816 (The court is "not bound to decide all issues under the law of a single jurisdiction; choice of law involves examination of the various jurisdictional interests as applied to the various distinct issues to be adjudicated.")

Court of Appeals for the District of Columbia Circuit stated that "there is a significant District of Columbia interest in the application of the District rule of liability to an actor *who leaves his car keys accessible to a thief in the District,* and sets in motion the sequence of events...." <u>Gaither v. Myers</u>, 131 U.S. App. D.C. 216, 223 (1968)(emphasis added)[5].  The court's holding in <u>Gaither</u> is the same as in <u>Coleman</u>, the District of Columbia would only have an interest in the application of its substantive law if the conduct prohibited by those laws occurs within the boarders of the District.

Plaintiffs aver in their Complaint that the substantive law of the District of Columbia should be applied to the alleged conduct of Mr. Sanabria.  <u>See</u> Compl. ¶¶ 3:10.  However, later within that same Complaint, the Plaintiffs allege that Mr. Sanabria's liability arises from the alleged negligent act of him leaving his keys in the vehicle with the engine running and accessible to a thief. <u>See</u> Compl. ¶¶ 4:13-16.  This occurred on private property, *in the State of Maryland.*  <u>See</u> Compl. ¶¶ 4: 13-16.  Therefore, the District of Columbia, with respect to the alleged conduct of Mr. Sanabria, does not have a significant



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

5.  This case was decided under Art. XIV, § 98, which utilized the same language as the current regulation. ( "No person driving, or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway").

-13-

governmental interest in the application of its substantive law regarding an alleged negligent act which occurred *outside* of its borders, pursuant to the holdings of <u>Gaither</u> and <u>Coleman</u>. Further, assuming, *arguendo,* that the substantive law of the District may apply to the alleged conduct of Mr. Sanabria, the governmental interest of the District would not be advanced as its regulation would not apply to Mr. Sanabria's alleged conduct as it occurred on private property. *See* <u>Elliott v. Capital Cadillac-Oldsmobile Company</u>, 245 A.2d 634, 635 (D.C. App.1968) ("When a car is made less accessible to possible removal by thieves because placed on *private property* and away from immediate public contact and visibility, the regulation, which lists a number of operations to be performed when leaving a car unattended, *does not apply*.")(emphasis added).

Therefore, under the "governmental interest" test followed in the District of Columbia, "[w]hen the policy of one [jurisdiction] would be advanced by application of its law, and [the policy of the other jurisdiction] would not be advance by application of its law, a false conflict appears and the law of the interested [jurisdiction] prevails." <u>Coleman</u>, 667 A.2d at 816 (*citing* <u>Stutsman,</u> 491 A.2d at 509 (*quoting* <u>Bisco</u>, 238 U.S. App. D.C. at 214)). The facts of the instant matter present such a case of a false conflict and as Maryland is the only jurisdiction with the substantial governmental interest in the



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-14-

application of its substantive laws, the substantive law of the State of Maryland should apply as to the alleged conduct of Mr. Sanabria.

## CONCLUSION

WHEREFORE, the Defendant J&B Trucking Services, Inc. respectfully requests this Honorable Court to apply the substantive law of the State of Maryland to the facts, claims, and allegations of this matter.

                              J&B TRUCKING SERVICES, INC.
                              By Counsel:


HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP


       /s/
Neil J. MacDonald, #433699
11720 Beltsville Drive
Suite 500
Beltsville, Maryland 20705
Telephone:   (301) 486-1200
Facsimile:   (301) 486-0935



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-15-

## CERTIFICATE OF SERVICE

I hereby certify that on this ___18___ day of ____July____,
2008, I have served this document as required by Federal Rule of
Civil Procedure 5(a) by serving this document by first class
U.S. mail to:

        Steven VanGrack, Esquire
        Edward L. Norwind, Esquire
        Murray D. Scheel, Esquire
        KARP, FROSH, LAPIDUS,
        WIGODSKY & NORWIND, P.A.
        2273 Research Boulevard
        Suite 200
        Rockville, Maryland  20850


                                _____/s/_____
                                Neil J. MacDonald

E:\NJM\Bailey v. J & B Trucking et al\Memo P&A for Mot.to.apply.MD sub.law.6.25.08.wpd



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

————————

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH BAILEY, *et ux.*          :
                                :
          Plaintiffs,           :
                                :
          v.                    :    Case No: 1:08-cv-00644-RMC
                                :    Judge Rosemary M. Collyer
J & B TRUCKING SERVICES,        :
INC., *et al.*                  :
                                :
          Defendants.           :

## ORDER

UPON CONSIDERATION of Defendant J&B Trucking Services, Inc.'s Motion For The Application of Maryland Substantive Law, any opposition thereto, and good cause having been shown, it is, by the United States District Court for the District of Columbia, this _____ day of _____, 2008, hereby

**ORDERED** that the Defendant's Motion For the Application of Maryland Substantive Law be and hereby is GRANTED; and it is further

**ORDERED** that this Court will apply the substantive law of the State of Maryland to the facts, claims and allegations of the instant matter.

SO ORDERED, this _____ day of _____, 2008.


_____
ROSEMARY M. COLLYER
United States District Judge


copies to:

Neil J. MacDonald, #433699
11720 Beltsville Drive
Suite 500
Beltsville, Maryland 20705
Telephone:  (301) 486-1200
Facsimile:  (301) 486-0935

Steven VanGrack, Esquire
Edward L. Norwind, Esquire
Murray D. Scheel, Esquire
KARP, FROSH, LAPIDUS,
WIGODSKY & NORWIND, P.A.
2273 Research Boulevard
Suite 200
Rockville, Maryland  20850
Telephone: (301) 948-3800
Facsimile: (301) 948-5449

E:\NJM\Bailey v. J & B Trucking et al\MD sub. law.order.7.11.08.wpd