IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH BAILEY, *et ux.*      :
                            :
         Plaintiffs,      :
                             :
        v.      :   Case No: 1:08-cv-00644-RMC
                             :   Judge Rosemary M. Collyer
J & B TRUCKING SERVICES, :
INC., *et al.*      :
                             :
         Defendants.      :

### DEFENDANT J & B TRUCKING SERVICES INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS' LIABILITY AND DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS' LIABILITY

COMES NOW the Defendant, J&B Trucking Services, Inc., by counsel, Neil J. MacDonald, Esquire and the law firm of HARTEL, KANE, DeSANTIS, MacDONALD & HOWIE, LLP, moves this Honorable Court to deny Plaintiffs' Motion for Summary Judgment as to Defendants' Liability and pursuant to Fed. R. Civ. P. 56(b) and (e) grant Defendants' Cross-Motion for Summary Judgment as to Defendants' Liability, and dismiss this lawsuit against the named Defendants.

In their motion, Plaintiffs assert that the material facts of liability are not in dispute. However, Defendants generally dispute a vast majority of the "facts" cited by the Plaintiffs and further assert that many of the cited "facts" are irrelevant to the inquiry of Defendants' liability.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

I.    **Facts regarding the liability of the named Defendants would only be material if they directly pertained to Mr. Sanabria's alleged conduct within the State of Maryland.**

This Court has stated that "a 'genuine issue' of fact is 'one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action." Simpkins v. United States, 253 F. Supp. 2d 4, 6 (2003). (*quoting* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  In the instant matter the facts and allegations which are relevant to the issue of liability solely center around whether Mr. Sanabria's alleged conduct within the State of Maryland would give rise to liability for an alleged accident that occurred in the District of Columbia.  In order to establish liability, the Plaintiffs must prove that the conduct complained of by them not only occurred, but that it constituted negligence and was also the proximate cause of their injuries.  Therefore, in order to establish negligence, the Plaintiffs have the burden to prove that the Defendants had a duty, that the Defendants breached that duty, that the breach of that duty was the proximate cause of Plaintiffs' injuries, and then whether actual loss or damage resulted.  *See* B.N. v. K.K., 312 Md. 135, 141 (1988)(*quoting* W.P. Keeton, PROSSER AND KEETON ON THE LAW OF TORTS, 164-165 (5th ed. 1984)); *see also* Powell v. District of Columbia, 634 A.2d 403, 406 (D.C. App. 1993).



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

**A.  Plaintiffs cite "facts" and documents which pertain to the element of damages and are therefore irrelevant to the issue of liability.**

Plaintiffs indicate that all of the "facts" cited in their motion for summary judgment are material to the issue of the named Defendants' liability.  *See* Plain. Mot. ¶ 1.  However, Plaintiffs allege "facts" which pertain to the issue of damages and are therefore not material to the inquiry of liability.  *See* Plain. Mot. ¶¶ 3:E; 3:F; 3:G; 4:V.  *See also* Plain. Ex. C; D; E; M; N.  Defendants submit, therefore, that these "facts" should not be considered as they have no relevancy to the inquiry of the named Defendants' liability, as the establishment of liability is a condition precedent to the determination of damages.  Further, other than a deposition, limited in scope to Defendant Sanabria's alleged contacts with the District of Columbia, there has been no discovery in this matter. Defendants request the opportunity for formal discovery on the issue of damages, if Defendants' cross-motion for summary judgment is not granted.

**B.  Plaintiffs cite other "facts" and documents which do not pertain to the liability of the named Defendants.**

Plaintiffs' motion describes collateral events which occurred in the District of Columbia and in Maryland, which Plaintiffs assert are relevant to the determination of liability.  *See* Plain. Mot. ¶¶ 1:A; 2:B; 2:C; and 2:D (*citing* Ex. A at 2, 3; and Ex. N ¶ 3).  Generally, these "facts" have no



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-3-

relevance as to whether Mr. Sanabria owed any duty to the Plaintiffs, whether Mr. Sanabria allegedly breached that duty by his conduct in Maryland, or whether the alleged breach was the proximate cause of the Plaintiffs' alleged injuries. It should be noted that as asserted by Plaintiffs, Mr. Sanabria's negligence arises from his alleged act of leaving a running vehicle unattended[1] in the State of Maryland and therefore any facts regarding the details of the alleged accident, the criminal trial of Mr. Cifuentes, injuries of the Plaintiff, or the conduct of the Plaintiff before the subject occurrence are irrelevant.

For example, the record does not support Plaintiffs' legal conclusion that the Plaintiff proceeded through the subject intersection in a "lawful manner." Additionally, this "fact" is irrelevant to the issue of Defendant's liability and seeks only to eliminate any defense of contributory negligence. Although the attached police report and Plaintiff's affidavit indicate that the Plaintiff proceeded through the subject intersection in accordance with a green light, the record does not address other factors which must be considered in order to come to the legal



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

1.   *See* Compl. ¶¶ 6:25 "Defendants...breached their duty to Plaintiff Keith Bailey by: [a] Failing to turn off the engine of the vehicle; [b] Failing to remove the keys from the vehicle; [c] Failing to maintain custody and control of the vehicle during the period of time while the vehicle was warming up; [d] Failing to foresee that the truck could be stolen under the circumstances; [e] Failing to take the steps that a reasonably prudent person in the same or similar circumstances would have taken to secure the vehicle and protect against its theft; [and] [f] Failing to park the vehicle in a secure location...."

-4-

conclusion that the Plaintiff was operating the vehicle in a "lawful manner." (i.e. speed)  Therefore, Defendant submits that this "fact" is in genuine dispute.

Second, nothing in the record indicates that Mr. Sanabria, when he occasionally brought the subject box truck to his home and parked it on private property, did so to benefit his employer or to facilitate "his deliveries the following morning." _See_ Plain. Mot. ¶¶ 3:K.  Plaintiffs cite Mr. Sanabria's deposition in support of this conclusion; however, Mr. Sanabria's deposition does not indicate that he brought the truck to his residence for the benefit of J&B Trucking, but for his own personal benefit.  _See_ Sanabria Depo. ¶¶ 29: 16-20 Ex. D.[2]

Third, the record is completely devoid of any facts supporting Plaintiffs' conclusion that Mr. Sanabria "parked the truck in a public area near his home."  _See_ Plain. Mot. ¶¶ 3:L. Plaintiffs again cite Mr. Sanabria's deposition in support of this conclusion; however, Mr. Sanabria's deposition does not indicate that the subject truck was parked in a public area near his home, but _at_ his home, as described by Plaintiffs' counsel:

> Q:   Okay, Mr. Sanabria, you have the picture showing us _the Belford truck at your home._



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

2.  "But it is where **I used to park the truck because I leave late from work and it was too tiring to go get the car** to the place where I used to park it so I would go home." (emphasis added)

Sanabria Depo. ¶¶ 29:13-15 (emphasis added).  Further, Mr. Sanabria and a third-party testify in their respective sworn affidavit that the subject truck was parked in the driveway of their residence on *private property*.  *See* Sanabria Aff. Ex. A; Rosa Aff. Ex. B.

Further, all facts pertaining to the investigation of the subject occurrence within the District of Columbia and subsequent criminal trial of Onorio Cifuentes-Lopez are irrelevant to the determination of whether liability attaches to Mr. Sanabria's conduct within the State of Maryland.  *See* Plain. Mot. ¶¶ 4:T; and 4:U (*citing* Ex. K at 2-3; Ex. L at 1,2).  In their motion, Plaintiffs assert that what the independent thief, Onorio Cifuentes-Lopez, was charged with and later plead to are material to the determination of Defendants' liability. However, pursuant to this Court in <u>Simpkins</u>, these "facts" cannot be material as they do not establish any element of the named Defendants' liability.  *See* <u>Simpkins</u>, 253 F. Supp. 2d at 5-6.

C.    **Pursuant to the court's holding in <u>Simpkins</u>, the following facts are material to the determination of Defendants' liability and are not in genuine dispute.**

Pursuant to Fed. R. Civ. Pro 56, the following citations to the supporting pleadings, deposition and affidavits are the relevant material facts regarding liability of the named Defendants which not genuinely disputable:

1.    A 2002 white Isuzu box truck was stolen from the



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

residence of Mr. Sanabria by Onorio Cifuentes-Lopez on the date of the alleged occurrence. (Compl. ¶¶ 4:13-16; Plain. Mot. ¶¶ 4: Q; Hytt. Police Report Ex. C; Sanabria Aff. Ex. A; Rosa Aff. Ex. B).

2.   At the time of the theft, Mr. Sanabria resided at 5615 Queens Chapel Road in Hyattsville, Maryland. (Sanabria Dep. 3:12-22, Ex. D; Sanabria Aff. Ex. A).

3.   At the time the theft, the 2002 white Isuzu box truck was located in the driveway of Mr. Sanabria's residence, located on private property and within the State of Maryland. (Sanabria Aff. Ex. A; Rosa Aff. Ex. B; Compl. ¶¶ 4:13-16; Plain. Mot. ¶¶ 4:S; Hytt. Police Report Ex. C).

4.   At the time preceding the theft, Mr. Sanabria had left the keys to the subject truck within the truck's ignition.

5.   The 2002 white Isuzu box truck was operated by Onorio Cifuentes-Lopez without consent, expressed or implied. (Sanabria Aff. Ex. A; Hytt. Police Report Ex. C).

6.   The stolen, 2002 white Isuzu box truck was driven from the State of Maryland and was subsequently involved in an accident within the District of Columbia. (Compl. ¶¶ 4-5: 16-19).

The above referenced facts directly relate to whether Mr. Sanabria owned any duty to the Plaintiffs, whether Mr. Sanabria breach any potential duty to the plaintiffs, and whether any



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-7-

breach of any potential duty was the proximate cause of the

Plaintiffs' alleged injuries.   Therefore, these facts are

relevant and material to the issue of the named Defendants'

liability.

### DISCUSSION

II.   **Plaintiffs' incomplete <u>Erie</u> analysis and misinterpretation of District law lead Plaintiffs to arrive at the conclusion that the substantive law of the District of Columbia applies.**

In their motion for summary judgment, Plaintiffs

inadvertently omit a step in their analysis and interpretation

of the <u>Erie</u> doctrine.   *See* <u>Erie Railroad Co. v. Tompkins</u>, 304

U.S. 64 (1938).   Specifically, Plaintiffs assert that the since

the <u>Erie</u> doctrine holds that the substantive law of the forum

state applies to substantive matters when a federal court sits

in diversity, then "[t]he substantive law of the District of

Columbia therefore controls the liability of the Defendants in

this case."   Plain. Mot. ¶ 7.   In assuming that the <u>Erie</u>

doctrine meant that the substantive law of the District of

Columbia would automatically apply to the issue of liability,

Plaintiffs missed a critical step in their analysis.   The step

that was missed was in not applying the forum state's choice of

law provisions as those provisions are *substantive law*.   *See*

<u>Stancil v. Potomac Electric Power Co.</u>, 240 U.S. App. D.C. 237 n.

16 ("The forum's choice-of-law rules are substantive for *Erie*

purposes)(emphasis added); *See also* <u>Klaxon Co. V. Stentor Elec.</u>



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-8-

Mfg. Co., 313 U.S. 487, 496 (1941); Steorts v. American
Airlines, Inc., 207 U.S. App. D.C. 369, 372 (1981); Young
Women's Christian Assoc. of the Nat. Capital Area, Inc. v.
Allstate Ins. Co. Of Canada, 275 F.3d 1145, 1150 (D.C. App.
2002)("[T]he law of the forum state supplies the choice of law
standards.").[3]

> **A.   Plaintiffs conclude that the substantive law of the
> District of Columbia applies to the named Defendants'
> liability through misinterpretation of District law.**

Plaintiffs correctly assert that the law of the District of
Columbia holds that "an owner or operator of a vehicle can be
held liable to a third party if a thief steals the vehicle while
the owner or operator leaves it negligently unattended, with the
keys in it, and the thief then injures the third party while
driving the stolen car." *See* Plain. Mot. ¶ 7 (*citing* Gaither v.
Myers, 131 U.S. App. D.C. 216, 222-32; Ross v. Hartman, 78 U.S.
App. D.C. 217, 218-19 (1943)).  However, it is important to note
the not so subtle factual distinction between the cases cited by
Plaintiffs and the facts of this case.  In both Ross and Gaither
the location of the negligent conduct and the subsequent theft
of the vehicle occurred within the District of Columbia, whereas
in the instant matter the alleged negligent conduct and the
subsequent theft of the vehicle both occurred within the State



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935


5924 North 15ᵗʰ Street
Arlington, Virginia 22205

---

3.   *See* Defendant J&B Trucking Services, Inc.'s previously filed
motion for the application of Maryland substantive law for the
analysis as to why Maryland has the strongest governmental
interest in the application of its substantive law to the
liability of the named Defendants.

of Maryland.  In light of this distinction, Plaintiffs still assert that the ruling of the <u>Gaither</u> court mandates the application of District substantive law in the instant matter, which misses the <u>Gaither</u> court's rationale behind their holding. <u>See</u> <u>Zhou v. Jennifer Mall Restaurant, Inc.</u>, 534 A.2d 1268, 1271 (D.C. App. 1987).  The District of Columbia Court of Appeals clearly stated in a subsequent opinion that its decision in <u>Gaither</u> clearly meant that the substantive law of the District of Columbia would apply if:

> [A] cause of action is cognizable under District of Columbia tort law on the *basis of a violation within the District of Columbia of a District of Columbia statute or regulation*, even though the injury occurs nearby in Maryland....

<u>Id</u>. (*citing* <u>Gaither</u>, supra)(emphasis added).  Therefore, the courts within the District of Columbia have been consistent in holding that it is the location of the negligence or statutory violation giving rise to the liability which is the determinative factor in determining which jurisdiction's substantive law applies, regardless of where the injury occurs.[4] <u>See</u> <u>Coleman</u>, 667 A.2d at 817-18; <u>Gaither</u>, 232 A.2d at 583; <u>Zhou</u>, 534 A.2d at 1271.  Furthermore, the District of Columbia Court



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

4.  In Plaintiffs' motion, Plaintiffs admit that the Maryland statute applies to Mr. Sanabria's conduct in the State of Maryland.  <u>See</u> ¶ 12, n. 5.  However, Plaintiffs argue that D.C. case law, which applies and interprets a D.C. statute should apply and interpret this Maryland Statute.  If this argument is followed, it would lead to liability for a violation of the applicable Maryland Statute under circumstances for which Maryland courts have clearly held that liability would not exist.  <u>See</u> <u>Liberto v. Holfeldt</u>, 211 Md. 62, 66 (1959)

of Appeals has held that "Maryland has the primary obligations and duties with respect to public safety in Maryland and *the right to determine the circumstances under which liability shall attach for acts relating to public safety undertaken within its borders, particularly where [the] actors are its own residents.*" D.C. v. Coleman, 667 A.2d 811, 817-18 (D.C. App. 1995) (emphasis added). Assuming, for the purposes of the substantive law discussion, that all of the facts asserted by the Plaintiffs are true, the conduct that allegedly gives rise to Mr. Sanabria's negligence occurred within the State of Maryland by a Maryland resident. See Plain. Mot. ¶¶ 3-4: O, P, and Q; Compl. ¶¶ 2:3. Therefore, pursuant to the courts' holdings in Coleman, Gaither, and Zhou the District of Columbia would not have a strong governmental interest in the application of its substantive law for the same reason that the State of Maryland does have a strong governmental interest in the application of its substantive law; the alleged negligent conduct occurred within the State of Maryland by a Maryland resident. However, it turns out that the discussion regarding which jurisdiction's substantive law applies to the facts of this case is purely academic as each jurisdiction's substantive law would find that the Defendants are not liable as a matter of law, albeit for different reasons.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

———

5924 North 15th Street
Arlington, Virginia 22205

**II.  Plaintiffs' motion for summary judgment should be denied and Defendants' cross-motion for summary judgment should be granted as Defendants would not be found liable as a matter of law, regardless of which jurisdiction's substantive law applies.**

**A.  Standard for summary judgment.**

This Court has stated that "[i]n assessing a summary judgment motion, the Supreme Court has explained that a trial court must look to the substantive law of the claims at issue to determine whether a fact is 'material.'"[5] <u>Simpkins v. U.S.A, et al.</u>, 253 F. Supp. 2d 4, 5-6 (2003)(*citing* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).  This Court has also stated that "[u]nder Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." <u>Council for Responsible Nutrition, et al. v. Hartford Cas. Ins. Co.</u>, 2007 U.S. Dist. LEXIS 49963 (2007) (*citing* Fed. R. Civ. Pro. 56(c)). In defining the function of the trial court in determining whether summary judgment is appropriate, the Supreme Court of the United States has held that "at the summary judgment stage the judge's function is not himself to weigh the evidence and



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

---

5.  For the purposes of Defendants' cross-motion for summary judgment, the "claims at issue" would be Defendants' potential liability.

determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (U.S. 1986).  Furthermore,  in opposing a motion for summary judgment, "the nonmoving party may not rely solely on allegations or conclusory statements," but must present specific facts showing a genuine issue.  <u>Responsible Nutrition</u>, 2007 U.S. Dist. LEXIS at 7 (*citing* <u>Greene v. Dalton</u>, 164 F.2d 671, 675 (D.C. Cir. 1999)) <u>*See also*</u> Fed. R. Civ. Pro. 56(e)(2).

**B.  Plaintiffs' motion for summary judgment should be properly denied and Defendants' cross-motion for summary judgment properly granted if the substantive law of the State of Maryland is applied.[6]**

Under the substantive law of Maryland, in order to establish negligence, the Plaintiffs have the burden to prove that "[1] A duty, or obligation, recognized by the law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks. [2] A failure on the person's part to conform to the standard required: a breach of the duty....[3] A reasonably close causal connection between the conduct and the resulting injury....[and][4] Actual loss or damage resulting to the interests of another...." <u>B.N. v. K.K.</u>, 312 Md. 135, 141



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15ᵗʰ Street
Arlington, Virginia 22205

---

6. <u>See</u> Defendant J&B Trucking Services, Inc.'s previously filed motion for the application of Maryland substantive law for analysis as to why Maryland as the strongest government interest in the application of its substantive law.

(1988)(*quoting* W.P. Keeton, PROSSER AND KEETON ON THE LAW OF TORTS, 164-165 (5th ed. 1984)).   In the instant matter the alleged duty would arise under Md. Transportation Code Ann. § 21-1101, which states that "a person driving or otherwise in charge of a motor vehicle may not leave it unattended until the engine is stopped, the ignition locked, the key removed, and the brake effectively set."  The Maryland Court of Appeals has defined this statutory duty to primarily "protect against theft of or tampering with a motor vehicle and to prevent them from moving under their own momentum should the brakes fail." Liberto v. Holfeldt, 211 Md. 62, 66 (1959).  However, the duty created by this statute does not extend to all persons as the Maryland Court of Appeals has held that "[s]uch a duty, in all reasonableness, cannot be said to extend to all the world, but must be a foreseeable duty...." Id.  Further, even if an individual is deemed to be negligent under the statute, that negligence is not the proximate cause of the injury if there is an intervening cause.  Id.  Therefore, it is "incumbent on the Plaintiff, in order to recover damages from the defendant, to show not only a duty owed to the plaintiff and a breach thereof, but also to establish that the breach of that duty had not been interrupted by a break in the chain of causation."[7]  Id. (*citing* Bowman v. Williams, 164 Md. 397 (1933)).



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

7.  Holding that "the negligence of the thief was an independent intervening cause which was in fact the proximate cause of the accident." Id. (*citing* Austin v. Buettner, 211 Md. 61 (1956)).

-14-

**1.   The facts of the instant matter fail to establish a foreseeable duty or, in the alternative, even if a duty existed, its breach was not the proximate cause of Plaintiffs' injuries as a matter of law.**

Assuming, *arguendo*, that all of the "facts" referenced by Plaintiffs in their motion and in their Complaint are taken to be true, Plaintiffs fail to assert a cause of action against the Defendants as a matter of law.  First, Plaintiffs allege that the subject vehicle was involved in the subject occurrence within the District, after it was stolen in Prince George's County, Maryland.  *See* Compl. ¶¶ 4:13-16; Plain. Mot. ¶¶ 4:Q-S; Plain. Ex G; Plain. Ex. I.  Specifically, Plaintiffs allege that a box truck was stolen from Sergio Rolando Sanabria's private residence by Onorio T. Cifuentes.  *Id.*  ("5615 Queens Chapel Road, Hyattsville, *the location from where Mr. Cifuentes-Lopez stole the white Isuzu box truck.*" Plain. Mot. ¶¶ 4:S; Sanabria Aff. Ex. A; Rosa Aff. Ex. B).  Plaintiffs then allege that Mr. Cifuentes, the independent actor, then drove the stolen box truck from the State of Maryland into the District of Columbia where he caused the alleged injury.  *See* Compl. ¶¶ 4-5:16-19; Plain. Mot. ¶¶ 2: C-D and 4:Q-R; Plain. Ex. G and I.  Plaintiffs assert that the liability of the named Defendants is, therefore based upon the alleged conduct of Mr. Sanabria, which occurred in the State of Maryland.  *See* Compl. ¶¶ 4:13-14; Plain. Mot. ¶¶ 3-4:M, O, P, and Q.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

First, the Plaintiffs fail to establish that Mr. Sanabria owed the them any duty. In defining what the foreseeable risk is in leaving a running vehicle unattended, the Maryland Court of Appeals has held that "'[t]he risk reasonably to be perceived,' does not encompass every conceivable possibility and danger." The Hartford Ins. Co. v. Manor Inn of Bethesda, Inc., et al., 335 Md. 135, 151 (1994) (quoting Palsgraf v. Long Island R. Co., 162 N.E. 99, 100 (1928)). In applying the above principle to similar facts, Maryland courts have held that it is "reasonably foreseeable that, by leaving the keys in the ignition, a thief would take the [truck]." Hartford Ins. Co., 335 Md. at 160. (quoting Bloom v. Good Humor Ice Cream Company, 179 Md. 384, 387 (1941)). However, the Maryland Court of Appeals has held that it is not foreseeable "that the thief would drive negligently, and even more unclear that, in doing so, he or she would injure the plaintiff." Id. Therefore, pursuant to the Liberto and Hartford courts' holdings, the Plaintiffs fail to establish that Mr. Sanabria owed the Plaintiffs a duty, as the negligent and criminal acts of the independent thief, within the District of Columbia, were not foreseeable by Mr. Sanabria, as a matter of law. See Liberto, 211 Md. at 66; Hartford Ins. Co., 335 Md. at 160.

Additionally, under Maryland substantive law, the Plaintiffs must establish that the alleged act of Mr. Sanabria "in leaving the [truck] unattended with the keys in the ignition



HARTEL, KANE, DeSANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

was a proximate cause of the accident." <u>Hartford Ins. Co.</u>, 335
Md. at 154.  Even assuming, that Mr. Sanabria did violate Md.
Transportation Code Ann. § 21-1101 and its violation is evidence
of negligence, the Maryland Court of Appeals has held that this
"negligence 'is not per se enough to make a violator thereof
liable for damages.'" <u>Id</u>. (<i>quoting</i> <u>Liberto</u>, 221 Md. at 65).
Therefore, the Maryland Court of Appeals reasoned that in order
to establish liability, the plaintiff must not only establish
that the violation of the statue was the proximate cause of the
injury, but "'that [it] had not been interrupted by a break in
the chain of causation.'" <u>Id</u>. (internal citations omitted).

   Assuming, <i>arguendo</i>, that the facts as alleged by the
Plaintiffs are true, Mr Sanabria was negligent in leaving the
subject box truck unattended, with the keys in the ignition and
the engine running.  <u>See</u> Compl. ¶¶ 4: 13-14.  Further, we will
assume as true Plaintiffs allegation that an independent third
party, Mr. Cifuentes, stole the subject truck and directly
caused Plaintiffs' alleged injuries.  <u>See</u> Compl. ¶¶ 4: 13-16 and
4-5: 16-19.  The Maryland Court of Appeals evaluating liability
and proximate cause in cases with similar facts, has
consistently held that:

> [The proximate cause] must be the natural and probable
> consequence of the negligent act, unbroken by any
> intervening agency, and where the negligence of any one
> person is merely passive, and potential, while the
> negligence of another is the moving and effective cause of
> the injury, <i>the latter is the proximate cause and fixes
> the liability</i>.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

-17-

Hartford Ins. Co., 335 Md. at 160. (quoting <u>Bloom v. Good Humor</u>
<u>Ice Cream Company</u>, 179 Md. 384, 387 (1941))(emphasis added).  If
we assume, as true, the facts as alleged by the Plaintiffs with
respect to the alleged conduct of Mr. Sanabria within the State
of Maryland, that conduct would have been the proximate cause of
*the theft of the van*, but not the proximate cause of the
Plaintiffs' alleged injuries as the causal chain was broken by
the theft of the van by an independent third-party.  <u>Id</u>.  <u>See</u>
<u>also</u> <u>Holfeldt</u>, 221 Md. at 67.  Therefore, under the substantive
law of the State of Maryland, where the alleged passive
negligence of the Mr. Sanabria occurred, Plaintiffs' motion for
summary judgment on liability should properly be denied and
Defendants' cross-motion for summary judgment granted, as Mr.
Sanabria did not have a foreseeable duty to the Plaintiff and
since alleged passive negligence of Mr. Sanabria was not the
proximate cause of the Plaintiffs' alleged injuries as a matter
of law.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

    **C.**   **Plaintiffs' motion for summary judgment should be
properly denied and Defendants' cross-motion for
summary judgment properly granted if the substantive
law of the District of Columbia is applied.**

The District of Columbia Court of Appeals has held that to
establish negligence, the Plaintiff has the burden to establish
"(1) a duty of care owed by the defendant to the plaintiff, (2)
a breach of that duty by the Defendant, and (3) damage to the
plaintiff, proximately caused by the breach of duty."  <u>Powell v.</u>

<u>District of Columbia</u>, 634 A.2d 403, 406 (D.C. App. 1993)(*citing* <u>District of Columbia v. Cooper</u>, 483 A.2d 317, 321 (D.C. 1984)). Within the District of Columbia, there is a statutory duty not to permit a vehicle "to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake." *See* CDCR § 18-2418.1. However, the courts of the District of Columbia have held that whether or not this duty applies depends upon the location of the vehicle at the time it is left unattended. *See* <u>Elliott v. Capitol Cadillac-Oldsmobile Company</u>, 245 A.2d 634, 635 (D.C. App. 1968).[8] Typically, the traditional rules of statutory construction would indicate that "where the language of a motor vehicle regulation does not specifically restrict its applicability to public streets and highways, it can be extended to both public and private property." <u>Id</u>. However, the District of Columbia Court of Appeals specifically carved out an exception to this rule with respect to the language of the "unattended vehicle" statute when it held that "this rule of construction should not be extended to limit the use of private premises by a property owner and apply to his automobile, or that of a guest, when parked on that property." <u>Id</u>. (<u>See</u> <u>also</u> n.



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

---

8.  This case was decided under Art. XIV, § 98, which utilized the same language as the current regulation. ("No person driving, or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway.")

2 "Even if the interpretation could be extended to cover private property, full compliance...would place an unreasonable burden upon car owners."). Therefore, the District of Columbia Court of Appeals held that the duty prescribed by statute only applied to vehicles "left unattended on *public* property." Id. (emphasis added).

The District of Columbia Court of Appeals rationale was that its decision in <u>Gaither</u> held that legislative intent of this statute was "to thwart the nefarious activities of any person tempted to steal [a car] because of the easy accessibility of the key.'" Id. (*citing* <u>Gaither</u>, 232 A.2d at 582.). The <u>Elliott</u> court further held that "[w]hen a car is made less accessible to possible removal by thieves because placed on *private property* and away from immediate public contact and visibility, the regulation, which lists a number of operations to be performed when leaving a car unattended, *does not apply*." Id. (emphasis added).

The facts indicate that the subject truck, before it was stolen and allegedly involved in the subject occurrence, was parked within a residential driveway on private property. See Sanabria Aff. Ex. A; Rosa Aff. Ex. B; Compl. ¶¶ 4:13-16; Plain. Mot. ¶¶ 4:S; Hytt. Police Report Ex. C. In applying the <u>Elliott</u> standard to the facts of instant matter the "regulation, which lists a number of operations to be performed when leaving a car unattended...," and which Plaintiffs cite as Mr. Sanabria's



HARTEL, KANE, DeSANTIS,
MacDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

alleged negligence, would not apply as the subject box truck was located in a residential driveway, on private property, at the time it was stolen by Mr. Cifuentes. *See* Sanabria Aff. Ex. A; Rosa Aff. Ex. B.  Further, the subject truck was made less accessible to the public, while on private property, as demonstrated by the Toyota Camry, which was parked within the same driveway and was struck by the subject truck after it was stolen.  *See* Rosa Aff. Ex. B.

Therefore, even if this Honorable Court were to apply the substantive law of the District of Columbia, Plaintiffs' motion for summary judgment should still be denied and Defendants' cross-motion should be granted as the subject box truck was parked in a residential driveway, on private property and therefore, Mr. Sanabria had no duty to the Plaintiffs as a matter of law.

## III. Conclusion

For the foregoing reasons, the Defendants respectfully request this Honorable Court to deny Plaintiffs' Motion for Summary Judgment as to Defendants' Liability and to enter summary judgment in favor the Defendants on the issue of liability and to dismiss this lawsuit against them.



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

Respectfully Submitted,

J & B TRUCKING SERVICE, INC.
By Counsel:

HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP

_____/s/_____
Neil J. MacDonald, #433699
11720 Beltsville Drive
Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935
Attorneys for Defendants

### CERTIFICATE OF SERVICE

    I hereby certify that on this __8th__ day of August, 2008,

a copy of the foregoing was mailed, post-prepaid, to:

        Steven VanGrack, Esquire
        Edward L. Norwind, Esquire
        Murray D. Scheel, Esquire
        KARP, FROSH, LAPIDUS,
        WIGODSKY & NORWIND, P.A.
        2273 Research Boulevard
        Suite 200
        Rockville, Maryland  20850



HARTEL, KANE, DESANTIS,
MACDONALD & HOWIE, LLP
Calverton Office Park
11720 Beltsville Ddrive, Suite 500
Beltsville, Maryland 20705
Telephone: (301) 486-1200
Facsimile: (301) 486-0935

5924 North 15th Street
Arlington, Virginia 22205

_____/s/_____
Neil J. MacDonald, Esq.

E:\NJM\Bailey v. J & B Trucking et al\Response.Cross.Motion.7.23.08.wpd

-22-