**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KEITH BAILEY *et ux.*                                    :
                                                                      :
              Plaintiffs,                                    :
                                                                      :
       v.                                                        :        Case No.: 1:08-cv-00644-RMC
                                                                      :        Judge Rosemary M. Collyer
J & B TRUCKING SERVICES, INC., *et al.* :
                                                                      :
                                                                      :
              Defendants.                                  :

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S CROSS-MOTION
FOR SUMMARY JUDGMENT**

        COME NOW the Plaintiffs, by and through counsel, and respectfully respond in

opposition to the Defendant's Cross-Motion for Summary Judgment.  Because the Defendant

first presented its Cross-Motion for Summary Judgment in its Response in opposition to the

Plaintiffs' Motion for Summary Judgment, the Plaintiffs have already presented substantially the

same arguments contained herein in their Reply to the Defendant's Response.  The Plaintiffs

present those arguments again here, in the form of a separate, distinct pleading in opposition to

the Defendant's cross-motion, for purposes of procedural clarity, and at the clerk's request.

        As discussed previously, the Defendant's argument for summary judgment based on the

Defendant's truck being parked on private property at the time of the theft is without merit, both

because that fact is genuinely disputed, and also because, on the facts as presented by the

Defendant, the Plaintiffs still have a cause of action against the Defendants *even if* the truck was

in Defendant Sanabria's driveway.   Whether the truck was parked in the driveway or on the

street is therefore immaterial.

The Defendant's argument for summary judgment based on the application of Maryland law is also without merit, because under Maryland's rule of *lex loci delicti*, Maryland has no interest in adjudicating this case. There is, therefore, no true conflict of laws in this particular case. Even if there were a conflict requiring a governmental interests analysis, the District has the prevailing interest in the case, because the collision at issue occurred in the District, the injuries were suffered by District residents, the injuries were treated in the District, the thief was prosecuted in the District, and the negligence occurred in the District metropolitan area, less than two miles over the District border, in the course of business the Defendants directed, in part, at District residents.

## I.    Sole Fact in Open Dispute

The Defendant argues for summary judgment based on District law and, alternatively, on Maryland law. Its argument for summary judgment under District law is based on one issue of disputed fact: whether the Defendant's truck was parked on privately owned property (as the Defendant alleges) or on publicly owned property (as the Plaintiffs allege) at the time it was stolen. The Plaintiffs dispute, however, whether this issue is even material.

In his deposition, Defendant Sanabria was asked about a picture of the Isuzu box truck in question:

> Question:    Okay, Mr. Sanabria, you have the picture showing us the Belfort [i.e., J&B's] truck at your home.
>
> Mr. Sanabria: It is not my home. But it is where I used to park the truck because I leave late from work and it was too tiring to go get the car to the place where I used to park it so I would go home.
>
> Question:    So where is this located? What city is this house in?
>
> Mr. Sanabria: Hyattsville.

(Pls.' Mot. for Summ. J. Ex. H, Sanabria Dep. 29:13-30:3, May 27, 2008.)  His testimony indicates that Mr. Sanabria did not park the truck at his home, but rather in the vicinity of his home in some publicly accessible location.  The Defendant, however, has since produced two affidavits, one from Mr. Sanabria and one from another person living at his home, attesting that the truck in question was parked on Mr. Sanabria's driveway at the time of the theft.  (Def.'s Resp. Exs. A & B.)[1]  Therefore, there is a genuine dispute as to whether the truck was parked in Mr. Sanabria's driveway, or instead on the street or in some other publicly accessible location.[2]  Nevertheless, as the Plaintiffs explain below, this dispute is not material, since even if it was in Mr. Sanabria's driveway, the truck was still openly accessible to the public.

## II.    Whether the Defendant's truck was parked in Defendant Sanabria's driveway or on public property is immaterial.

The Defendant relies on a misrepresentation of non-controlling authority in order to argue that the rule of *Ross v. Hartman* does not apply to a vehicle parked on private property.  (Def.'s Resp. 19-20 (*citing Elliott v. Capitol Cadillac-Oldsmobile Co.*, 245 A.2d 634, 635 (D.C. App. 1968).)  Whether *Ross v. Hartman* applies is not a matter, however, of who happens to hold title to the property from which the vehicle is stolen, but rather is a matter of how accessible the vehicle is to the general public, regardless of whether it happens to be parked on public property or not.  *See, e.g., Boland v. Love*, 95 U.S. App. D.C. 337, 342-43, 222 F.2d 27, 33 (D.C. Cir. 1955) (*citing Schaff v. R.W. Claxton, Inc.*, 79 U.S. App. D.C. 207, 208, 144 F.2d 532, 533 (D.C.

---

[1] Since the Defendant first presented its Cross-Motion for Summary Judgment in its Response to the Plaintiff's Motion for Summary Judgment, the Plaintiffs will refer to that Cross-Motion by citing to the Defendant's Response.

[2] Further discovery on this issue, e.g., deposition of the affiants, deposition of the investigating detective, and interviews of neighbors, may further a resolution of this dispute.

Cir. 1944) (holding that the rule of *Ross v. Hartman* applied, "though the unlocked car was left in a private parking place," since it was nevertheless "open to the public")).

### A. A claim of negligence may still lie even if the stolen vehicle was parked on private property at the time of the theft, provided the vehicle was still openly accessible to the public.

The D.C. Circuit's holding in *Schaff v. R.W. Claxton, Inc.*, 79 U.S. App. D.C. at 208, 144 F.2d at 533, bars summary judgment for the Defendant on this issue. In *Schaff v. R.W. Claxton*, the defendant's "driver left the truck, with the keys in it, in the parking space beside a restaurant to which he was delivering goods." *Schaff*, 79 U.S. App. D.C. at 207, 144 F.2d at 532. While he was doing so, "employees of the restaurant drove off in the truck and injured appellants." *Id.* Though adjacent to the public street, the restaurant's parking area was a privately owned space. *See* 79 U.S. App. D.C. at 208, 144 F.2d at 533. Like J&B Trucking Associates, the defendant in *Schaff* argued that *Ross* categorically did not apply because the stolen vehicle had been parked on private property. *See id.* The trial court agreed, and granted a directed verdict for the defendant. *See* 79 U.S. App. D.C. at 207, 144 F.2d at 532. On appeal, however, the D.C. Circuit disagreed, reasoning as follows:

> It is true that the *Ross* case involved the violation of an ordinance against leaving an unlocked car in a 'public place,' and we do not think that a restaurant's private parking space is a 'public space' within the meaning of the ordinance. But we said in the *Ross* case: 'In the absence of an ordinance * * * leaving a car unlocked might not be negligent in some circumstances, although in other circumstances it might be both negligent and a legal or 'proximate' cause of a resulting accident.'

*Schaff*, 79 U.S. App. D.C. at 208, 144 F.2d at 533 (*quoting Ross v. Hartman*, 78 U.S. App. D.C. 217, 218, 139 F.2d 14, 15 (1943)). In other words, since the ordinance requiring motor vehicles to be locked when unattended applies to vehicles parked in publicly owned space (e.g., a public street), a violation of the ordinance in public space is negligence *per se*, but even if the vehicle is

parked on private space, leaving it unlocked and unattended with the keys in it can still constitute actionable negligence, albeit not negligence *per se*. The only legal distinction to be drawn between the public or private ownership of the space from where the vehicle is stolen is whether negligence will be a question for the jury or not: if the violation occurs on publicly owned space, then it is negligence *per se*; if on private space, then negligence is a question for the jury. *See id.*

For this reason, the *Schaff* court reversed and remanded the case for trial "with instructions [for the jury] to find for the plaintiffs if they found that the defendant's driver was negligent in leaving the car unlocked and that this negligence was a proximate cause of the accident."[3] *Id.* Thus, as the D.C. Circuit later explained of its holding in *Schaff*, "we ruled it was for the jury to decide whether or not 'the defendant's driver was negligent in leaving the car unlocked and . . . [whether or not ] this negligence was a proximate cause of the accident,'" even "though the unlocked car was left in a private parking place," because the vehicle was nevertheless "open to the public, in close proximity to the street and next to a restaurant [from] where restaurant employees took it." *Boland*, 95 U.S. App. D.C. at 343, 222 F.2d at 33 (*quoting Schaff*, 79 U.S. App. D.C. at 208, 144 F.2d at 533). In other words, the *Schaff* court explicitly rejected the very argument on which J&B Trucking Services now bases its Cross-Motion for Summary Judgment under District law.

Similarly, in *Casey v. Corson & Gruman Company*, "an unlocked sand and gravel truck was stolen during the night from a construction company's private parking lot," in the District. *Boland*, 95 U.S. App. D.C. at 343, 222 F.2d at 34 (*citing Casey v. Corson & Gruman Co.*, 95 U.S. App. D.C. 178, 179, 221 F.2d 51, 52 (1955)). The keys had been left inside the truck. *See*

---

[3] Upon retrial, the jury found for the plaintiff. *See R.W. Claxton, Inc., v. Schaff*, 83 U.S. App. D.C. 271, 271, 169 F.2d 303, 303 (D.C. Cir. 1948). The Defendant appealed to the D.C. Circuit again, and in a three-sentence per curiam opinion, the D.C. Circuit affirmed the plaintiff's judgment, because "[t]he judgment now here on appeal was upon a new trial in which the law stated in [the Court's prior] opinion was followed." *Id.*

*Casey*, 95 U.S. App. D.C. at 179, 221 F.2d at 52.  The thief caused a collision, but it occurred

many miles away, south of Petersburg, Virginia, and many hours after the theft.  *See id.*  Despite

the private nature of the lot, the defendant was still assumed to be negligent, though "the

negligence of the owner of the lot . . . was held as a matter of law not to be a proximate cause of

the injuries."  *Colonial Parking, Inc. v. Morley*, 129 U.S. App. D.C. 151, 152, 391 F.2d 989, 990

(1968) (*citing Casey*, 95 U.S. App. D.C. 178, 221 F.2d 51 (1955)).  The *Casey* court affirmed the

trial court's directed verdict for the defendant construction company on grounds that the

"negligence thus sought to be charged to defendant under the principles of *Ross v. Hartman* . . . ,

was too remote from the collision in time, place and circumstances to be a proximate cause of

plaintiffs' injuries."  *Casey*, 95 U.S. App. D.C. at 179, 221 F.2d at 52.  The *Casey* court did not

question the claim of negligence, however, despite that the truck had been stolen from a private

lot.  *See id.*

　　　　In contrast, no cause of action lies where the vehicle, even though left unlocked with the

keys inside, is itself locked inside a building or private area secured from the general public.

*See, e.g., Howard v. Swagart*, 82 U.S. App. D.C. 147, 151, 161 F.2d 651, 655 (1947) (holding

that "leaving a car unlocked in a private parking-lot garage does not constitute negligence").  In

*Howard*, the defendant parked his car on a regular basis in a professional garage, the S and H

Parking Center.  *See Howard*, 82 U.S. App. D.C. at 148, 161 F.2d at 652.  The car was

customarily parked on the fourth or fifth floor of the garage, and the garage was open and staffed

on a twenty-four hour basis.  *See* 82 U.S. App. D.C. at 149, 161 F.2d at 653.  Customers did not

have free access to the parked cars: customers had to drop off their cars at the entrance, from

where a staff person would take it to be parked; to pick up their cars, customers had to wait at the

exit while staff retrieved their cars for them. *See id.* In sum, the cars were parked inside a guarded building to which the public had no free access.

A staff member stole a customer's car while it was in the garage, and then loaned it to another staff member, who subsequently struck and injured the plaintiff while negligently operating the car. *See* 82 U.S. App. D.C. at 149-50, 161 F.2d at 653-54. The Plaintiff sued the owner of the garage and the owner of the car, based on the holdings of *Ross v. Hartman* and *Schaff v. R.W. Claxton*. *See* 82 U.S. App. D.C. at 150, 161 F.2d at 654. The trial court entered judgment for the defendants, but the appeal proceeded only against the garage operator. *See id.* The D.C. Circuit affirmed judgment for the defendants based on a lack of proximate causation. *See* 82 U.S. App. D.C. at 151, 161 F.2d at 655. The court held that the subsequent use of the vehicle by a person other than the thief, and over twelve hours after it had been stolen, was too causally remote for any reasonable jury to find that that any negligence on the part of the defendants caused the plaintiff's injuries. *See id.* The Court also went on to clarify that, under these circumstances "a car unlocked in a private parking-lot garage does not constitute negligence." *Id.* The court distinguished its holdings in *Ross* and *Schaff*, concluding that to leave a vehicle in an enclosed garage, not open to the public, and under supervision, is sufficient to protect the public from the risk of injury from car theft, and therefore "is not negligence." 82 U.S. App. D.C. at 152, 161 F.2d at 656.

*Ross* and its progeny therefore create a spectrum defining the limits of negligence:

| Negligence *Per Se* | Negligence, as a Jury Question | No Negligence, as a Matter of Law |
|---|---|---|
| leaving keys in an unlocked vehicle in a public space, violating an ordinance | leaving keys in an unlocked vehicle in an private space, adjacent to a public street, not enclosed, and readily accessible to the public | leaving keys in an unlocked vehicle in a private, enclosed space (e.g., in a building or behind a fence), *not* readily accessible to the public. |
| *Ross*, 78 U.S. App. D.C. at 218-19, 139 F.2d at 15-16. | *Schaff*, 79 U.S. App. D.C. at 208, 144 F.2d at 533; *Casey*, 95 U.S. App. D.C. at 179, 221 F.2d at 52; *Boland*, 95 U.S. App. D.C. at 343, 222 F.2d at 33. | *Howard*, 82 U.S. App. D.C. at 151, 161 F.2d at 655. |

The unifying factor is the degree of public access to the unlocked vehicle. If on a public street or property, then public access and the concomitant risk to public safety are at their height, since a private individual cannot limit access to the vehicle other than by locking it. It is for this reason, as the *Ross* court observed, that the purpose of the ordinance requiring unattended vehicles to be locked is not merely to prevent theft of private property, but to guard against public harm. *See Ross*, 78 U.S. App. D.C. at 218, 218 139 F.2d at 15. It is the statute's goal of preventing public harm that makes violating the ordinance negligence *per se* when harm to a member of the public results. *See id.*

If the vehicle is on unenclosed private space adjacent to a public street, leaving it unattended with the keys in it can still be negligence, because virtually the same degree of risk to the public exists as if it were on the street. *See Schaff*, 79 U.S. App. D.C. at 208, 144 F.2d at 533. The courts have not extended negligence *per se* to such a situation, in part because the ordinance is limited to public areas, but also because the operator of the vehicle has power in

private space to exclude the public in other ways than solely by locking the vehicle. *See id.* Nevertheless, if the operator fails to exercise that power by maintaining vigilance over the vehicle while it is unlocked and ready to run, the operator can still be found negligent if a thief then steals the unattended vehicle and harms a member of the public. *See id.*

Finally, if the vehicle is in enclosed, private space, not readily accessible to the public, then the rationale for finding negligence in leaving the vehicle unlocked is eliminated, because the exclusive enclosure serves the same function as locking the vehicle: it prevents a member of the public from readily using the vehicle without permission. *See Howard*, 82 U.S. App. D.C. at 151, 161 F.2d at 655. Liability is excluded *as a matter of law*, however, only where the facts admit but one conclusion: that there was no ready access to the vehicle by the public. *Compare Howard*, 82 U.S. App. D.C. at 151, 161 F.2d at 655 (holding no negligence as a matter of law where vehicle was kept in garage, under supervision, with no public access), *with Schaff*, 79 U.S. App. D.C. at 208, 144 F.2d at 533 (holding negligence to be question for the jury where the vehicle was on private parking space, but adjacent to the public street, not enclosed, and readily accessible by the public). [4]

> **C.    Even assuming the facts as asserted by the Defendant, the Plaintiffs' claim of negligence will still lie, and the Defendant's Cross-Motion for Summary Judgment must be denied.**

> **1.    The Defendant's sole authority is not controlling precedent.**

Though the Defendant's cross-motion for summary judgment must be measured against the case law discussed above, the Defendant relies exclusively on *Elliott v. Capitol Cadillac-*

---

[4] Relying on these cases, it was in this sense that the court in *Gaither v. Myers* commented, in dicta in a footnote, that "[f]or liability to lie, the car must be left unattended and not on private property." *Gaither v. Myers*, 131 U.S. App. D.C. 216, 220 n.14, 404 F.2d 216, 220 n.14 (1968) (*citing, inter alia, Boland v. Love*, 95 U.S. App. D.C. 337, 222 F.2d 27 (1955); *Casey v. Corson & Gruman Co.*, 95 U.S. App. D.C. 178, 221 F.2d 51 (1955); *R.W. Claxton, Inc. v. Schaff*, 83 U.S. App. D.C. 271, 169 F.2d 303 (1948); *Howard v. Swagart*, 82 U.S. App. D.C. 147, 161 F.2d 651 (1947)).

*Oldsmobile Company*, 245 A.2d 634, 635 (D.C. App. 1968), to support its argument that the rule of *Ross v. Hartman* categorically does not apply if the vehicle in question is parked on private property when it is stolen.  (Def.'s Resp. 19.)  As an initial matter, the decision in *Elliott* is from the pre-1971 local District of Columbia Court of Appeals, and is therefore not controlling precedent.  "Decisions of the circuit court [i.e., the United States Court of Appeals for the District of Columbia Circuit] issued prior to February 1, 1971, the effective date of court reorganization, 'constitute the case law of the District of Columbia,'" and therefore the District's binding precedent, not the decisions of the pre-1971 District of Columbia Court of Appeals. *Holland v. Baltimore & O. R. Co.*, 431 A.2d 597, 600 (D.C. 1981) (*quoting M.A.P. v. Ryan*, 285 A.2d 310, 312 (1971)).  The controlling District case law on this issue is therefore the pre-1971 decisions of the D.C. Circuit discussed above: *Ross*, *Schaff*, *Boland*, *Howard*, and *Casey. See, e.g., Elliott*, 245 A.2d at 636 n.1 (Kelly, J., concurring) (citing *Ross* and *Schaff*).  In any event, the facts of *Elliott* fall within the framework established by the D.C. Circuit precedent, and are easily distinguishable from the facts of this instant case.

> **2.    The instant case is distinguishable from *Elliott*, because even in the Defendant's driveway, the truck was still openly accessible to the public.**

In *Elliott*, the defendant was a car dealership that also performed mechanical service and repair.  *See Elliott*, 245 A.2d at 634.  The dealership maintained a lot in which customers left their cars for servicing.  *See id.*  The dealership's staff "left the keys to the car in the ignition, as was the custom on the lot."  *Id.*  The dealership staff apparently supervised the lot, however, because the trial judge found that the cars were not left unattended.  *See Elliott*, 245 A.2d at 634-35, 636.  Nevertheless, a thief broke in, stole a vehicle, and subsequently struck and injured the plaintiff.  *See* 245 A.2d at 634.  The plaintiff sued the car dealership based on *Ross v. Hartman*.

*See id.*  The plaintiff "wholly relied" on a violation of the unattended vehicle ordinance "to prove

negligence," i.e., his theory was negligence *per se*.  245 A.2d at 635.  The case was tried to the

bench, and the court entered judgment for the defendant dealership.  *See* 245 A.2d at 634-35.

The trial court based its decision on the private nature of the lot, plus the fact that the vehicles

had not been left unattended.  *See id.*  Because the car had not been left unattended, the trial court

found that there was no actionable negligence.  *See id.*

The pre-1971 District of Columbia Court of Appeals affirmed, holding that the regulation

requiring unattended vehicles to be locked does not apply "[w]hen a car is made less accessible

to possible removal by thieves because placed on private property *and* away from immediate

public contact and visibility."  245 A.2d at 635 (emphasis added).  To this extent, the *Elliott*

court's holding is consistent with *Howard v. Swagart*, because, like the car in the garage in

*Howard*, the car in *Elliott* was segregated "from immediate public contact and visibility," and

subject to supervision by the staff of the dealership.  *Compare Howard*, 82 U.S. App. D.C. at

152, 161 F.2d at 656, *with Elliott*, 245 A.2d at 635.  Indeed, the *Elliott* court couched its decision

in terms of the same policy the *Howard* court had expressed, refusing to extend liability to

vehicles kept in "a closed garage," "away from a public highway," or otherwise isolated from

immediate public access.  *Elliott*, 245 A.2d at 635.

The holding in *Elliott* is also consistent with *Schaff*, 79 U.S. App. D.C. at 208, 144 F.2d

at 533, and *Casey*, 95 U.S. App. D.C. at 179, 221 F.2d at 52, insofar as it affirms that negligence

*per se* cannot be found where the violation of the ordinance occurs in private space.  *See Elliott*,

245 A.2d at 635. In this sense, its holding "that Section 98 of the Traffic and Motor Vehicle

Regulations applies only to cars left unattended on public property," is consistent with *Ross* and

*Schaff*, to the extent that the plaintiff's claim "wholly relied" on a violation of that ordinance to

11

prove negligence, i.e., negligence *per se*. 245 A.2d at 635. As the *Elliott* concurrence cautioned, however, the court's holding would *not* be consistent with *Ross* and *Schaff* if it were construed to mean that simple negligence would *never* lie for a theft that occurred on private property. "[W]ith or without a regulation, civil liability for damages can rest upon evidence that a thief trespassed upon private property and helped himself to an unattended vehicle with the use of keys left in the ignition." *Elliott*, 245 A.2d at 636 (Kelly, J., concurring) (*citing Schaff v. R. W. Claxton, Inc.*, 79 U.S. App. D.C. 207, 144 F.2d 532 (1944); *R. W. Claxton, Inc. v. Schaff*, 83 U.S. App. D.C. 271, 169 F.2d 303 *cert. denied*, 335 U.S. 871 (1948)). As *Schaff* made clear, it is not the public or private ownership of the parking space that determines whether negligence will lie, but rather, as the *Elliott* court put it, whether the vehicle is subject to "immediate public contact and visibility." *See Schaff*, 79 U.S. App. D.C. at 208, 144 F.2d at 533 (*quoting Ross*, 78 U.S. App. D.C. at 218, 139 F.2d at 15); *Elliott*, 245 A.2d at 635. For this reason, the concurrence in *Elliott* joined in affirming the judgment, "only because the trial judge found that the vehicle in question was not unattended within the meaning of the regulation," and therefore no liability could be found regardless. *Elliott*, 245 A.2d at 636 (Kelly, J., concurring).

>    **3.    Under the facts as alleged by the Defendant, the Plaintiffs' claim of negligence will still lie.**

Consequently, under District law, the Defendant is left with no legal or factual basis to justify summary judgment in its favor. Defendant Sanabria states in his Affidavit that the truck in question "was stolen from the driveway of my residence located at 5615 Queens Chapel Road," and that "[t]his vehicle was parked within a driveway on private property at the time it was stolen." (Def. Resp. Ex. A, Sanabria Aff. ¶¶ 5-6.) His housemate, Ms. Rosa H. Lopez, also attested that the truck was stolen from their private driveway at that address (she states further that the thief struck her car, which was also in the driveway). (Def. Resp. Ex. B, Lopez Aff. ¶¶

3-5.)  No where does Defendant Sanabria or Ms. Lopez claim that the truck was locked in a

garage, or enclosed by a locked fence, or otherwise isolated from the public street.  Nowhere

does Defendant Sanabria claim that anyone else was supervising the truck in his stead.

Defendant J&B Trucking Services has not adduced any other evidence that could show such

facts, and, in light of Mr. Sanabria's affidavit and the photographs of his driveway (Ex. 1), there

is no way Defendant J&B Trucking could plausibly do so.  Indeed, the driveway in question is a

shallow driveway that gives out directly onto Queens Chapel Road, and is visible and

immediately accessible to any member of the public who might walk by on the sidewalk that

runs in front of the house and across the driveway.  (Ex. 1 at 2, 3.)  Defendant Sanabria's house

is not isolated: it is surrounded by other houses in a suburban neighborhood, and Queen's Chapel

Road is a four-lane thoroughfare.  (Ex. 1 at 2, 3.)

      Assuming the facts alleged by the Defendants regarding where the truck was parked at

the time it was stolen, this case falls squarely within the holding of *Schaff v. R. W. Claxton, Inc.*

As in *Schaff*, the truck in this instant case was left unattended, with the keys in it, in a private

parking space (a driveway) immediately adjacent to a public road, and accessible to the public.

*Compare Schaff*, 79 U.S. App. D.C. at 207, 144 F.2d at 532, *with* Def.'s Resp. 20; Def.'s Resp.

Exs. A & B; Pls.' Opp. to Def.'s Cross-Mot. for Summ. J. Ex. 1 (attached photos).  Nothing the

affiants assert contradicts the Plaintiffs' photographic evidence showing that Defendant

Sanabria's driveway is open to "immediate public contact and visibility," *Elliott*, 245 A.2d at

635, without any fence, wall, or other barrier.[5]  Even assuming all of the facts the Defendant

---

[5] The Defendant argues that the damage to Ms. Lopez's car demonstrates that the "truck was made less
accessible to the public" (Def.'s Resp. 21), yet the fact that the thief was able to drive off so quickly,
*despite the presence of Ms. Lopez's vehicle*, only serves to demonstrate how accessible the truck was to
the public, and how accessible Queens Chapel Road was to the truck, once the thief was in control of it.
It should be noted that neither affiant claimed that Ms. Lopez's car was *blocking in* the truck.  The photos
in Exhibit A show a shallow driveway in which vehicles are parked side by side, not one behind the other.

alleges, he has failed to show any of the factors for which the *Howard* court held no liability as a matter of law, i.e., he has failed to show that the truck in question was stored in a garage or any other secure enclosure protecting it from general public access, or that it was guarded or supervised in any way while Defendant Sanabria left it unattended. *See Howard*, 82 U.S. App. D.C. at 151, 161 F.2d at 655. As in *Schaff* then, the Plaintiffs' claim of negligence will lie, even "though the unlocked [truck] was left in a private parking place," because the vehicle was nevertheless "open to the public, in close proximity to the street."[6] *Boland*, 95 U.S. App. D.C. at 343, 222 F.2d at 33 (*citing Schaff*, 79 U.S. App. D.C. at 208, 144 F.2d at 533).

As explained above, the most that the Defendant can plausibly claim, based on the truck being parked in Defendant Sanabria's driveway, is no negligence *per se*. Negligence would still be a question for the jury (if there were still any genuine dispute as to negligence). *See Schaff*, 79 U.S. App. D.C. at 208, 144 F.2d at 533. Yet, unlike in *Schaff*, there is no need for a jury to decide whether the Defendants in this instant case were negligent or not, because Defendant J&B Trucking Services has already conceded that Defendant Sanabria's actions constituted negligence: "Assuming, *arguendo*, that the facts as alleged by the Plaintiffs are true, Mr. Sanabria was negligent in leaving the subject box truck unattended, with the keys in the ignition and the engine running." (Def.'s Resp. 17.) There is no need to assume any of these facts, *arguendo*, however. The Defendant has already conceded that, "[a]t the time preceding the theft, Mr. Sanabria had left the keys to the subject truck in the ignition." (Def.'s Resp. 7, ¶ 4.) The

---

[6] The Defendant fails to meet even the standard in *Elliott*, for there the court held that, for no liability to apply, the vehicle had to be not only "on private property," but also "away from immediate public contact and visibility." *Elliott*, 245 A.2d at 635. In order for *Elliott*'s holding to be consistent, not only with itself, but also with the precedents in *Ross*, *Schaff*, and *Howard*, the *Elliott* court's use of the term "private" property must be construed narrowly to mean "secluded from the public," not just privately *owned*. Thus construed, the Defendant fails to meet even the standard of its own cited authority. (Def.'s Resp. 20.)

Plaintiffs have adduced unchallenged facts showing that Mr. Sanabria then left the truck unattended, with the engine running. (Pls.' Mot. for Summ. J. Ex. I (*United States v. Cifuentes*, CR-F155-06, D.C. Super. Ct., Prelim. Hr'g Tr. 5:1-5, Feb. 2, 2006 (Testimony of Detective Elgin Wheeler)).) The Defendant has conceded further that Mr. Cifuentes-Lopez then stole the truck. (Def.'s Resp. 7, ¶ 5-6.) There is therefore no dispute as to the facts constituting negligence. Since the Plaintiffs' claim of negligence will lie either way, whether the truck was parked in Defendant Sanabria's driveway or in public space is immaterial. The Defendant's argument about the private nature of the driveway is nothing but one more in a series of legal red herrings with which it has sought to mislead the Court. Since the Defendant has failed to adduce any material facts to genuinely dispute the Plaintiffs' claim of liability, summary judgment for the Defendant must be denied.[7]

> **D.     The Defendant's Cross-Motion for Summary Judgment based on Maryland law should be denied because, under the District's choice-of-law jurisprudence, Maryland law does not apply.**

Finally, the Defendant's cross-motion for summary judgment based on the law of the Maryland should also be denied. The Defendant argues that under Maryland law the Plaintiffs would have no cause of action. (Def.'s Resp. at 14 (*citing Liberto v. Holfeldt*, 211 Md. 62, 66 (1959).) The Defendant's argument, however, rests on its mistaken belief that Maryland law applies to this instant case under the District's choice-of-law jurisprudence.

> **1.     The Defendant, again, relies on a misrepresentation of District law.**

In order to assert that Maryland law applies in this case, the Defendant resorts to a flat misrepresentation of the District's choice-of-law jurisprudence. The Defendant asserts that "the courts within the District of Columbia have been consistent in holding that it is *the location of*

---

[7] Indeed, summary judgment is warranted *for the Plaintiffs* on this issue, as they argue in their Reply to the Defendant's Response to the Plaintiffs' Motion for Summary Judgment.

*the negligence* or statutory violation giving rise to liability which is *the* determinative factor in determining which jurisdiction's substantive law applies, *regardless of where the injury occurs*." (Def.'s Resp. 10 (emphasis added).)  To the contrary, in the event of a true conflict of law, the District of Columbia applies a governmental interest test to determine which jurisdiction's law applies, and in that test, the location of the negligent conduct is but one of four factors considered, among which is also the location of the injury.  *See Drs. Groover, Christie & Merritt, P.C. v. Burke*, 917 A.2d 1110, 1117 (D.C. 2007) (*citing District of Columbia v. Coleman*, 667 A.2d 811, 816 (D.C.1995) (holding that the court considers (a) where the injury occurred; (b) where the alleged negligence occurred; (c) residence of the parties; and (d) where the relationship among the parties is centered)).  Moreover, the Defendant's thesis flatly contradicts *Kaiser-Georgetown Community Health Plan, Inc. v. Stutsman*, 491 A.2d 502, 510-11 (D.C. 1985), in which the D.C. Court of Appeals held that District law applied even though *all* of the negligence occurred in Virginia.  *See also Biscoe v. Arlington County*, 238 U.S. App. D.C. 206, 214, 738 F.2d 1352, 1360 (D.C. Cir. 1984) (applying District choice of law in a diversity case, and holding that District law applied even though negligence occurred in Virginia).

The Defendant's assertion that location of injury is irrelevant also contradicts the holding that the District's "compensatory policy has the greatest relevance to cases when the mishap occurs in the District and when District residents are plaintiffs."  *Gaither v. Myers*, 131 U.S. App. D.C. 216, 223, 404 F.2d 216, 223 (1968).  None of the authorities cited by the Defendant holds that "the location of the negligence . . . is the determinative factor" (Resp. 10); all apply the four-factor governmental interest analysis.  *See, e.g., Zhou v. Jennifer Mall Restaurant*, 534 A.2d 1268, 1270 (D.C. 1987) [8]; *District of Columbia v. Coleman*, 667 A.2d 811, 816 (D.C. 1995).  The

---

[8] The Defendant misconstrues *Zhou* as holding that liability under District law will lie *only* for a statutory violation that occurs in the District.  The actual holding, in context, states no such restriction.  *Zhou*

Defendant's disregard for contrary precedent and its misrepresentation of the case law speaks for itself.

2.    **Because Maryland's rule of *lex loci delicti* bars application of its law under the facts of this case, no true conflict of law arises.**

Finally, despite this being the second time the Defendant has presented this argument, nowhere does it address the fact that under Maryland's *lex loci delicti*, this instant case does not present any true conflict of law, because Maryland does not apply its tort law to cases where injury occurs in another jurisdiction.  *See Laboratory Corp. of America v. Hood*, 395 Md. 608, 615, 911 A.2d 841, 845 (2006) (holding that the law of the jurisdiction where the injury occurred is the law to be applied); *see also White v. King*, 223 A.2d 763, 765 (Md. 1966) (holding that Michigan law applied to auto collision that occurred in Michigan, even though all parties were from Maryland, and the negligence began in Maryland).  In other words, even in a Maryland court, District law would apply.  A true conflict of law arises only "when both states have an interest in applying their own laws to the underlying facts . . . ."  *Stutsman*, 491 A.2d at 509. Since Maryland has no interest in applying its law to the underlying facts of this instant case, there is no true conflict, and therefore no need to proceed to a governmental interests analysis to resolve any such conflict.  Since the compensatory policy of the District "would be advanced by application of its law, and that of . . . [Maryland] would not be advanced by application of its law, a false conflict appears and the law of the interested state [i.e., the District] prevails." *Biscoe*, 238 U.S. App. D.C. at 214, 738 F.2d at 1360.

---

merely held that *if* a defendant violates a District statute while in the District, but thereby causes harm in another jurisdiction, District law may still apply. *See Zhou*, 534 A.2d at 1271.

 3.     **Even under a governmental interests analysis, the District would have the prevailing interest in this case.**

Even under a governmental interests analysis, however, the District has the superior interest in this case, because the Plaintiffs live in the District, they were injured in the District, Plaintiff Keith Bailey was treated for his injuries in the District, the negligence occurred in the District metropolitan area, and arose in the course of business that the Defendants directed, at least in part, at the District. The Plaintiffs incorporate by reference their argument on this point contained in their Opposition to the Defendant's separate Motion for application of Maryland law. For these reasons, and all the reasons contained in that Opposition, Maryland law does not apply to this case, and therefore the Defendant's cross-motion for summary judgment based on the substantive law of Maryland should be denied.

## III.     Conclusion

The Defendant's Motion for Summary Judgment should be denied because it is legally immaterial whether the truck was parked in Defendant Sanabria's driveway or in a publicly-owned area nearby: the Plaintiffs' claim of negligence will lie either way. Moreover, even if this were a material issue, the Plaintiffs have adduced evidence showing a genuine dispute as to whether the truck was indeed parked in the driveway at the time of the theft. Finally, the Defendant's argument for summary judgment based on Maryland law is without merit, because District law applies to this case, for all of the reasons stated in the Plaintiffs' prior opposition to the application of Maryland law. For these reasons, the Court should enter an order denying the Defendant's Cross-Motion for Summary Judgment.

Respectfully submitted,


**KARP, FROSH, LAPIDUS, WIGODSKY
  &  NORWIND, P.A.**


/s/Edward L. Norwind
Steven VanGrack, Esq., D.C. Bar No. 223-339
Edward L. Norwind, Esq., D.C. Bar No. 936-393
Murray D. Scheel, Esq. D.C. Bar No. 490-012
2273 Research Boulevard, Suite 200
Rockville, Maryland 20850
Telephone: (301) 948-3800
Facsimile: (301) 948-5449

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KEITH BAILEY *et ux.*                          :
                                               :
                    Plaintiffs,                :
                                               :
            v.                                 :       Case No.: 1:08-cv-00644-RMC
                                               :       Judge Rosemary M. Collyer
J & B TRUCKING SERVICES, INC., *et al.* :
                                               :
                                               :
                    Defendants.                :

**ORDER DENYING DEFENDANT J&B TRUCKING SERVICES INC.'S
CROSS-MOTION FOR SUMMARY JUDGMENT**

        This matter is before the Court on Defendant J&B Trucking Services Inc.'s Cross-Motion

for Summary Judgment, which was presented for the first time in its opposition to the Plaintiffs'

Motion for Summary Judgment.  Having considered Defendant J&B Trucking Services Inc.'s

Cross-Motion for Summary Judgment, the reasons therefor, and the Plaintiffs' Opposition

thereto, it is this _____ day of _____, 2008, hereby

        **ORDERED,** that Defendant J&B Trucking Services Inc.'s Cross-Motion for Summary

Judgment is **DENIED**.


                                        _____
                                        Rosemary M. Collyer, Judge



(1)



