# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KEITH BAILEY,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 08-644 (RMC)** |
| | ) | |
| **J&B TRUCKING SERVICES, INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant Sergio Rolando Sanabria's Motion to Dismiss. *See* Dkt. # 2. For the reasons that follow, the Motion will be granted.

## I. BACKGROUND

Plaintiffs Keith Bailey and Jacqueline Bailey, husband and wife, allege in this personal injury action that Sergio Rolando Sanabria, a commercial truck driver employed by J&B Trucking Services, Inc. ("J&B Trucking"), left his work truck unattended and running outside his home in Hyattsville, Maryland on January 7, 2006. During that time, Onorio T. Cifuentes stole the truck, drove it into the District of Columbia, and crashed it into Plaintiff Keith Bailey's vehicle, causing him serious injuries.[1] Mr. Bailey's injuries included skull and face fractures, lacerations to the face and eyes, bleeding in his ear canal, brain contusions, and hemorrhages. *See* Compl. ¶ 21. Mr. Bailey experiences difficulty with long and short-term memory, problem solving, and basic motor skills, and suffers from weakness in verbal memory and conceptual fluency, headaches,

---

[1] Mr. Cifuentes was criminally charged in *United States v. Onorio T. Cifuentes*, No. F-155-06 (D.C. Super. Ct.), and that action "has been finally adjudicated." *See* Compl. ¶ 9.

dizziness, and disorientation. *Id*. ¶ 22.

Plaintiffs sue Mr. Sanabria and J&B Trucking for motor vehicle negligence, *id*. ¶¶ 23-26, and loss of consortium, *id*. ¶¶ 27-29. Plaintiffs contend that Defendants "owed a continuing duty to other motorists, and to Plaintiff Keith Bailey specifically, to exercise ordinary care in maintaining and operating the vehicle in their custody and control in a lawful and responsible manner such that it did not present an unreasonable risk to other vehicles and drivers on the road." *Id*. ¶ 24. Defendants allegedly breached this duty by, *inter alia*, "failing to foresee that the truck could be stolen under the circumstances." *Id*. ¶ 25. Plaintiffs seek a total of $4,000,000 in damages from Defendants, jointly and severally. *Id*. ¶¶ 26, 29. The case was removed to this Court on April 14, 2008.

Mr. Sanabria moves to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). On May 6, 2008, the Court granted Plaintiffs' request for a limited deposition of Mr. Sanabria on jurisdictional issues.

## II.  LEGAL STANDARDS

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). The plaintiff must allege specific acts connecting the defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Bare allegations and conclusory statements are insufficient. *Id*. "[I]n situations where the parties are permitted to conduct discovery on the jurisdictional issue a plaintiff must prove personal jurisdiction by a preponderance of the evidence." *See Shapiro, Lifschitz & Schram, P.C. v. Hazard*, 24 F. Supp. 2d 66, 69 (D.D.C.

1998) (citations omitted).

The Court may assert personal jurisdiction over a defendant if the plaintiff demonstrates that (1) the District of Columbia's long-arm statute authorizes service of process on the defendant; and (2) such a provision is consistent with the constitutional principles of due process. *See Am. Directory Serv. Agency v. Beam*, 131 F.R.D. 635, 640 (D.D.C. 1990) (citations omitted). Plaintiffs here assert that the applicable long-arm statute is D.C. Code § 13-423(a)(4), which provides that a court

> may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . .

D.C. Code § 13-423(a)(4) (2001).

The exercise of personal jurisdiction is proper if the defendant's contacts with the forum are "of a sufficient quantity and quality that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Beam*, 131 F.R.D. at 640 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "This 'minimum contacts' test cannot be applied mechanically, however. Rather, it will vary with the quality and nature of the defendant's activities." *Beam*, 131 F.R.D. at 640 (citing *Kulko v. Superior Court*, 436 U.S. 84, 92 (1978)). A defendant's connection with the forum state must be "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Jurisdiction is only proper when the defendant purposefully directs his activities at residents of the forum. *Id.*

## III.  DISCUSSION

In order to establish personal jurisdiction under D.C. Code § 13-423(a)(4), after jurisdictional discovery is completed, Plaintiffs "must demonstrate by a preponderance of the evidence that (1) plaintiffs suffered a tortious injury in the District of Columbia; (2) the injury was caused by a defendant's act or omission outside the District; and (3) the defendant had one of the three enumerated contacts with the District of Columbia." *See Jung v. Ass'n of Am. Med. Coll.*, 300 F. Supp. 2d 119, 135 (D.D.C. 2004) (citations omitted).  On the third prong, which is the focus of the briefing, Plaintiffs must demonstrate facts showing that Mr. Sanabria (1) regularly does business, or solicits business, in the District; (2) engages in any other persistent course of conduct in the District; or (3) derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia.  D.C. Code § 13-423(a)(4).  These "plus factors" need not relate to the act that caused the injury.  "[A]ll that is required is 'some other reasonable connection between the defendant and the forum.'" *Blumenthal v. Drudge*, 992 F. Supp. 44, 53-54 (D.D.C. 1998) (citation omitted).

Plaintiffs contend that Mr. Sanabria's contacts with the District, as discerned through his deposition, are sufficiently regular and substantial under any of the three "plus factors" to warrant personal jurisdiction.  Specifically, Mr. Sanabria "regularly does business in the District," through his positions with various employers, *see* Pls.' Opp'n to Def.'s Mot. to Dismiss [Dkt. # 13] at 10, "he has been engaging in this persistent course of conduct for years," *id*. at 11, and he has "purposefully availed himself of the District's market for home appliance delivery to make his living," *id*.  Despite these contacts, Mr. Sanabria does not enter the District of Columbia unless it is necessary within the scope of his employment.  *See* Def.'s Reply in Supp. of Mot. to Dismiss

("Def.'s Reply") [Dkt. # 14] at 2.

In the District of Columbia, "[i]t is true that a court does not have jurisdiction over individual officers and employees of a corporation just because the court has jurisdiction over the corporation." *Wiggins v. Equifax, Inc.*, 853 F. Supp. 500, 503 (D.D.C. 1994) (citing *Quinto v. Legal Times*, 506 F. Supp. 554, 558 (D.D.C. 1981)). "Personal jurisdiction over the employees or officers of a corporation in their *individual capacities* must be based on their *personal contacts* with the forum and not their acts and contacts carried out solely in a corporate capacity." *Wiggins*, 853 F. Supp. at 503 (emphasis added). Accordingly, "the corporation ordinarily insulates the individual employee from the court's personal jurisdiction." *Id*.

A recent case in this jurisdiction, *Richards v. Duke University*, 480 F. Supp. 2d 222 (D.D.C. 2007), illustrates this principle, also known as the "fiduciary shield doctrine." The plaintiff in *Richards* sought declaratory and injunctive relief stemming from an alleged conspiracy among the defendants to violate her rights. *See* 480 F. Supp. 2d at 228. Among the defendants were William and Melinda Gates and another officer of Microsoft Corporation (collectively, the "Microsoft Defendants"). In resolving the Microsoft Defendants' motion to dismiss for lack of personal jurisdiction, the court found:

> This court also cannot properly assert personal jurisdiction over the individual Microsoft Defendants . . . in their personal or official capacities in this case. [The Microsoft Defendants] cannot be sued in this court in their personal capacities because they do not have sufficient minimum contacts in their personal capacity, outside of their work for Microsoft Corporation, to establish jurisdiction. They are all domiciled in the State of Washington and have only made trips to the District of Columbia in their official capacities representing Microsoft Corporation or the Bill & Melinda Gates Foundation. . . . [The Microsoft Defendants] cannot be sued in this Court based on their activities within the scope of their employment . . . because it is

> well-settled law that a court does not have jurisdiction over individual officers and employees of a corporation solely because the court has jurisdiction over the corporation.  Since [The Microsoft Defendants] do not have sufficient personal contacts with the forum as stated above, but only official contacts within their capacity with the Microsoft Corporation or the Bill & Melinda Gates Foundation, this court cannot properly assert jurisdiction over them in this case.

*Id*. at 230-31 (internal citations omitted).[2]  Like the Microsoft Defendants, Mr. Sanabria's contacts with the District are limited to those necessary for his employment.[3]  *See* Def.'s Reply at 2 (citing Sanabria Dep. 12:15-21, 24:13-15).

"Application of the 'fiduciary shield doctrine' is not mandatory; because it is an equitable doctrine, it must be applied with a sound exercise of discretion."  *Ryan*, 553 N.E. 2d at 1240 (citations omitted).  However, traditional notions of fair play and substantial justice counsel against exercising jurisdiction under the particular circumstances here.  "In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation," *Fasolyak v. Cradle Soc'y Inc.*, No. 06-1126, 2007 U.S. Dist. LEXIS 52041, at *17 (D.D.C. July 9, 2007) (citing *Keetong v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)), "and considers whether the defendant purposely availed [himself] of the privilege of conducting activities in the forum such that it could anticipate being haled into court there," *Fasolyak*, 2007 U.S. Dist. LEXIS 52041, at *17 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)).  "This

---

[2] *See also Richards v. Duke Univ.*, No. 07-5119, 2007 U.S. App. LEXIS 30275, at *2 (D.C. Cir. Aug. 27, 2007) (affirming district court's holding that it lacked personal jurisdiction over the Microsoft Defendants).

[3] *See also Ryan v. Chayes Va., Inc.*, 553 N.E. 2d 1237, 1240 (Ind. Ct. App. 1990) ("This rule, sometimes referred to as the 'fiduciary shield doctrine,' provides that while a nonresident's conduct might subject him to personal liability, that same conduct does not necessarily permit the exercise of personal jurisdiction over him.") (citations omitted).

purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp.*, 471 U.S. at 475 (internal quotations and citations omitted).

Mr. Sanabria drives a truck to and from Maryland and the District of Columbia to deliver furniture. He does not provide any financing for his employers, did not form any of the corporate entities, does not make any business decisions, and does not own any part of the companies. *Cf. Chase v. Pan-Pac. Broad., Inc.*, 617 F. Supp. 1414 (D.D.C. 1985). In *Chase*, a case relied upon by Plaintiffs, the non-resident defendant initiated a business relationship with a D.C. lawyer and directed the lawyer's work in the District in order to complete an application to the Federal Communications Commission ("FCC"). *Id.* at 1422. Through these actions, the defendant "directed his activities" at residents of the District such that he could reasonably anticipate being haled into court there. *Id.*

> [The defendant] initiated the business relationship with . . . a Washington lawyer, expressed his desire to secure . . . an attorney, and agreed to [the lawyer's] fee arrangements. And [the defendant] presumably directed [the lawyer's] work in the District since [the defendant] undertook all the business decisions in pursuing the application [before the FCC].

*Id.* (citations omitted). An individual transacting business through the company he owns within the District of Columbia, such as the defendant in *Chase*, cannot hide behind that entity's corporate shield to escape personal jurisdiction. Unlike the defendant in *Chase*, Mr. Sanabria did not purposely avail himself of the laws of the forum state. Plaintiffs have failed to establish by a preponderance of the evidence that Mr. Sanabria is subject to personal jurisdiction by this Court.

**IV.  CONCLUSION**

For the foregoing reasons, Mr. Sanabria's Motion to Dismiss [Dkt. # 2] will be granted.  Mr. Sanabria will be dismissed as a Defendant in this action.  A memorializing order accompanies this Memorandum Opinion.


Date: September 10, 2008                                    /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge