UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH BAILEY, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 08-644 (RMC) |
| J&B TRUCKING SERVICES, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

This tort case is before the Court on cross motions for summary judgment. Central to resolution of these motions is whether the applicable tort law is District of Columbia law or Maryland law. If Maryland tort law applies, then J&B Trucking Services, Inc. ("J&B Trucking") cannot be held liable as a matter of law. If District of Columbia tort law applies, then J&B Trucking can be held liable, but only if (i) its employee was negligent, (ii) that negligence was the proximate cause of Plaintiffs' injuries, and (iii) the employee was acting within the scope of his employment when he committed the negligent act. Under the District of Columbia's choice-of-law principles, which all parties agree apply here, the Court finds that District of Columbia law governs negligence and proximate cause and Maryland law governs scope of employment. Because there are genuine issues of material fact as to whether J&B Trucking's employee was negligent, whether his alleged negligence was the proximate cause of Plaintiffs' injuries, and whether he was acting within the scope of his employment when he committed the allegedly negligent act, no party is entitled to judgment as a matter of law. Accordingly, the Court will deny both motions for summary judgment.

## I. FACTS

The facts of this case read like a law school exam question. Plaintiffs Keith Bailey and Jacqueline Bailey, husband and wife, allege in this personal injury action that Sergio Rolando Sanabria, a commercial truck driver employed by J&B Trucking, left his work truck unattended and running outside his home in Hyattsville, Maryland on the morning of January 7, 2006 while it warmed. During that time, Onorio T. Cifuentes stole the truck, drove it less than two miles and into the District of Columbia, and crashed it into Plaintiff Keith Bailey's vehicle, causing him serious injuries.[1] Mr. Bailey's injuries included skull and face fractures, lacerations to the face and eyes, bleeding in his ear canal, brain contusions, and hemorrhages. Compl. ¶ 21. Mr. Bailey experiences difficulty with long and short-term memory, problem solving, and basic motor skills, and suffers from weakness in verbal memory and conceptual fluency, headaches, dizziness, and disorientation. *Id*. ¶ 22.

Plaintiffs seek to hold J&B Trucking vicariously liable for motor vehicle negligence, *id*. ¶¶ 23-26, and loss of consortium, *id*. ¶¶ 27-29.[2] Plaintiffs contend that Defendants "owed a continuing duty to other motorists, and to Plaintiff Keith Bailey specifically, to exercise ordinary care in maintaining and operating the vehicle in their custody and control in a lawful and responsible manner such that it did not present an unreasonable risk to other vehicles and drivers on the road." *Id*. ¶ 24. Defendants allegedly breached this duty by, *inter alia*, "failing to foresee that the truck

---

[1] Mr. Cifuentes was criminally charged and that action "has been finally adjudicated." Compl. ¶ 9.

[2] On September 10, 2008, the Court dismissed Mr. Sanabria as a defendant in this case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *See Bailey v. J&B Trucking Servs., Inc.*, 2008 WL 4150175 (D.D.C. Sept. 10, 2008).

could be stolen under the circumstances." *Id*. ¶ 25. Plaintiffs seek a total of $4,000,000 in damages. *Id*. ¶¶ 26, 29.

The case was removed to this Court on April 14, 2008 on the basis of diversity jurisdiction.[3] *See* Notice of Removal [Dkt. # 1]. On July 18, 2008, Plaintiffs moved for interlocutory summary judgment on liability alone pursuant to Federal Rule of Civil Procedure 56(d)(2). *See* Pls.' Mot. for Summ. J. [Dkt. # 15]. J&B Trucking cross moved for summary judgment on August 8, 2008.[4] *See* Def.'s Resp. to Pls.' Mot. for Summ. J. & Cross Mot. for Summ. J. [Dkt. # 19]. A hearing on these motions was held on November 24, 2008.

## II.  LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). Moreover, summary judgment is properly granted against a party that "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. To

---

[3] Plaintiffs are residents of the District of Columbia. Compl. ¶ 7. J&B Trucking is a Maryland corporation. *Id*. ¶ 2. The amount in controversy exceeds $75,000. *Id*. ¶¶ 26, 29. Thus, the Court has original jurisdiction of this civil action. 28 U.S.C. § 1332(a)(1).

[4] On July 18, 2008, J&B Trucking filed a separate "Motion for the Application of Maryland Substantive Law." *See* Dkt. # 16. Plaintiffs oppose that motion.

determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson*, 477 U.S. at 248. A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.* In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III.  ANALYSIS

Under District of Columbia tort law, one who leaves the keys in an unattended and unlocked vehicle parked in a publicly accessible place may be held liable to a third party for injuries caused by a thief who steals the vehicle.  *See Ross v. Hartman*, 139 F.2d 14, 15-16 (D.C. Cir. 1943).[5]  Under Maryland tort law, no liability can lie because the theft constitutes an intervening and superseding act that breaks the chain of causation.  *See Liberto v. Holfeldt*, 155 A.2d 698, 701 (Md. 1959).  Thus, a threshold issue is which jurisdiction's substantive law applies.

**A.     Choice-of-Law**

1.     *Negligence and Proximate Cause*

Federal courts sitting in diversity must apply the choice-of-law principles of the state in which they sit.  *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *YWCA v. Allstate Ins. Co.*, 275 F.3d 1145, 1150 (D.C. Cir. 2002).  All parties agree that this Court must apply the District of Columbia's choice-of-law principles to determine which jurisdiction's substantive law applies.  Under those principles, "the court must first determine if there is a conflict between the laws of the relevant jurisdictions."  *YWCA*, 275 F.3d at 1150.  "Only if such a conflict exists must the court then determine, pursuant to District of Columbia choice of law rules, which jurisdiction has the 'more substantial interest' in the resolution of the issues."  *Id.*

"The fact that two states have different rules where all the factors are oriented to one state does not necessarily mean that there is a 'conflict' in which one state demands and the other rejects the application of its rule to a situation where the pertinent factors arise in two or more

---

[5] Decisions of the United States Court of Appeals for the District of Columbia rendered prior to February 1, 1971 constitute the case law of the District of Columbia.  *See M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971).

states." *Gaither v. Myers*, 404 F.2d 216, 224 (D.C. Cir. 1968). For choice-of-law purposes, a "conflict" exists where "each state would have an interest in application of its own law to the facts" of the case. *Biscoe v. Arlington County*, 738 F.2d 1352, 1360 (D.C. Cir. 1984). "Where there is no such conflict of interest in a multi-state situation, . . . there is a 'false conflicts' situation . . . [and] application of the appropriate rule is simplified." *Gaither*, 404 F.2d at 224. In such a case, "the law of the interested state prevails." *Biscoe*, 738 F.2d at 1360.

Plaintiffs argue that there is no conflict between District of Columbia and Maryland law here because Maryland, pursuant to its own choice-of-law rules, would apply District of Columbia tort law to this dispute. While J&B Trucking argues that Maryland's choice-of-law rules are irrelevant, the D.C. Circuit has expressly agreed that "such an inquiry has a place in the governmental interest analysis" employed by the District of Columbia. *See Bledsoe v. Crowley*, 849 F.2d 639, 642 (D.C. Cir. 1988). The Circuit agreed that "if a Maryland court, applying that state's choice of law principles, would apply District of Columbia law in this case, then Maryland's interest to be weighed against the District's would be *much* diminished." *Id.* (emphasis added).

According to Maryland's choice-of-law rules, "where the events giving rise to a tort action occur in more than one State, we apply the law of the State where the injury — the last event required to constitute the tort — occurred." *Lab. Corp. v. Hood*, 911 A.2d 841, 845 (Md. 2006). Under Maryland law, "[t]he place of injury is the place where the injury was suffered, not where the wrongful act took place." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 511 (4th Cir. 1986) (explaining Maryland law). Plaintiffs suffered their injuries in the District of Columbia, the jurisdiction where the last event required to constitute the tort occurred. Thus, a Maryland court applying Maryland's choice-of-law rules would apply District of Columbia tort law in this case.

Because Maryland has effectively disclaimed an interest in applying its own tort law to this dispute, there is not "any real 'conflict' between the interests of Maryland and the District in this case." *Gaither*, 404 F.2d at 224. The District of Columbia is the only jurisdiction with an interest in having its tort law applied to these facts. *See id.* at 223 (the District's "compensatory policy has the *greatest* relevance to cases when the mishap occurs in the District and when District residents are plaintiffs") (emphasis added). There being no genuine conflict between the interests of Maryland and the District of Columbia here, the District's tort law applies to this dispute. *See Biscoe*, 738 F.2d at 1360 ("the law of the interested state prevails" in "false conflict" situations).

2.  *Respondeat Superior*

That District of Columbia tort law governs the negligence and proximate cause aspects of this case does not necessarily mean that it also governs the respondeat superior aspect of this case. Under District of Columbia choice-of-law principles, District of Columbia courts "are not bound to decide all issues under the law of a single jurisdiction; choice of law involves examination of the various jurisdictional interests as applied to the various distinct issues to be adjudicated." *Dist. of Columbia v. Coleman*, 667 A.2D 811, 816 (D.C. 1995) (citing *Hercules & Co., Ltd. v. Shama Rest. Corp.*, 566 A.2d 31, 40 (D.C. 1989)). *See also Estrada v. Potomac Elec. Power Co.*, 488 A.2d 1359, 1361 (D.C. 1985) (same).

District of Columbia courts turn to Section 145 of the Restatement (Second) of Conflict of Laws in determining which jurisdiction's law to apply in a tort case. *See, e.g., Coleman*, 667 A.2d at 816.[6] The four factors enumerated in Section 145 are:

---

[6] Section 174 of the Restatement (Second) of Conflict of Laws — entitled "Vicarious Liability" — provides that "[t]he law selected by application of § 145 determines whether one person is liable for the tort of another person."

-7-

a) the place where the injury occurred;

b) the place where the conduct causing the injury occurred;

c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

d) the place where the relationship is centered.

Applying these factors to this case, the Court concludes that Maryland has the most significant relationship with the persons and events relevant to the issue of respondeat superior liability. Both Mr. Sanabria and J&B Trucking are domiciled in Maryland and the employment relationship between them is centered exclusively in that jurisdiction. Thus, while the District of Columbia has a significant interest in having its tort law apply to determine negligence and proximate cause, Maryland has a more significant interest in having its law govern respondeat superior liability. Accordingly, Maryland law applies to the respondeat superior aspect of this case.

**B.   Negligence and Proximate Cause**

Under District of Columbia law, the elements of negligence are "(1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty by the defendant, and (3) damage to the plaintiff, proximately caused by the breach of duty." *Powell v. Dist. of Columbia*, 634 A.2d 403, 406 (D.C. 1993).

Plaintiffs contend that they are entitled to judgment as a matter of law because, under District of Columbia tort law, Mr. Sanabria's act of leaving the keys in an unlocked and unattended vehicle constituted negligence *per se*. Plaintiffs further contend that this negligence *per se* was, as a matter of law, the proximate cause of their injuries because the theft occurred within ten to fifteen minutes of when Mr. Sanabria left the vehicle unattended and the collision happened within minutes,

if not seconds, after the theft.

The Court disagrees. Mr. Sanabria's act cannot be negligence *per se* under District of Columbia law unless the truck was left unattended on public property. *See Elliott v. Capitol Cadillac-Oldsmobile Co.*, 245 A.2d 634, 635 (D.C. 1968). That fact is in dispute because there is evidence in the record that the truck was on private property when it was stolen. *See* Def.'s Resp. to Pls.' Mot. for Summ. J., Ex. A. (Aff. of Sergio Rolando Sanabria) ¶¶ 5-6 (vehicle was parked in a driveway on private property at time of theft); *id.*, Ex. B (Aff. of Rosa H. Lopez) ¶¶ 3-4 (same). That there is no genuine issue as to whether Mr. Sanabria left the keys in the ignition with the engine running prior to the theft does not conclusively establish negligence under District of Columbia law; it is simply relevant evidence of negligence. *See Schaff v. R.W. Claxton, Inc.*, 144 F.2d 532, 533 (D.C. Cir. 1944). Furthermore, the Court is not persuaded that Mr. Sanabria's act was, as a matter of law, the proximate cause of Plaintiffs' injuries. *See Dist. of Columbia v. Freeman*, 477 A.2d 713, 716 (D.C. 1984) ("Normally, the existence of proximate cause is a question of fact for the jury."). Accordingly, the Court will deny Plaintiffs' motion for interlocutory summary judgment on liability alone.

J&B Trucking argues that, as a matter of law, Mr. Sanabria was not negligent because the truck was stolen from private property. However, as discussed above, that the truck was on private property means only that Mr. Sanabria was not negligent *per se* under District of Columbia law; it does not mean that no reasonable jury could find that Mr. Sanabria was negligent under the circumstances. *See Schaff*, 144 F.2d at 533. This is not a case where the truck was left in a private parking garage. *Cf. Howard v. Swagart*, 161 F.2d 651, 655 (D.C. Cir. 1947) ("we hold that, in this jurisdiction, leaving a car unlocked in a private parking-lot garage does not constitute negligence").

The record reflects that the truck was parked on a private driveway immediately adjacent to a public street. *See* Pls.' Opp'n to Def.'s Cross Mot. for Summ. J., Ex. 1 (Photos of driveway). Accordingly, whether Mr. Sanabria was negligent is a question of fact for the jury. *See Schaff*, 144 F.2d at 533.

### C. Respondeat Superior

"Litigants may invoke the doctrine of respondeat superior as a means of holding an employer, corporate or otherwise, vicariously liable for the tortious conduct of an employee, where it has been shown that the employee was acting within the scope of the employment relationship at that time." *S. Mgmt. Corp. v. Taha*, 836 A.2d 627, 638 (Md. 2003). "For an employee's tortious acts to be considered within the scope of employment, the acts must have been in furtherance of the employer's business and authorized by the employer." *Id.* "Whether an individual is an employee and whether that individual's conduct falls within the scope of employment is normally a question for the jury." *Id.* at 639 n.6.

J&B Trucking argues that Mr. Sanabria's act of warming the truck on the morning of January 7, 2006 was for Mr. Sanabria's personal benefit and therefore it cannot be held vicariously liable as a matter of law. However, J&B Trucking merely speculates that Mr. Sanabria warmed the truck for his personal benefit; it cites to no evidence in the record where Mr. Sanabria testified that he warmed the truck for his personal benefit. A reasonable juror could find that part of Mr. Sanabria's reason for warming the truck was to get to work on time, which would benefit J&B Trucking. *See Sawyer v. Humphries*, 587 A.2d 467, 471 (Md. 1991) (conduct may be within the scope of employment if it was "actuated at least in part to serve the master") (citation omitted). Accordingly, J&B Trucking's motion for summary judgment will be denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Plaintiffs' Motion for Summary Judgment as to Defendants' Liability [Dkt. # 15], deny J&B Trucking's Motion for Application of Maryland Substantive Law [Dkt. # 16], and deny J&B Trucking's Cross Motion for Summary Judgment [Dkt. # 19].  A memorializing Order accompanies this Memorandum Opinion.


DATE: December 2, 2008                                    /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge